UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DOUGLAS LEESE,

    Plaintiff,

v.                                    CASE NO: 97-1910

LADY GRANCHESTER, JAMES SUENSON-TAYLOR,
JOHN MOORES, JOHN D. NETTLETON,
LEONARD WAILING VAN GEEST, NETWORK SECURITY
MANAGEMENT LIMITED, JAMES J. RAPP a/k/a DANIEL PEEL,
CHRISTOPHER MORE, COMMERCIAL DATA SERVICES LIMITED,
WINTER INFORMATION NETWORK CORP.,
ACTION AUTOLINE, INC., d/b/a ACTION RESEARCH GROUP,
BROWN AND ASSOCIATES, INC., ROBERT BROWN,
ALISTAIR BROWN, and BERMUDA RESEARCH SERVICES LIMITED,

    Defendants.

_____/

## MOTION TO DISMISS, OR ALTERNATIVELY FOR MORE DEFINITE STATEMENT

The Defendant, BROWN & ASSOCIATES, INC., by and through the undersigned attorney, files this Motion to Dismiss pursuant to Rules 8(a)(2) and 9(a), 9(b), and 9(c), Federal Rules of Civil Procedure, or, in the alternative, for a More Definite Statement pursuant to Rule 12(e), Federal Rules of Civil Procedure, that this Honorable Court enter its Order Dismissing the Plaintiff's Complaint, or alternatively, requiring the Plaintiff to provide a more definite statement as to the alleged conduct and involvement of BROWN & ASSOCIATES, INC. and to require that the Plaintiff plead his case against BROWN & ASSOCIATES, INC. (hereinafter referred to as the Defendant) clearly and precisely, and as grounds therefore alleges as follows:

1. The Plaintiff has served the Defendant with a seven (7) count

Complaint against the Defendant, which pleading sets forth a claim for relief against the Defendant.

2. The sections which involve the Defendant fail to include a **plain statement** regarding the alleged conduct of the Defendant, and the Plaintiff's claims are so vague, indistinct, and indefinite that the Defendant cannot adequately form a responsive pleading thereto.

3. The sections that refer to the Defendant, specifically, are as follows, which sections shall be followed by the Defendant's averments pertaining to the impropriety of those paragraphs.

31. Defendant Brown and Associates, Inc. ("Brown and Associates") is a Florida corporation located in Orlando, Florida.

32. Defendant Robert Brown is believed to be the principal and controlling person of Brown and Associates.

4. Nowhere in these or any other paragraphs in the Plaintiff's Complaint is there any plain allegation that BROWN & ASSOCIATES, INC. acted through its authorized agents, officers, or employees, or personally performed any act complained of by the Plaintiff. The allegation that ROBERT BROWN may be a "controlling person" of Brown & Associates, Inc. is not an allegation that ROBERT BROWN personally conducted all the affairs of the corporation, whether he personally controlled any specific conduct of others related to this case, or whether he treated the corporation as a sole proprietorship in disregard of the corporate status.

5. The Complaint fails to plainly aver whether the Corporation is sought

to be personally held accountable for the acts of the ROBERT BROWN, and the basis of "piercing the corporate veil," if that is what the Plaintiff is seeking to do.

6. The Complaint fails to allege that ROBERT BROWN personally performed any acts complained of, or personally directed others to perform or in the performance of any specific act complained of in the scope of his authority.

33. Robert Brown and Brown and Associates performed work as agents, servants and representatives of Network Security, More, TLO and its directors, including the Littlewoods Defendants.

7. This averment is vague, overbroad, indistinct, and indefinite in that it merely alleges that sometime, somewhere, and somehow, ROBERT BROWN and BROWN & ASSOCIATES performed work for the other named defendants. It does not allege that they were "agents, servants and representatives" as to any plainly pled conduct pertaining to this cause, and there is no plain statement of what ROBERT BROWN or BROWN & ASSOCIATES, INC. did in an individual capacity.

8. This paragraph should set forth a plain statement of what act or acts ROBERT BROWN personally performed as an "agent, servant and representative" of BROWN & ASSOCIATES, INC. and of each of the other named defendants.

49. More in turn, and as agent for TLO, the Littlewoods Defendants and Network Security, then hired, among others, Brown and Associates, and Robert Brown, to obtain copies of Leese's personal and company telephone bills and confidential papers, and the telephone bills and

3

confidential papers of the entities with which Leese had any relationship.

9. This paragraph is a "shotgun pleading," and it fails to allege which named Defendant did what, and to which "company" and which "entity." It fails to allege any plain conduct on the part of ROBERT BROWN, individually, or BROWN & ASSOCIATES, INC., such as alleging that *"Robert Brown, acting in a the scope of his agency with BROWN & ASSOCIATES, INC., diverted telephone billings during or about [a date or time period] belonging to [a sole proprietorship], solely owned by Lessee, by misrepresenting to [a telephone company] his authority or right to that information."*

10. Without such a plain averment, the Defendant cannot form a responsive pleading to that paragraph. For example, if the alleged improper information belonged to a corporation, Leese may not have standing to assert the rights of that corporation, and a responsive pleading would be directed to that averment accordingly.

11. This paragraph further fails to aver the nature of "any relationship" Leese may have or have had pertaining to the alleged "compan[ies]" or "entit[ies]," and therefore fails to make a plain statement that Leese has any standing to make a claim for relief based on conduct directed to other, unrelated companies or entities.

50. More has admitted under oath that the aforesaid acts were accomplished in the United States of America through his agents, whom he described as, among others, Robert Brown and Brown and Associates.

12. This paragraph, in the context in which it is included in the Complaint, makes it impossible for the Defendant to determine what are the "aforesaid acts" to

which the Plaintiff refers. This is not a "plain statement" as to any act or acts the Defendant, ROBERT BROWN, performed personally or in a representative capacity for BROWN & ASSOCIATES, INC..

55. Brown and Associates has admitted that it used Action Research as an agent for the purpose of obtaining information concerning plaintiff and his related business entities.

13. Once again, the Plaintiff fails to make any plain statement as to which, if any, "related business entities" exist, the nature of his relationship, if any to those entities, and aver sufficient facts to set forth his standing to make a claim for relief on behalf of those entities.

14. This paragraph likewise does not refer to what "information" was to be sought by ROBERT BROWN, individually or in a representative capacity, or whether and why that "information" was somehow protected from the public in general.

56. Robert Brown, the principal of Brown and associates, has admitted to plaintiff's representative that he was instructed directly by More to obtain the telephone records of Drax Holdings Limited pertaining to Leese and that Brown then hired Action Research as his agent towards that purpose.

15. This paragraph fails to plainly state whether the information allegedly sought pertained to "Drax Holdings" or whether the information pertained to "Leese." As framed, the Defendant cannot discern whether the Plaintiff is alleging that More

5

even mentioned Leese's name, or whether the Plaintiff is alleging that the Defendant was instructed to obtain information about Drax Holdings Limited, which business pertained to Leese. In fact, the Defendant had never heard the name "Leese" until this lawsuit, and the Defendant is uncertain as to how to respond to this paragraph.

16. In this, and every other paragraph of the Plaintiff's complaint that refers to "telephone records," the Defendant is uncertain as to what "records" the Plaintiff is referring. Some "records," such as the telephone numbers listed for a business, are disseminated to the public or otherwise publicly revealed by the business, itself, and the business cannot complain about further dissemination of such information. The Defendant cannot, therefore, form a coherent responsive pleading to an incoherent averment.

63. The defendants knowingly conducted and participated in the conduct of the enterprise in a variety of ways, including but not limited to:

(a) TLO and the Littlewoods Defendants caused to be hired Network Security, Commercial Data, Rapp, Action Research, Brown and Associates, Bermuda Research and others as their agents for the purpose of engaging in illegal acts and obtaining plaintiff's confidential telephone records and documents;

17. The open averment that the Defendant engaged in a "variety" of conduct, "including but not limited to" certain broad averments makes it impossible for the Defendant to form a pleading in response to such averments. The Plaintiff fails to

aver any plain conduct on the part of the Defendant which would constitute an "illegal act," fails, once again, to aver what "telephone records" are supposedly confidential, what confidential "documents" were allegedly obtained, and fails to allege that any documents were, in fact, obtained.

18. This paragraph fails to allege what "illegal" act the Defendant agreed to perform, or whether such an act was ever performed by the Defendant, personally.

(b) The defendants, and specifically Brown and Associates, Robert Brown and Action Research, agreed to obtain telephone records from the Bermuda Telephone Company through fraudulent misrepresentations made by mail and/or by interstate and international wire;

19. Once again, "records" is vague, indistinct, overbroad, and indefinite, and the Defendant cannot form a pleading in response thereto.

20. The acts on the part of the Defendant, BROWN & ASSOCIATES, INC., which allegedly constitute fraud, are not pled with the specificity required by Rule 9(b), Federal Rules of Civil Procedure.

21. The allegation that multiple defendants obtained undefined "telephone records" does not set forth a plain statement whether any defendant unlawfully obtained any protected or private record, and does not plainly aver whether any specific defendant acted individually, intentionally through others, or acted innocently in requesting information that others may have unlawfully obtained. The Defendant, therefore, cannot form a pleading in response to such a general, shotgun averment.

(c) The defendants arranged for Bermuda

Research and Alistair Brown to wrongfully obtain confidential and private documents and typewriter ribbons from private property which plaintiff at all times intended to be confidential, by misappropriating and converting them;

22. In this, and the numerous paragraphs of the Plaintiff's Complaint that alleges conduct on the part of the "defendants," the Defendant cannot discern whether he, individually, is included in those averments.

23. The term "private property" is vague, in that portions of private property, such as trash cans on premises open for pick-up by trash collectors, would contain information abandoned by the owner or custodian of that property. The failure of the Plaintiff to plainly state from where the items were allegedly misappropriated effectively eliminates the ability of the Defendant to make a complete response to such an averment.

(d) The defendants then contacted persons whose identities were set forth in the confidential materials and telephone records that were obtained by fraud and misrepresentations, and sought to obtain and disseminate adverse information concerning the plaintiff;

24. Once again, fraud is not pled with specificity, "defendants" are not identified, which defendant did what is not averred plainly, and "telephone records" are not defined.

25. The disjunctive inclusion of the allegation that defendants "sought to obtain and disseminate adverse information concerning the plaintiff" does not aver any

8

wrongful act on the part of any defendant.

(e) The defendants otherwise acted in an improper manner, violating the laws of the United States, the State of Florida and other jurisdictions, in order to obtain and disseminate or seek to obtain and disseminate detrimental and adverse information concerning the plaintiff, Dale and Guha, which the defendants then sought to use either in litigation in England against these persons, or to coerce these persons to follow TLO's directives; and

26. The Plaintiff fails to plead any facts that would support his standing to make claims on behalf of Dale and Guha regarding this and every other paragraph of the Plaintiff's Complaint that refers to the rights of Dale and Guha.

27. This paragraph is so vague that the Defendant cannot discern whether the Plaintiff is alleging that all of the conduct of acquiring "detrimental" information about the Plaintiff was done unlawfully, or whether the Plaintiff is complaining that lawfully obtained "detrimental" information is somehow actionable. The Defendant would simply deny "unlawful" conduct, but would respond by Motion and Affirmative Defenses pertaining to lawfully obtained information. Responding to this shotgun pleading would necessarily require a shotgun response, which would not benefit any party or this Court in narrowing the issues or assisting in the speedy, orderly, or economic disposition of this case.

70. All of the defendants knowingly conducted or participated in the predicate acts perpetrated by the

9

enterprise in a variety of ways including, but not limited to, through the activities of Robert Brown, Action Resources, Network Security, Winter Information, Rapp and others, and their activities, which included misrepresenting who they were, committing wire fraud in violation of 18 U.S.C. § 1343, committing mail fraud in violation of 18 U.S.C. § 1341, using fraudulent means in violation of 18 U.S.C. § 1342, and improperly obtaining and converting confidential telephone records, documents and other confidential materials belonging to Leese and some of his business activities.

73. The use of wire communications includes, but is not limited to, the defendants' agents, including Brown, Winter Information, Rapp and Action Research, who would call the Bermuda Telephone Company and seek to have the Bermuda Telephone Company send the plaintiff's telephone bills to the defendants and their agents.

28. This allegation is against "Brown," among others, without alleging to which "Brown" this section refers. There are three "Brown's" named as parties' defendant, including Alistair Brown, Brown & Associates (a corporate defendant), and Robert Brown, individually, thereby confusing the Defendant as to whether this allegation pertains to the Defendant.

29. Once again, the overly broad use of the term "defendants" makes it impossible for the Defendant to determine what conduct, if any, on his part, personally

10

or in a representative capacity with any other person or entity, is being alleged. For example, which defendant diverted the bills, and how (or did) any of the other defendants know that same was to be done?

30. Also, once again, fraud is not pled with the specificity required by Rule 9(b), Federal Rules of Civil Procedure.

74. Commencing on April 1, 1995, Rapp a/k/a Daniel Peel and Winter Information, as agents for the other - defendants, called at least the following telephone numbers:

31. This paragraph fails to plainly state which "other defendants" were the alleged principals of Rapp and Winter Information. The Defendant cannot form a responsive pleading due to the requirements of Rule 9(a), Federal Rules of Civil Procedure.

32. Counts I, II, III, and IV of the Plaintiff's Complaint fail to allege facts that would support the theory that the Defendant's conduct falls under the definitions of R.I.C.O., or that the Defendant engaged in a pattern of unlawful activity as proscribed in the federal and Florida R.I.C.O. statutes. For example, there are not averments that the Defendant, personally, derived any proceeds or how such proceeds were allegedly used. There are no averments that the Defendant engaged in a "pattern of criminal activity" as that term is defined in the federal or Florida R.I.C.O. statutes.

33. As to the counts pertaining to §772, Florida Statutes, the Plaintiff's complaint is not specific as to which section of that chapter he bases his lawsuit, and the Defendant has not alleged performance of any conditions precedent required in that chapter.

34. As to Count V, the Plaintiff fails to plainly allege what privacy interests have been violated, whose privacy interests were violated (the Plaintiff's, individually, or a corporation, company or other business entity that may be an indispensable party), the Plaintiff's standing to make a claim pertaining to those privacy interests, and fails to plainly aver a reasonable expectation of privacy in the vague, indistinct, uncertain and undisclosed items, information, and "records" referred to in the Plaintiff's Complaint.

35. In all, the Plaintiff's complaint seems to indicate that certain information was obtained and used against him in litigation. Obtaining information for use in litigation is not an unlawful activity in the United States or in the State of Florida. The Complaint, taken as a whole, is extremely vague as to the conduct of the Defendant, and it contains no plain averments that the Defendant engaged in any specific illegal or actionable conduct that is not otherwise lawful or protected in the United States or in the State of Florida, or by its laws and Constitutions.

WHEREFORE, the Defendant respectfully requests that this Honorable Court enter its Order dismissing the Plaintiff's Complaint, or, in the alternative, to plead plain statements pertaining to the Defendant's alleged conduct, personally and through others, who the Defendant's agents are alleged to be, for whom the Defendant allegedly acted as an agent and how, plead all allegations of fraud specifically, and otherwise appropriately advise the Defendant what conduct, if any, subjects BROWN & ASSOCIATES, INC. to the claims of relief sought in the Plaintiff's Complaint.

## MEMORANDUM OF LAW IN SUPPORT OF THIS MOTION

### Motions to Dismiss

As set forth in the case of *Brooks v. Blue Cross and Blue Shield of Florida,*

*Inc.*, 116 F.3d 1364 (11th Cir. 1997), the purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of claim for relief. It is read alongside Fed.R.Civ.P. 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."

The rule is not designed to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity, and the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto. See 5 Charles A. Wright & Arthur Miller, Federal Practice and Procedure **\*1369** § 1356 at 590-92 (1969) (Wright & Miller). In the case at bar, the Plaintiff also has brought a Motion for More Definite Statement in the alternative.

The Eleventh Circuit has recently written:

> [T]he Supreme Court has stated that the "accepted rule" for appraising the sufficiency of a complaint is "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957); Tiftarea Shopper, Inc. v. Georgia Shopper, Inc., 786 F.2d 1115, 1117-18 (11th Cir.1986) (quoting Conley).

A complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory. *Robertson v. Johnston*, 376 F.2d 43 (5th Cir.1967). The pleadings must show, in short, that the Plaintiffs have no claim before the 12(b)(6) motion may be granted.

The factual allegations supporting the Plaintiff's claims are not supportable on any legal theory. The Plaintiff merely complains that information was obtained about

13

him and used against him in some manner. The Plaintiff's complaint is so vague, indistinct, and indefinite that a More Definite Statement cannot cure the defects.

### Rule 9(a) of the Fed.R.Civ.P.

As to all the allegations of agency and capacity contained in broad, general terms in the Complaint, the Defendant is required to specifically aver "supporting particulars" pertaining to his capacity to be sued in a representative capacity. This is impossible without even knowing whether the Defendant is being sued in a representative capacity, and it would require a tremendous amount of unnecessary surplus pleadings to respond to the Plaintiff's averments. The Plaintiff's Answer and Affirmative Defenses would approximate the size of Homer's Oddessy, with continuous responses such as "if Plaintiff is averring xx, then the Defendant avers xx, but if the Plaintiff is averring yy, the Defendant avers yy."

### Rule 9(b) of the Fed.R.Civ.P.

Rule 9(b) of the Federal Rules of Civil Procedure provides that:

> [i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.

This Rule "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants against spurious charges of immoral and fraudulent behavior.'" *Durham v. Business Management Associates*, 847 F.2d 1505, 1511 (11th Cir.1988) (quoting *Seville Indus. Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786, 791 (3d Cir.1984), cert. denied, 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985)). Further, "Rule 9(b) must be read in conjunction with Rule 8(a) [of the Federal Rules of Civil Procedure],

which requires a plaintiff to plead only a short, plain statement of the grounds upon which he is entitled to relief." *O'Brien v. National Property Analysts Partners*, 719 F.Supp. 222, 225 (S.D.N.Y.1989) (citing *Ross v. A.H. Robins Co.*, 607 F.2d 545, 557 n. 20 (2d Cir.1979), cert. denied, 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980)). See also *Durham*, 847 F.2d at 1511 ("The application of [Rule 9(b) ] must not abrogate the concept of notice pleading."); *Berk v. Ascott Investment Corp.*, 759 F.Supp. 245, 254 (E.D.Pa.1991).

Rule 9(b) may be satisfied if the complaint sets forth:

(1) precisely what statements were made in what documents or oral representations or what omissions were made, and

(2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and

(3) the content of such statements and the manner in which they misled the plaintiff, and

(4) what the defendants "obtained as a consequence of the fraud."

*Fitch v. Radnor Industries, Ltd.*, No. 90-2084, 1990 WL 150110, at *2 (E.D.Pa. Sept.27, 1990) (quoting *O'Brien*, 719 F.Supp. at 225). See also *Leonard v. Stuart-James Co.*, 742 F.Supp. 653, 659 (N.D.Ga.1990) (Motion to dismiss granted where complaint failed to allege "specifically when, where, by whom, or specifically what the representation was."). However, "alternative means are also available to satisfy the rule." *Durham*, 847 F.2d at 1512 (citing *Seville Indus.*, 742 F.2d at 791 (list containing allegations of fraud describing nature and subject of statements found to be sufficient, even where precise words used were not alleged)).

## More Definite Statement

If a Complaint "is so vague or ambiguous that [a defendant] cannot reasonably be required to frame a responsive pleading," the defendant may move for a more definite statement before filing a response. *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996), citing Rule 12(e), Federal Rules of Civil Procedure. The district court has the inherent authority to require the pleader to file a more definite statement in addition to the authority provided by Rule 12(e). *Fikes* at 1083, FN6. The *Fikes* court stated,

> Such authority, if not inherent in Rule 12(e), is surely within the district court's authority to narrow the issues in the case in order to speed its orderly, efficient, and economic disposition. *Files* at 1083, FN6.

In *Anderson v. District Board of Trustees*, 77 F.3d 364 (11th Cir. 1996) the appellate court addressed what it called a "shotgun" pleading and stated,

> With the shotgun pleading out of the way, the trial judge will be relieved of "the cumbersome task of sifting through myriad claims, many of which [may be] foreclosed by [various defenses]." *Anderson* at 366-367, quoting *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984).

So too, in the case at bar, the Defendant will be able to challenge the sufficiency of alleged facts, investigate those alleged facts, form a responsive pleading to same, and address possibly protected and privileged conduct in the obtaining and disseminating of information pertaining to the alleged investigation of Leese. This can only be done, however, after the Defendant determines what the conduct is alleged to be.

16

### Standing

It is fundamental that the Plaintiff cannot pursue enforcement of the rights of others. This would include other corporations and entities the existence that have rights separate from the Plaintiff. The Complaint, framed, fails to identify these entities, and they are certainly not included as parties to this case.

### Conclusion

The Complaint is so vague, overbroad, indistinct, and indefinite that a More Definite Statement will not cure its defects. Still, a More Definite Statement should be required if the Complaint is not dismissed.

ROGER B. BUTCHER
BENITEZ & BUTCHER, P.A.
1223 East Concord Street
Orlando, Florida 32803
(407) 894-5000
Fax (407) 896-8061
Florida Bar Number 320552

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail and Federal Express service to David Jaroslawicz, Esquire, 150 William Street, 19th Floor, New York, New York 10038, and to Isaac Jaroslawicz, Esquire, 9540 Collins Avenue, Surfside, Florida 33154, this _11_ day of August, 1997.

ROGER B. BUTCHER