FILED        JC

97 SEP 30   PM 4: 28

CAR . . . LANE
CLE..  ...I.CT.
S.D. Gr   FLA.-MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

---------------------------------------------------------------x

DOUGLAS LEESE,                                      :

              Plaintiff,                      :

                v.                                  :    Case No.
                                                          97-1910 CIV-LENARD
LADY GRANCHESTER, JAMES SUENSON-                  :
TAYLOR, JOHN MOORES, JOHN D.                            Magistrate Judge Dubé
NETTLETON, LEONARD WAILING VAN                     :
GEEST, NETWORK SECURITY
MANAGEMENT LIMITED, JAMES J. RAPP                  :    **MOTION OF DEFENDANTS**
a/k/a DANIEL PEEL, CHRISTOPHER MORE,                    **LADY GRANTCHESTER, JAMES**
COMMERCIAL DATA SERVICES LIMITED,                 :    **GUNNAR SUENSON-TAYLOR,**
WINTER INFORMATION NETWORK CORP.,                      **JOHN MOORES, JOHN D.**
ACTION AUTOLINE, INC. d/b/a ACTION                :    **NETTLETON AND LEONARD**
RESEARCH GROUP, BROWN AND                               **WAILING VAN GEEST TO**
ASSOCIATES, INC., ROBERT BROWN,                   :    **DISMISS OR ALTERNATIVELY,**
ALISTAIR BROWN, and BERMUDA                             **FOR A MORE DEFINITE**
RESEARCH SERVICES LIMITED,                        :    **STATEMENT**

              Defendants.                     :

---------------------------------------------------------------x

        Plaintiff Douglas Leese ("plaintiff") has filed this complaint (the "Complaint")

asserting claims of violations of federal and Florida RICO statutes as well as common law torts

against, among other defendants, Defendants Lady Grantchester, James Gunnar Suenson-Taylor,

John Moores, John D. Nettleton, and Leonard Wailing Van Geest (collectively, the "Director

Defendants"). For the reasons set forth below, and in more detail the Director Defendants'

Memorandum of Law in Support of Motion to Dismiss and supporting affidavits of Robert John Latton, Lady Grantchester, James Gunnar Suenson-Taylor, John Moores, John D. Nettleton and Leonard Wailing Van Geest, the claims against the Director Defendants should be dismissed.

 Plaintiff's claims against the Director Defendants should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) for lack of jurisdiction over the person because:

  1. The reach of the "tortious act" provision of Florida's long-arm statute (Fla. Stat. § 48.193(b)(2)), plaintiff's purported basis for personal jurisdiction, does not reach to the Director Defendants because they did not commit a tortious act in Florida;

  2. The assertion of personal jurisdiction would contravene the Due Process Clause of the Fourteenth Amendment because the Director Defendants lack the requisite "minimum contacts" with Florida and the exercise of personal jurisdiction would be inconsistent with "traditional notions of fair play and substantial justice."

 Plaintiff's claims against the Director Defendants should be dismissed on grounds of *forum non conveniens* because an adequate alternative forum for his claims is available and the private and public interest factors favor such dismissal.

 Plaintiff's claims against the Director Defendants should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim because:

  1. Plaintiff has no standing to bring federal or Florida RICO claims based on the predicate acts of mail and wire fraud because he did not, and could not, allege facts demonstrating that he was the intended victim of any scheme to defraud nor does he ever allege that he relied to his detriment on misrepresentations made in furtherance of any scheme;

  2. Plaintiff did not, nor could not, allege, a "pattern of racketeering activity" as to the Director Defendants, necessary to allege a § 1962(c) RICO violation, because he has not alleged, nor could he allege, that they

committed, or aided and abetted in the commission of, at least two predicate acts; much less the requisite "continuity;"

3.  Plaintiff fails to allege, nor could he allege, facts demonstrating that the Director Defendants either agreed to the overall objective of any RICO conspiracy or the Director Defendants agreed to commit two or more predicate acts;

5.  Plaintiff has failed to plead essential elements of claims for invasion of privacy, conversion and tortious interference against the Director Defendants.

In addition, plaintiff's RICO claims should be dismissed because he has not pleaded the predicate act fraud claims with the particularity required by Fed. R. Civ. P. 9(b).

WHEREFORE, Defendants Lady Grantchester, James Gunnar Suenson-Taylor, John Moores, John D. Nettleton and Leonard Wailing Van Geest respectfully request that this Court grant their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of jurisdiction over the person; pursuant to *forum non conveniens*; pursuant Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted; and, with regard to Counts One through Four, pursuant to Fed. R. Civ. P. 9(b) for failure to plead with

particularity. Alternatively, if this Court determines that plaintiff's claims should not be

dismissed, a more definite statement should be required pursuant to Fed. R. Civ. P. 12(e).

Dated:  New York, New York
        September 30, 1997

                                    Respectfully submitted,

                                    DONOVAN LEISURE NEWTON & IRVINE
                                    30 Rockefeller Plaza
                                    New York, New York  10112-3800
                                    Telephone:  (212) 632-3000
                                    Facsimile:  (212) 632-3321

                                    By:  CHARLES W. GERDTS, III

                                    _____

                                    BIENSTOCK & CLARK
                                    First Union Financial Center
                                    200 South Biscayne Boulevard
                                    Suite 3160
                                    Miami, Florida  33131-2367
                                    Telephone:  (305) 373-1100
                                    Facsimile:  (305) 358-1226

                                  By:    TERRY S. BIENSTOCK, P.A.
                                          Florida Bar No. 259160
                                          GEORGE R. HINCKLEY, JR.
                                          Florida Bar No. 083097

                                  _____

                             Attorneys for Defendants Lady Grantchester,
                                 James Gunnar Suenson-Taylor, John Moores,
                                 John D. Nettleton and Leonard Wailing Van Geest

Case No. 97-1910-CIV-LENARD
**MAGISTRATE JUDGE DUBE**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was hand-delivered to David Jaroslawicz, Esq., 150 William Street, 19th Floor, New York, NY 10038 and mailed to Isaac M. Jaroslawicz, Esq., Jaroslawicz & Jaros, Esqs., 9540 Collins Avenue, Surfside, Florida 33154, **Attorneys for Douglas Leese;** Ronald P. Ponzoli, Esq., Ponzoli, Wassenberg & Sperkacz, 302 Roland/Continental Plaza, 3250 Mary Street, Suite 302, Miami, Florida 33133 and Roger B. Butcher, Esq., Benitez & Butcher, P.A., 1223 East Concord Street, Orlando, Florida 32803, **Attorneys for Robert Brown and Associates, Inc. and Robert Brown;** Peter Prieto, Esq., Holland & Knight, LLP, 701 Brickell Avenue, Suite 3000, Miami, Florida 33131, **Attorneys for Network Security Management Limited;** William G. Salim, Jr., Moskowitz, Mandell & Salim, P.A., 800 Corporate Drive, Suite 510, Fort Lauderdale, Florida 33334, **Attorneys for Action Autoline, Inc. d/b/a Action Research Group** this 30th day of September, 1997.

## AFFIDAVITS OF

## Robert John Latton

## Lady Grantchester

## James Gunnar Suenson-Taylor

## John Moores

## John Dering Nettleton

## Leonard Waling Van Geest

CASE NO. 97-1910 CIV-LENA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

BETWEEN:

DOUGLAS LEESE

Plai

- and -

(1) LADY GRANTCHESTER
(2) JAMES SUENSON-TAYLOR
(3) JOHN MOORES
(4) JOHN D. NETTLETON
(5) LEONARD WAILING VAN GEEST
(6) NETWORK SECURITY MANAGEMENT LIMITED
(7) JAMES J. RAPP a/k/a DANIEL PEEL
(8) CHRISTOPHER MORE
(9) COMMERCIAL DATA SERVICES LIMITED
(10) WINTER INFORMATION NETWORK CORP.
(11) AUTOLINE, INC. d/b/a ACTION RESEARCH GR
(12) BROWN AND ASSOCIATES, INC.
(13) ROBERT BROWN
(14) ALISTAIR BROWN
(15) BERMUDA RESEARCH SERVICES LIMITED

Defend

---

## AFFIDAVIT OF
## ROBERT JOHN LATTON

---

Herbert Smith
Exchange House
Primrose Street
London EC2A 2HS
Tel: 0171 374-8000
Fax: 0171 496-0043

UNITED STATES DISTRICT COURT        CASE NO. 97-1910 CIV-LENARD

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

B E T W E E N :

DOUGLAS LEESE

**Plaintiff**

- and -

(1)  LADY GRANTCHESTER
(2)  JAMES SUENSON-TAYLOR
(3)  JOHN MOORES
(4)  JOHN D. NETTLETON
(5)  LEONARD WAILING VAN GEEST
(6)  NETWORK SECURITY MANAGEMENT LIMITED
(7)  JAMES J. RAPP a/k/a DANIEL PEEL
(8)  CHRISTOPHER MORE
(9)  COMMERCIAL DATA SERVICES LIMITED
(10)  WINTER INFORMATION NETWORK CORP.
(11)  AUTOLINE, INC. d/b/a ACTION RESEARCH GROUP
(12)  BROWN AND ASSOCIATES, INC.
(13)  ROBERT BROWN
(14)  ALISTAIR BROWN
(15)  BERMUDA RESEARCH SERVICES LIMITED

**Defendants**

---

**AFFIDAVIT OF
ROBERT JOHN LATTON**

---

I, **ROBERT JOHN LATTON**, Solicitor of Exchange House, Primrose Street, London
EC2A 2HS **MAKE OATH** and say as follows:

1.     I am a solicitor in the employ of Herbert Smith, the Solicitors acting for the
Littlewoods Organisation and various of its subsidiaries ("TLO") in the litigation

1

currently being conducted in the High Court in England, the nature of which I summarise below. I am duly authorised by TLO to make this Affidavit.

2.    The English litigation has been running for over two and a half years.  The pleadings in the litigation run to over 1,000 pages and five firms of solicitors act for various of the parties to it.  The litigation concerns a series of Agreements ("the Agreements") entered into by TLO with various companies controlled by Douglas Leese and his son, Nicholas Leese.  A number of companies connected with and controlled by the Leeses were involved, but for the sake of simplicity I shall call all these companies "Lorad" in this Affidavit.

3.    To my knowledge, Douglas Leese has never tried to add the claims brought in Florida to the comprehensive English litigation, nor has he made any application under the Rules of the Supreme Court Order 11 to serve process on the American based Defendants in the Florida action.

4.    The Agreements were entered into between April 1991 and July 1994 and primarily relate to the sourcing of garments and other goods from the Far East for various parts of TLO's business.

5.    In the litigation, TLO alleges that on TLO's side, the Agreements were primarily negotiated by Sir Desmond Pitcher, who was the Chief Executive of TLO (until March 1993), and two other executive Directors of TLO (Prodip Guha, the then Marketing Director and Barry Dale, the then Finance Director).  TLO alleges that Douglas and Nicholas Leese negotiated the Agreements for the Leeses and Lorad.

6.    TLO paid the Leeses and Lorad in excess of £11 million under the Agreements.

7.    Suspicions within TLO about the propriety of the Agreements arose during 1994, partly as a result of which the three Executives concerned were either dismissed or resigned their position between October 1994 and April 1995 (although Mr Guha was initially dismissed for other reasons).

8.    At the end of 1994, a payment of £900,000 was due to Lorad under the Agreements. TLO declined to make this payment.  Proceedings were then instituted by a Lorad company (Virage Holdings Limited) against the relevant TLO subsidiary (Striker

2

Limited) for this sum. Proceedings for wrongful dismissal were also instituted against TLO by Mr. Dale and Mr. Guha.

TLO have Counterclaimed in all three of these proceedings and joined Douglas Leese, his son Nicholas, and Sir Desmond Pitcher and the Lorad companies in the Counterclaim against Virage. The Counterclaims in all three proceedings have now been consolidated. TLO is claiming damages in relation to the loss they have suffered as a result of their whole relationship with Lorad and the Leeses. The trial of these consolidated actions is due to commence in the High Court, London, at the beginning of January 1999.

TLO have made a number of allegations in the proceedings against Douglas Leese and his son, Nicholas. These include:-

(a)     that they knew or ought to have known that the Agreements between TLO and Lorad were not in the best interests of TLO and that those three executives at TLO most closely involved with the Agents were in breach of their duties to TLO.

(b)     more seriously, TLO have evidence (and have so alleged) that the Agreements were tainted by fraud. TLO has access to a witness who will say that he saw a letter of instruction from Douglas Leese relating to the setting up of trusts in the British Virgin Islands for Sir Desmond Pitcher and Prodip Guha, who were due to receive a percentage of commission payable by TLO under one of the Agreements.

(c)     Furthermore, a payment of approximately £10 million was due under a combination of some of the Agreements. The same witness will say (and TLO have alleged) that a corrupt agreement was reached between Douglas Leese, Sir Desmond Pitcher and Prodip Guha under which they agreed to split this sum between them in the approximate percentages of 35% (or £3.5 million) to Sir Desmond Pitcher, 10% (or £1 million) to Prodip Guha and the remainder to Douglas Leese.

The present state of the proceedings is that witness statements are due to be exchanged shortly. There are a number of interlocutory matters to be dealt with by the

Court over the next few months.  As I mentioned above, the trial is due to start in January 1999.

SWORN the 26th day of Sept 1997  }
at 10 Philpot Lane in the City }
of London, England              }

Before me,

Notary Public,
London, England
(RUTH M. CAMPBELL)
My commission expires with life

4

CASE NO. 97-1910 CIV-LENARD

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

## MIAMI DIVISION

B E T W E E N :

DOUGLAS LEESE

**Plaintiff**

- and -

(1) LADY GRANTCHESTER
(2) JAMES SUENSON-TAYLOR
(3) JOHN MOORES
(4) JOHN D. NETTLETON
(5) LEONARD WALING VAN GEEST
(6) NETWORK SECURITY MANAGEMENT LIMITED
(7) JAMES J. RAPP a/k/a DANIEL PEEL
(8) CHRISTOPHER MORE
(9) COMMERCIAL DATA SERVICES LIMITED
(10) WINTER INFORMATION NETWORK CORP.
(11) AUTOLINE, INC. d/b/a ACTION RESEARCH GROUP
(12) BROWN AND ASSOCIATES, INC.
(13) ROBERT BROWN
(14) ALISTAIR BROWN
(15) BERMUDA RESEARCH SERVICES LIMITED

**Defendants**

## AFFIDAVIT OF THE LADY GRANTCHESTER

UNITED STATES DISTRICT COURT          CASE NO. 97-1910 CIV-LENARI

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

B E T W E E N :

### DOUGLAS LEESE

                                                                    Plaintif

- and -

(1)  LADY GRANTCHESTER
(2)  JAMES SUENSON-TAYLOR
(3)  JOHN MOORES
(4)  JOHN D. NETTLETON
(5)  LEONARD WALING VAN GEEST
(6)  NETWORK SECURITY MANAGEMENT LIMITED
(7)  JAMES J. RAPP a/k/a DANIEL PEEL
(8)  CHRISTOPHER MORE
(9)  COMMERCIAL DATA SERVICES LIMITED
(10)  WINTER INFORMATION NETWORK CORP.
(11)  AUTOLINE, INC. d/b/a ACTION RESEARCH GROUP
(12)  BROWN AND ASSOCIATES, INC.
(13)  ROBERT BROWN
(14)  ALISTAIR BROWN
(15)  BERMUDA RESEARCH SERVICES LIMITED

                                                                    Defendants

---

### AFFIDAVIT OF THE LADY GRANTCHESTER

---

I, THE LADY GRANTCHESTER, being duly sworn, deposes and says:

1.      I am a Defendant in the above action and submit this Affidavit in support of
Defendants' motion to dismiss.

2.   I am a subject of the United Kingdom and reside at Kingston-upon-Thames, England. I do not own or lease property in Florida or the United States and do not maintain a residence in the United States. I have never visited Florida.

3.   I do not operate, conduct, engage in, carry on or transact a business or business venture in Florida or in the United States. I am not an officer or director in a company that has business dealings in the United States.

4.   I do not hire any agents in Florida and the United States. Moreover, I did not hire any agents in Florida and the United States for the purpose of the commission of any of the acts that the Plaintiff alleges in the Complaint were tortious and/or unlawful and were committed in Florida and the United States. I did not authorise anyone to hire any agents in Florida and the United States for the purpose of the commission of any of the acts that the Plaintiff alleges in the Complaint were tortious and/or unlawful and were committed in Florida and the United States. I did not instruct or supervise any agents in Florida and in the United States in the commission of any of the acts that the Plaintiff alleges in the Complaint were tortious and/or unlawful and were committed in Florida and the United States. Furthermore, I did not have any knowledge of those alleged tortious and/or unlawful acts until TLO's solicitors advised me of them following their receipt of the Seventh Affidavit of Ian Michael Taylorson dated 20th July 1995. This was sworn in an ongoing English proceeding, Virage Holdings Corporation Limited v. Striker Limited, in which a TLO subsidiary is the Defendant.

Sworn to and subscribed before me }
this 2 6 day of September 1997       }

NOTARY PUBLIC.

2

ael J Maskey          Sally Osborn†         Michael P Danby
en P Clarke           Nigel H Coates        Ian Ryan
H Cadman              Michael L Bett        Fiona Read
M Dawson              Neil S McAllister     Francesca R Kaye
rd M Frimston†        Jonathan M Thomson†   Graham A Waite
C Gould               Thérèse Nichols       Jason Hunter
P Hackett             Vickie Kilby

                                            † Notary Public

tants:

                      Lewin H Chapman        Felicity J White

# RUSSELL - COOKE

## POTTER & CHAPMAN
### Solicitors & Notaries Public

2 PUTNEY HILL, PUTNEY. LONDON SW15 6AB
DX 59456 FAX 0181-788 6552  TELEPHONE 0181-789 9111

**TO ALL TO WHOM** these presents shall come, I **RICHARD MARTIN FRIMSTON** of the Town of Putney London **NOTARY PUBLIC** duly admitted and sworn do **HEREBY CERTIFY** that on the day of the date hereof before me personally came and appeared **BETTY LADY GRANTCHESTER** the deponent named and described in the affidavit hereunto annexed **WHO** in my presence by solemn oath by her taken in due form of law swore and deposed to the truth of the several statements matters and things mentioned and contained in the said affidavit;

**IN FAITH AND TESTIMONY** whereof I have hereunto set my hand and seal of office at 2 Putney Hill, Putney aforesaid the 26th day of September in the year One thousand nine hundred and ninety seven

NOTARY PUBLIC

8 Bedford Row London WC1R 4BU
DX112 Chan...    ...ne Fax 0171-831 2565  Tel 0171-405 6566

Bishop's Palace House, Kingston Bridge, Kingston-Upon-Thames, Surrey KT1 1QN
DX 31546 Kingston  Fax 0181-541 4404  Tel 0181-546 6111

Associated offices in France & Spain
This firm is regulated by the Law Society in the conduct of investment business

CASE NO. 97-1910 CIV-LENARD

<u>UNITED STATES DISTRICT COURT</u>

<u>SOUTHERN DISTRICT OF FLORIDA</u>

<u>MIAMI DIVISION</u>

B E T W E E N :

DOUGLAS LEESE

Plaintiff

- and -

(1) LADY GRANTCHESTER
(2) JAMES SUENSON-TAYLOR
(3) JOHN MOORES
(4) JOHN D. NETTLETON
(5) LEONARD WAILING VAN GEEST
(6) NETWORK SECURITY MANAGEMENT LIMITED
(7) JAMES J. RAPP a/k/a DANIEL PEEL
(8) CHRISTOPHER MORE
(9) COMMERCIAL DATA SERVICES LIMITED
(10) WINTER INFORMATION NETWORK CORP.
(11) AUTOLINE, INC. d/b/a ACTION RESEARCH GROUP
(12) BROWN AND ASSOCIATES, INC.
(13) ROBERT BROWN
(14) ALISTAIR BROWN
(15) BERMUDA RESEARCH SERVICES LIMITED

Defendants

---

## AFFIDAVIT OF
## JAMES GUNNAR SUENSON-TAYLOR

---



B.P.D.

UNITED STATES DISTRICT COURT                CASE NO. 97-1910 CIV-LENARD

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

BETWEEN:

DOUGLAS LEESE

Plaintiff

- and -

(1)  LADY GRANTCHESTER
(2)  JAMES SUENSON-TAYLOR
(3)  JOHN MOORES
(4)  JOHN D. NETTLETON
(5)  LEONARD WAILING VAN GEEST
(6)  NETWORK SECURITY MANAGEMENT LIMITED
(7)  JAMES J. RAPP a/k/a DANIEL PEEL
(8)  CHRISTOPHER MORE
(9)  COMMERCIAL DATA SERVICES LIMITED
(10)  WINTER INFORMATION NETWORK CORP.
(11)  AUTOLINE, INC. d/b/a ACTION RESEARCH GROUP
(12)  BROWN AND ASSOCIATES, INC.
(13)  ROBERT BROWN
(14)  ALISTAIR BROWN
(15)  BERMUDA RESEARCH SERVICES LIMITED

Defendants

---

AFFIDAVIT OF
JAMES GUNNAR SUENSON-TAYLOR

---

I, JAMES GUNNAR SUENSON-TAYLOR, being duly sworn, deposes and says:

1.      I am a Defendant in the above action and submit this Affidavit in support of
Defendants' motion to dismiss.



2.  I am a subject of the United Kingdom and reside at Weighbridge, England. I do not own or lease property in Florida or the United States and do not maintain a residence in the United States. I have never visited Florida.

3.  I do not operate, conduct, engage in, carry on or transact a business or business venture in Florida or in the United States. I am not an officer or director in a company that has business dealings in the United States.

4.  I am a director and shareholder of The Littlewoods Organisation Plc ("TLO"). TLO is the company of a number of wholly owned subsidiaries, which together comprise the TLO Group. The TLO Group has a turnover which exceeds £3 billion (approximately US$4.8 billion) per year. The TLO Group's main activities are both Home Shopping and High Street retailing, and football competition promotions and the managment of lottery competitions run on behalf of registered charities. TLO does not do business in Florida, with the exception of using Florida locations, facilities and models for preparing photos for inclusion in TLO's catalogues. This costs the TLO Group less than US$200,000 per year. The TLO Group does not have a place of business in Florida, or anywhere else in the United States.

5.  I do not hire any agents in Florida and the United States. Moreover, I did not hire any agents in Florida and the United States for the purpose of the commission of any of the acts that the Plaintiff alleges in the Complaint were tortious and/or unlawful and were committed in Florida and the United States. I did not authorise anyone to hire any agents in Florida and the United States for the purpose of the commission of any of the acts that the Plaintiff alleges in the Complaint were tortious and/or unlawful and were committed in Florida and the United States. I did not instruct or supervise any agents in Florida and in the United States in the commission of any of the acts that the Plaintiff alleges in the Complaint were tortious and/or unlawful and were committed in Florida and the United States. Furthermore, I did not have any knowledge of those alleged tortious and/or unlawful acts until TLO solicitors advised me of

2

them following their receipt of the Seventh Affidavit of Ian Michael Taylorson dated 20th July 1995. This was sworn in an ongoing English proceeding, <u>Virage Holdings Corporation Limited v. Striker Limited</u>, in which TLO subsidiary is the Defendant.

Sworn to and subscribed before me  }
this **26th** day of September 1997   }
at 2 5 Union Street
Kingston upon Thames
Surrey, England.

R. P. MacLaverty
Notary Public

3

<u>CASE NO. 97-1910 CIV-LENARD</u>

<u>UNITED STATES DISTRICT COURT</u>

<u>SOUTHERN DISTRICT OF FLORIDA</u>

<u>MIAMI DIVISION</u>

B E T W E E N :

DOUGLAS LEESE

<u>Plaintiff</u>

- and -

(1)  LADY GRANTCHESTER
(2)  JAMES SUENSON-TAYLOR
(3)  JOHN MOORES
(4)  JOHN D. NETTLETON
(5)  LEONARD WALING VAN GEEST
(6)  NETWORK SECURITY MANAGEMENT LIMITED
(7)  JAMES J. RAPP a/k/a DANIEL PEEL
(8)  CHRISTOPHER MORE
(9)  COMMERCIAL DATA SERVICES LIMITED
(10)  WINTER INFORMATION NETWORK CORP.
(11)  AUTOLINE, INC. d/b/a ACTION RESEARCH GROUP
(12)  BROWN AND ASSOCIATES, INC.
(13)  ROBERT BROWN
(14)  ALISTAIR BROWN
(15)  BERMUDA RESEARCH SERVICES LIMITED

<u>Defendants</u>

---

## AFFIDAVIT OF JOHN MOORES

UNITED STATES DISTRICT COURT

CASE NO. 97-1910 CIV-LENARD

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

BETWEEN:

DOUGLAS LEESE

- and -

Plaintiff

(1) LADY GRANTCHESTER
(2) JAMES SUENSON-TAYLOR
(3) JOHN MOORES
(4) JOHN D. NETTLETON
(5) LEONARD WALING VAN GEEST
(6) NETWORK SECURITY MANAGEMENT LIMITED
(7) JAMES J. RAPP a/k/a DANIEL PEEL
(8) CHRISTOPHER MORE
(9) COMMERCIAL DATA SERVICES LIMITED
(10) WINTER INFORMATION NETWORK CORP.
(11) AUTOLINE, INC. d/b/a ACTION RESEARCH GROUP
(12) BROWN AND ASSOCIATES, INC.
(13) ROBERT BROWN
(14) ALISTAIR BROWN
(15) BERMUDA RESEARCH SERVICES LIMITED

Defendants

---

## AFFIDAVIT OF JOHN MOORES

---

I, JOHN MOORES, being duly sworn, deposes and says:

1.      I am a Defendant in the above action and submit this Affidavit in support of Defendants" motion to dismiss.

FORM 6Y

2.   I am a subject of the United Kingdom and reside at ~~Burnley~~, England. I do not own or lease property in Florida or the United States and do not maintain a residence in the United States. I have never visited Florida.

3.   I do not operate, conduct, engage in, carry on or transact a business or business venture in Florida or in the United States. I am not an officer or director in a company that has business dealings in the United States.

4.   I do not hire any agents in Florida and the United States. Moreover, I did not hire any agents in Florida and the United States for the purpose of the commission of any of the acts that the Plaintiff alleges in the Complaint were tortious and/or unlawful and were committed in Florida and the United States. I did not authorise anyone to hire any agents in Florida and the United States for the purpose of the commission of any of the acts that the Plaintiff alleges in the Complaint were tortious and/or unlawful and were committed in Florida and the United States. I did not instruct or supervise any agents in Florida and in the United States in the commission of any of the acts that the Plaintiff alleges in the Complaint were tortious and/or unlawful and were committed in Florida and the United States. Furthermore, I did not have any knowledge of those alleged tortious and/or unlawful acts until TLO's solicitors advised me of them following their receipt of the Seventh Affidavit of Plaintiff Ian Michael Taylorson dated 20th July 1995. This was sworn in an ongoing English proceeding, <u>Virage Holdings Corporation Limited v. Striker Limited</u>, in which a TLO subsidiary is the Defendant.

Sworn to and subscribed before me   }
this 16th day of September 1997   }

Raymond J. Phillip

Notary Public
Liverpool
England



2

CASE NO. 97-1910 CIV-LENARD

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

**B E T W E E N :**

DOUGLAS LEESE

**Plaintiff**

- and -

(1)  LADY GRANTCHESTER
(2)  JAMES SUENSON-TAYLOR
(3)  JOHN MOORES
(4)  JOHN D. NETTLETON
(5)  LEONARD WALING VAN GEEST
(6)  NETWORK SECURITY MANAGEMENT LIMITED
(7)  JAMES J. RAPP a/k/a DANIEL PEEL
(8)  CHRISTOPHER MORE
(9)  COMMERCIAL DATA SERVICES LIMITED
(10)  WINTER INFORMATION NETWORK CORP.
(11)  AUTOLINE, INC. d/b/a ACTION RESEARCH GROUP
(12)  BROWN AND ASSOCIATES, INC.
(13)  ROBERT BROWN
(14)  ALISTAIR BROWN
(15)  BERMUDA RESEARCH SERVICES LIMITED

**Defendants**

---

## AFFIDAVIT OF JOHN DERING NETTLETON

---

UNITED STATES DISTRICT COURT                    CASE NO. 97-1910 CIV-LENARD

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

BETWEEN:

DOUGLAS LEESE

Plaintiff

- and -

(1)  LADY GRANTCHESTER
(2)  JAMES SUENSON-TAYLOR
(3)  JOHN MOORES
(4)  JOHN D. NETTLETON
(5)  LEONARD WALING VAN GEEST
(6)  NETWORK SECURITY MANAGEMENT LIMITED
(7)  JAMES J. RAPP a/k/a DANIEL PEEL
(8)  CHRISTOPHER MORE
(9)  COMMERCIAL DATA SERVICES LIMITED
(10)  WINTER INFORMATION NETWORK CORP.
(11)  AUTOLINE, INC. d/b/a ACTION RESEARCH GROUP
(12)  BROWN AND ASSOCIATES, INC.
(13)  ROBERT BROWN
(14)  ALISTAIR BROWN
(15)  BERMUDA RESEARCH SERVICES LIMITED

Defendants

---

## AFFIDAVIT OF JOHN DERING NETTLETON

---

I, JOHN DERING NETTLETON, being duly sworn, deposes and says:

1.      I am a Defendant in the above action and submit this Affidavit in support of
Defendants" motion to dismiss.

1

2.   I am a subject of the United Kingdom and reside at Newington, Oxfordshire, England. I do not own or lease property in Florida or the United States and do not maintain a residence in the United States. I have never visited Florida.

3.   I do not operate, conduct, engage in, carry on or transact a business or business venture in Florida or in the United States. I am not an officer or director in a company that has business dealings in the United States.

4.   I do not hire any agents in Florida and the United States. Moreover, I did not hire any agents in Florida and the United States for the purpose of the commission of any of the acts that the Plaintiff alleges in the Complaint were tortious and/or unlawful and were committed in Florida and the United States. I did not authorise anyone to hire any agents in Florida and the United States for the purpose of the commission of any of the acts that the Plaintiff alleges in the Complaint were tortious and/or unlawful and were committed in Florida and the United States. I did not instruct or supervise any agents in Florida and in the United States in the commission of any of the acts that the Plaintiff alleges in the Complaint were tortious and/or unlawful and were committed in Florida and the United States. Furthermore, I did not have any knowledge of those alleged tortious and/or unlawful acts until TLO's solicitors advised me of them following their receipt of the Seventh Affidavit of Plaintiff Ian Michael Taylorson dated 20th July 1995. This was sworn in an ongoing English proceeding, Virage Holdings Corporation Limited v. Striker Limited, in which a TLO subsidiary is the Defendant.

Sworn to and subscribed before me   }
this 26th day of September 1997   }

J. D. Tulloch

Notary Public London, England
(Ian R. Campbell)

My Commission expires at Death
Saville & Co.
Notaries Public
2 Throgmorton Avenue
London EC2N 2ER
Telephone: 0171 920 0000
Fax: 0171 920 0063

2

CASE NO. 97-1910 CIV-LENARD

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF FLORIDA

# MIAMI DIVISION

B E T W E E N :

DOUGLAS LEESE

Plaintiff

- and -

(1)  LADY GRANTCHESTER
(2)  JAMES SUENSON-TAYLOR
(3)  JOHN MOORES
(4)  JOHN D. NETTLETON
(5)  LEONARD WALING VAN GEEST
(6)  NETWORK SECURITY MANAGEMENT LIMITED
(7)  JAMES J. RAPP a/k/a DANIEL PEEL
(8)  CHRISTOPHER MORE
(9)  COMMERCIAL DATA SERVICES LIMITED
(10)  WINTER INFORMATION NETWORK CORP.
(11)  AUTOLINE, INC. d/b/a ACTION RESEARCH GROUP
(12)  BROWN AND ASSOCIATES, INC.
(13)  ROBERT BROWN
(14)  ALISTAIR BROWN
(15)  BERMUDA RESEARCH SERVICES LIMITED

Defendants

---

## AFFIDAVIT OF
## LEONARD WALING VAN GEEST

---

<u>**UNITED STATES DISTRICT COURT**</u>     **CASE NO. 97-1910 CIV-LENARD**

<u>**SOUTHERN DISTRICT OF FLORIDA**</u>

<u>**MIAMI DIVISION**</u>

**B E T W E E N :**

**DOUGLAS LEESE**

<u>**Plaintiff**</u>

**- and -**

**(1)  LADY GRANTCHESTER**
**(2)  JAMES SUENSON-TAYLOR**
**(3)  JOHN MOORES**
**(4)  JOHN D. NETTLETON**
**(5)  LEONARD WALING VAN GEEST**
**(6)  NETWORK SECURITY MANAGEMENT LIMITED**
**(7)  JAMES J. RAPP a/k/a DANIEL PEEL**
**(8)  CHRISTOPHER MORE**
**(9)  COMMERCIAL DATA SERVICES LIMITED**
**(10)  WINTER INFORMATION NETWORK CORP.**
**(11)  AUTOLINE, INC. d/b/a ACTION RESEARCH GROUP**
**(12)  BROWN AND ASSOCIATES, INC.**
**(13)  ROBERT BROWN**
**(14)  ALISTAIR BROWN**
**(15)  BERMUDA RESEARCH SERVICES LIMITED**

<u>**Defendants**</u>

---

**AFFIDAVIT OF**
**LEONARD WALING VAN GEEST**

---

I, LEONARD WALING VAN GEEST, being duly sworn, deposes and says:

1.     I am a Defendant in the above action and submit this Affidavit in support of
Defendants" motion to dismiss.

1

2.   I am a subject of the United Kingdom and reside at Lockerley, Hampshire, England. I do not own or lease property in Florida or the United States and do not maintain a residence in the United States. I have visited Florida, but only whilst on business for companies unrelated to TLO, and not on matters relating to these proceedings.

3.   I do not operate, conduct, engage in, carry on or transact a business or business venture in Florida or in the United States. I am not an officer or director in a company that has business dealings in the United States.

4.   I do not hire any agents in Florida and the United States. Moreover, I did not hire any agents in Florida and the United States for the purpose of the commission of any of the acts that the Plaintiff alleges in the Complaint were tortious and/or unlawful and were committed in Florida and the United States. I did not authorise anyone to hire any agents in Florida and the United States for the purpose of the commission of any of the acts that the Plaintiff alleges in the Complaint were tortious and/or unlawful and were committed in Florida and the United States. I did not instruct or supervise any agents in Florida and in the United States in the commission of any of the acts that the Plaintiff alleges in the Complaint were tortious and/or unlawful and were committed in Florida and the United States. Furthermore, I did not have any knowledge of those alleged tortious and/or unlawful acts until TLO's solicitors advised me of them following their receipt of the Seventh Affidavit of Plaintiff Ian Michael Taylorson dated 20th July 1995. This was sworn in an ongoing English proceeding, Virage Holdings Corporation Limited v. Striker Limited, in which a TLO subsidiary is the Defendant.

Sworn to and subscribed before me   }
this 21st day of September 1997       }

PAUL JOHN WALTER WEBB
SOLICITOR & NOTARY PUBLIC
EASTLEIGH & ROMSEY, ENGLAND

2

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Affidavits of Robert John Latton, Lady Grantchester, James Gunnar Suenson-Taylor, John Moores, John Dering Nettleton and Leonard Wailing Van Geest and Motion of Defendants Lady Grantchester, James Gunnar Suenson-Taylor, John Moores, John Dering Nettleton and Leonard Wailing Van Geest to Dismiss or Alternatively, For A More Definite Statement were hand-delivered to David Jaroslawicz, Esq., 150 William Street, 19th Floor, New York, NY 10038 and mailed to Isaac M. Jaroslawicz, Esq., Jaroslawicz & Jaros, Esqs., 9540 Collins Avenue, Surfside, Florida 33154, **Attorneys for Douglas Leese;** Ronald P. Ponzoli, Esq., Ponzoli, Wassenberg & Sperkacz, 302 Roland/Continental Plaza, 3250 Mary Street, Suite 302, Miami, Florida 33133 and Roger B. Butcher, Esq., Benitez & Butcher, P.A., 1223 East Concord Street, Orlando, Florida 32803, **Attorneys for Robert Brown and Associates, Inc. and Robert Brown;** Peter Prieto, Esq., Holland & Knight, LLP, 701 Brickell Avenue, Suite 3000, Miami, Florida 33131, **Attorneys for Network Security Management Limited;** William G. Salim, Jr., Moskowitz, Mandell & Salim, P.A., 800 Corporate Drive, Suite 510, Fort Lauderdale, Florida 33334, **Attorneys for Action Autoline, Inc. d/b/a Action Research Group** this ____ day of September, 1997.