FILED      JC

97 SEP 30  PM 4: 28

C
CLE....        T. CT.
S.D. OF FLA.-MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

-------------------------------------------------------------------x

DOUGLAS LEESE,                                :

            Plaintiff,                       :

              v.                                  :     Case No.
                                                   97-1910 CIV-LENARD
LADY GRANCHESTER, JAMES SUENSON-        :
TAYLOR, JOHN MOORES, JOHN D.
NETTLETON, LEONARD WAILING VAN           :     Magistrate Judge Dubé
GEEST, NETWORK SECURITY
MANAGEMENT LIMITED, JAMES J. RAPP       :     **MEMORANDUM OF LAW IN**
a/k/a DANIEL PEEL, CHRISTOPHER MORE,          **SUPPORT OF THE MOTION**
COMMERCIAL DATA SERVICES LIMITED,       :     **TO DISMISS OF DEFENDANTS**
WINTER INFORMATION NETWORK CORP.,            **LADY GRANTCHESTER, JAMES**
ACTION AUTOLINE, INC. d/b/a ACTION       :     **GUNNAR SUENSON-TAYLOR,**
RESEARCH GROUP, BROWN AND                     **JOHN MOORES, JOHN D.**
ASSOCIATES, INC., ROBERT BROWN,          :     **NETTLETON AND LEONARD**
ALISTAIR BROWN, and BERMUDA                   **WAILING VAN GEEST**
RESEARCH SERVICES LIMITED,               :

            Defendants.                      :

-------------------------------------------------------------------x

# TABLE OF CONTENTS

Table of Authorities ....................................................................................................................iii

Preliminary Statement....................................................................................................................1

ARGUMENT....................................................................................................................................2

I.      Plaintiff Cannot Assert Personal Jurisdiction Over The Director Defendants.......................2

        A.      The Complaint Fails To Satisfy Florida's Long-Arm Statute ...................................2

                1.      The Complaint's Allegations Regarding The Director Defendants
                        Do Not Permit The Exercise Of Personal Jurisdiction Over Them ..............2

                2.      The Complaint Concedes That TLO Did Not Enter Into An Agency
                        Relationship With a Person Over Whom Jurisdiction Can Be Asserted .......4

        B.      The Assertion Of Personal Jurisdiction Would Offend Due Process ........................5

II.     Plaintiff's Claims Should Be Dismissed For *Forum Non Conveniens*...................................7

III.    Plaintiff's RICO Claims Are Meritless And Should Be Dismissed .......................................8

        A.      Plaintiff Lacks Standing To Assert A Civil RICO Claim..........................................9

        B.      The Complaint Fails To Allege A Pattern Of Racketeering Activity
                As To The Director Defendants .................................................................................11

                1.      The Complaint Fails To Allege The Commission Of Predicate Acts By
                        The Director Defendants...............................................................................11

                2.      The Complaint Fails To Allege The Requisite Continuity Between
                        Predicate Acts ...............................................................................................13

        C.      Plaintiff Has Failed To State A Claim For A RICO Conspiracy...............................13

        D.      The RICO Pleading Fails To Satisfy The Pleading Requirements Of
                Fed. R. Civ. P. 9(b) ..................................................................................................14

| IV. | | The Remaining Causes Of Action Should Be Dismissed | 16 |
| | A. | The Florida RICO Claim Fails For The Same Reasons As The Federal RICO Claim | 16 |
| | B. | Plaintiff Fails To State A Claim For Invasion Of Privacy And Conversion With Regard To The Director Defendants | 17 |
| | C. | The Interference With Contractual Relationships Claim Fails To Allege The Contracts With Which The Defendants Are Alleged To Have Interfered | 18 |
| V. | | A More Definite Statement Should Be Required | 19 |
| | | CONCLUSION | 19 |

# TABLE OF AUTHORITIES

## CASES

Agency for Health Care Admin. v. Assoc. Indus. of Fla., 678 So. 2d 1239 (Fla. 1996) ........ 17, 18

Aldridge v. Lily-Tulip, Inc. Salary Retirement Plan Benefits Comm., 953 F.2d 587 (11th Cir.
        1992) ....................................................................................................................................13

Anderson v. Dist. Bd. of Trustees of Cent. Fla. Community College, 77 F.3d 364 (11th Cir.
        1996) ....................................................................................................................................19

Asahi Metal Indus. Co. v. Superior Court of Cal., 480 U.S. at 102 (1987).....................................6

Blu-J, Inc. v. Kemper C.P.A. Group, 916 F.2d 637 (11th Cir. 1990) .............................................12

Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364 (11th Cir. 1997) ............14, 15

Carnival Cruise Lines, Inc. v. Oy Wartsila Ab, 159 B.R. 984 (S.D. Fla. 1993) ........................7, 8

In re Cascade Int'l Sec. Litig., 840 F. Supp. 1558 (S.D. Fla. 1993) ..............................................15

Colonial Penn Ins. v. Value Rent-A-Car Inc., 814 F. Supp. 1084 (S.D. Fla. 1992) ...............15, 17

Davis v. Southern Bell Tel. & Tel. Co., 1994 WL 912242 (S.D. Fla. 1994) .................................16

Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So. 2d 812 (Fla. 1994) ............................18, 19

Ferguson Transp., Inc. v. North American Van Lines, Inc., 687 So. 2d 821 (Fla. 1996) .............18

Ginsberg v. Lennar Fla. Holdings, Inc., 645 So. 2d 490 (Fla. 3d DCA 1994) .......................16, 18

Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947)..........................................................................7, 8

H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989) .......................................................13

Hibiscus Assocs. Ltd. v. Bd. of Trustees of the Policemen and Firemen Retirement Sys. of the
        City of Detroit, 50 F.3d 908 (11th Cir. 1995) ....................................................................16

Kingston Square Tenants Ass'n v. Tuskegee Gardens, Ltd., 792 F. Supp. 1566 (S.D. Fla.
        1992) ...............................................................................................................................9, 10

L.O.T.I. Group Prods. v. Lund, 907 F. Supp. 1528 (S.D. Fla. 1995) ..............................................2

Loft v. Fuller, 408 So. 2d 619 (Fla. 4th DCA 1982) ...............................................................17, 18

Magnin v. Teledyne Continental Motors, 91 F.3d 1424 (11th Cir. 1996) .......................................7

McNally v. United States, 483 U.S. 350 (1987) ...........................................................................10

O'Malley, O.S.A. v. O'Neill, O.S.A., 887 F.2d 1557 (11th Cir. 1989) .....................................9, 11

O'Malley v. St. Thomas Univ., Inc., 599 So. 2d 999 (Fla. 3d DCA. 1992) ..................................16

Pelletier v. Zweifel, 921 F.2d 1465 (11th Cir. 1991).....................................................9, 11, 12, 19

Purrelli v. State Farm Fire and Cas. Co., 1997 WL 529709 (Fla. 2d DCA 1997)........................18

Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935 (11th Cir. 1997) ...7, 8,
                                                                                                                                              11, 14

In re Sahlen & Assocs. Sec. Litig., 773 F. Supp. 342 (S.D. Fla. 1991) ........................................12

Scherer v. Labors Int'l Union, 746 F.Supp. 73 (N.D. Fla. 1988) ..................................................18

Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623 (11th Cir. 1996) ....................................2, 5, 6

Seymour v. Adams, 638 So. 2d 1044 (Fla. 5th DCA 1994) ..........................................................18

State v. Russo, 493 So. 2d 504 (Fla. 4th DCA 1986) ....................................................................16

Thunderwave, Inc. v. Carnival Corp., 954 F. Supp. 1562 (S.D. Fla. 1997) ..................................19

United States v. Downs, 870 F.2d 613 (11th Cir. 1989)................................................................11

Williams v. City of Minneola, 575 So. 2d 683 (Fla. 5th DCA 1991) ...........................................17

## STATUTES

The Securities Exchange Act of 1934.............................................................................................3

18 U.S.C. § 1961(5)......................................................................................................................11

18 U.S.C. § 1962(c) ..........................................................................................................8, 9, 11, 12, 13

18 U.S.C. § 1962(d) .............................................................................................................9, 13, 14

18 U.S.C. § 1964(c) ........................................................................................................9, 11, 12, 13

Fed. R. Civ. P. 9(b) ...................................................................................................2, 14, 15, 19

Fed. R. Civ. P. 12(b)(2)..............................................................................................4, 5, 6, 19

Fed. R. Civ. P. 12(b)(6).........................................................................................10, 11, 13, 19

Fed. R. Civ. P. 12(e) .......................................................................................................19, 20

Fla. Stat. ch. 48.193, Florida Long-Arm Statute............................................................2, 6

Fla. Stat. § 48.193(1)(b)..........................................................................................................2

Fla. Stat. § 48.193(2)..........................................................................................................2, 5

Fla. Stat. ch. 772, Florida Civil Remedies for Criminal Practices Act ...........................16

Fla. Stat. § 772.103(3).........................................................................................................16

Fla. Stat. § 772.103(4).........................................................................................................16

## OTHER AUTHORITY

Restatement (Second) Torts § 652B ...............................................................................18

## Preliminary Statement

Plaintiff Douglas Leese ("plaintiff") has filed this $20 million RICO complaint (the "Complaint") against Defendants Lady Grantchester, James Gunnar Suenson-Taylor, John Moores, John D. Nettleton and Leonard Wailing Van Geest (collectively, the "Director Defendants"), all of whom are present or former Directors of The Littlewoods Organisation  PLC ("TLO"), without alleging a single wrongful act committed by any of the Director Defendants.  Indeed, a reading of the Complaint demonstrates that the Director Defendants have been sued simply because of their status as present or former members of the TLO Board of Directors.  That status, however, provides no basis for claiming that they have committed an indictable offense in Florida, which is what civil RICO requires.

The motivation for plaintiff's pleading seems as obvious as the Complaint's many flaws.  As detailed in the accompanying affidavit of Robert John Latton, Solicitor ("Latton Aff."), plaintiff is involved in a lawsuit in the United Kingdom with some TLO subsidiaries in which the propriety of agreements between those TLO subsidiaries and companies alleged to be controlled by plaintiff has been questioned.  As an apparent tactical maneuver in the litigation in the United Kingdom, this baseless RICO claim was lodged.

Plaintiff's claims against the Director Defendants should be dismissed because:

1.  Florida's long-arm statute, plaintiff's purported basis for jurisdiction, does not reach the Director Defendants. Moreover, the exercise of personal jurisdiction over the Director Defendants would offend the Due Process Clause of the Fourteenth Amendment;

2.  The Complaint alleges a set of facts by which it is clear that the Director Defendants were not the principals of any agents alleged to have committed a tort in Florida;

3.  Plaintiff lacks standing to assert his *in terrorem* RICO claim because he has not, and cannot, plead an injury to his trade or business; even if he had standing, plaintiff pleads a set of facts that establish the absence of the Director

-1-

Defendants' involvement in alleged predicate acts or a pattern of racketeering activities;

4. Plaintiff's pleading of mail and wire fraud, as the alleged predicate acts for his RICO claims, does not approach satisfaction of Federal Rule of Civil Procedure 9(b)'s particularity pleading requirements; and

5. The remaining Florida claims also should be dismissed.

These points are addressed below.

## ARGUMENT

### I.

### PLAINTIFF CANNOT ASSERT PERSONAL JURISDICTION OVER THE DIRECTOR DEFENDANTS

Plaintiff attempts to use the Florida long-arm statute (Fla. Stat. § 48.193) to assert personal jurisdiction over the Director Defendants. In attempting to do so, plaintiff not only must demonstrate that the reach of the long-arm statute extends to the Director Defendants, but also that the exercise of such jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 630-31 (11th Cir. 1996); L.O.T.I. Group Prods. v. Lund, 907 F. Supp. 1528, 1533-34 (S.D. Fla. 1995). Neither the state statutory nor federal constitutional requirements is met here.

A. **The Complaint Fails to Satisfy Florida's Long-Arm Statute**

1. The Complaint's Allegations Regarding The Director Defendants Do Not Permit The Exercise of Personal Jurisdiction Over Them

Florida's long-arm statute provides for jurisdiction over persons "committing a tortious act within" Florida.[1] Fla. Stat. § 48.193(1)(b). Absent from the

---

[1] As implicitly acknowledged by plaintiff, the Director Defendants do not engage in "substantial and not isolated activity" in Florida or in the United States such that the general jurisdiction provision of the long-arm statute of Florida, or any other state, is applicable to them. See Fla. Stat. § 48.193(2); affidavit of James Gunnar Suenson-Taylor ("Suenson-Taylor Aff.") at ¶¶ 2, 3, 5; Affidavits of remaining Director Defendants ("D.D. Affs.") at ¶¶ 2-4.

Complaint, however, are the allegations essential for the "tortious act" provision of the Florida long-arm statute to be applicable to the Director Defendants.

First, plaintiff fails to allege the commission of a tortious act within Florida by anyone. While the Complaint gives an indication of events that allegedly occurred in other jurisdictions, such as telephone records being obtained from the Bermuda Telephone Company (see Complaint at ¶ 51) and telephone calls made to and in Utah (see Complaint at ¶¶ 53, 74), the Complaint contains no allegations regarding tortious conduct in Florida.

Second, even if plaintiff had alleged tortious conduct in Florida, he has not alleged that the Director Defendants played any role in such conduct. Indeed, the only allegation of conduct by the Director Defendants is found in paragraph 43 of the Complaint, where it is alleged that TLO and the Director Defendants hired Network Security Management Limited to investigate Barry Dale, a person not a party to this action. There is no suggestion that TLO's employment of Network had any connection to Florida or that Mr. Dale has any connection to Florida, much less that this activity was a tortious act in Florida. The later conclusion in the Complaint that the Director Defendants somehow "caused [other agents] to be hired" (Complaint at ¶ 69(a)) rings hollow given the absence of a factual predicate. In sum, plaintiff has failed to allege that the Director Defendants had any relationship with any parties alleged by the plaintiff to have committed tortious acts, especially a tie that would render the Director Defendants responsible for the actions of those parties.

Plaintiff's failure is not remedied by his alleging, in a conclusory fashion, that each of the Director Defendants were "control person[s]" or "controlling person[s]" of TLO. Complaint at ¶¶ 11, 13, 15, 16, 17. While that term may have meaning under the federal securities laws, see § 20(a) of the Securities Exchange Act of 1934 (providing for joint and several liability of "controlling persons" involved in a violation of the securities laws), it has no significance here. As a result, even if plaintiff had adequately alleged that TLO had committed tortious and/or unlawful acts in Florida through an alleged agent, characterizing the Director Defendants as "control person[s]" would not

-3-

transform alleged agents of TLO into persons for whom the Director Defendants are legally responsible.

Plaintiff's failure to allege the commission of a tortious act within Florida and his failure to allege that the Director Defendants either directly or indirectly committed any such tortious act, much less that they committed a substantial aspect of such act, renders the exercise of Florida long-arm jurisdiction over the Director Defendants by this Court invalid and mandates dismissal pursuant to Fed. R. Civ. P. 12(b)(2).

> 2. The Complaint Concedes That TLO Did Not Enter Into An Agency Relationship With A Person Over Whom Jurisdiction Can Be Asserted

Even if the plaintiff had adequately alleged that purported agents of TLO could be considered purported agents of the Director Defendants merely because of their status as directors, personal jurisdiction still would fail because there is no allegation that TLO committed tortious and/or unlawful acts that resulted in injury in Florida. The Complaint does not allege that TLO retained any of the parties who allegedly committed a tortious act within Florida. Indeed, as was the case with that assertion with regard to the Director Defendants, that conclusion is contradicted by the Complaint, which alleges simply that TLO retained Network Security to investigate a Mr. Barry Dale. Complaint at ¶ 43. That allegation plainly does not confer jurisdiction since Network is itself an English company not alleged to have committed any tortious act within Florida.

Indeed, plaintiff fails to allege that TLO retained any agents in Florida and/or in the United States for the purpose of the commission of the tortious and/or unlawful acts alleged by the plaintiff in the Complaint; authorized anyone to retain any agents for the purpose of the commission of the tortious and/or unlawful acts alleged by the plaintiff in the Complaint; instructed or supervised any agents for the purpose of the commission of the tortious and/or unlawful acts alleged by the plaintiff in the Complaint; had knowledge of any of the agents alleged to have committed the tortious and/or unlawful acts alleged by the plaintiff in the Complaint or knowledge of such acts

themselves.  Without such allegations, plaintiff has failed to allege a sufficient connection

between the defendants who purportedly committed the tortious and/or unlawful acts and

TLO.[2]  That conclusion further undermines plaintiff's attempts to gain personal

jurisdiction over the Director Defendants through his use of the inapplicable "control

person" language and mandates that all claims against the Director Defendant should be

dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

**B.**   **The Assertion of Personal Jurisdiction Would Offend Due Process**

> The Eleventh Circuit has identified three relevant criteria for assessing

whether the Fourteenth Amendment's Due Process Clause is satisfied:

> > First, the contacts must be related to the plaintiff's cause of action or have
> > given rise to it.  Second, the contacts must involve some purposeful
> > availment of the privilege of conducting activities within the forum,
> > thereby invoking the benefits and protections of its laws.  Finally, the
> > defendant's contacts within the forum state must be such that [she or he]
> > should reasonably anticipate being haled into court there.

Sculptchair, 94 F.3d at 631 (citation omitted).  As demonstrated in the affidavits of the

Director Defendants, none of these criteria is satisfied.  Specifically, none of the Director

Defendants has had any contact with Florida related to the alleged tortious and/or

unlawful acts which give rise to the plaintiff's cause of action for RICO or other common

law violations (see Suenson-Taylor Aff. at ¶ 5; D.D. Affs. at ¶ 4); none of the Director

Defendants has had any business contact with Florida and thus, none has purposefully

availed himself or herself of the privilege of conducting activities within the forum

thereby invoking the benefit and protection of Florida's laws (see Suenson-Taylor Aff. at

¶ 2, 3, 5; D.D. Affs. at ¶ 2-4); and, given the almost complete absence of contact with

Florida, none should have reasonably anticipated being brought into court in that state

---

[2]   Like the Director Defendants, TLO does not engage in "substantial and not isolated activity" in Florida
or in the United States such that the general jurisdiction provision of the long-arm statute of Florida, or
any other state, is applicable to it.  See Fla. Stat. § 48.193(2); Suenson-Taylor Aff. at ¶ 4.

(id.). Thus, none of the Director Defendants has established "minimum contacts" with the forum.

It also cannot be concluded that the exercise of personal jurisdiction over the Director Defendants is consistent with "traditional notions of fair play and substantial justice" based upon the factors identified as being relevant to that determination, including "the burden on the defendant, the interests of the forum . . . , and the plaintiff's interest in obtaining relief." Sculptchair, 94 F.3d at 631 (citation omitted). A heavy burden of time and expense would be placed upon the Director Defendants if they were forced to defend themselves against the myriad of meritless charges leveled against them in the Southern District of Florida. That heavy burden, which should be accorded particular significance, see Asahi Metal Indu. Co. v. Superior Court of California, 480 U.S. 102, 114 (1987), far outweighs the interest of the forum, if any, in disposing of warrantless claims as well as the interest of a foreign plaintiff in obtaining relief which could be sought in other forums. This balancing has particular significance given the presence in England of related litigation to which plaintiff is a party. See Latton Aff. at ¶¶ 2-11. Thus, it would be inconsistent with "traditional notions of fair play and substantial justice" for the Court to exercise personal jurisdiction over the Director Defendants.

Since the Director Defendants have not established sufficient "minimum contacts" with the forum and the exercise of personal jurisdiction would indeed offend "traditional notions of fair play and substantial justice," the exercise of personal jurisdiction over those defendants by this Court does not comport with due process.[3] As a result, as to the Director Defendants, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

---

[3]     As set forth in the affidavits of the Director Defendants, the lack of "minimum contacts" is not confined to Florida but applies in general to the United States. Such fact further underscores the burden which would be imposed on the Director Defendants were they forced to litigate in Florida and demonstrates that those defendants do not have a constitutionally significant relationship which would permit any other United States court to exercise jurisdiction. See Suenson-Taylor Aff. at ¶¶ 2, 3, 5; D.D. Affs. at ¶¶ 2-4.

## II.

### PLAINTIFF'S CLAIMS SHOULD BE
### DISMISSED FOR *FORUM NON CONVENIENS*

The facts as pleaded by plaintiff demonstrate that: (1) an adequate alternative forum for his claims is available; and that (2) the private and public interest factors favor dismissal. As a result, plaintiff's claims should be dismissed on *forum non conveniens* grounds. See Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 (11th Cir. 1997) (citing Magnin v. Teledyne Continental Motors, 91 F.3d 1424, 1429 (11th Cir. 1996)).

As set forth in the accompanying Latton affidavit, for approximately two and a half years TLO and several of its subsidiaries have been involved in litigation involving a number of consolidated actions and claims with various companies controlled by plaintiff and his son in the High Court in England. Latton Aff. at ¶¶ 2-11. Plaintiff could bring claims seeking relief for the conduct at issue in the ongoing English proceedings, since the English court has jurisdiction over all parties in this action either by reason of the citizenship of such parties or by reason of an English Supreme Court Order 11, which allows a party to seek leave to assert jurisdiction over "necessary and proper" parties located outside of the jurisdiction. Latton Aff. at ¶ 3. As a result, the first requirement of an alternate adequate forum has been met. See Carnival Cruise Lines, Inc. v. Oy Wartsila Ab, 159 B.R. 984, 991 (S.D. Fla. 1993) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 506-07 (1947)) (the alternate adequate forum requirement is "not a high hurdle" and "will be satisfied when the defendant is 'amenable to process' in the other jurisdiction."). That conclusion is not changed by the inability of plaintiff to bring his RICO claims in the English proceedings. See Republic of Panama, 119 F.3d at 952 (inability of plaintiff to assert a RICO claim in the foreign forum does not render the foreign forum inadequate).

Having demonstrated that there is an adequate alternative forum, it must be shown that the private and public interest factors weigh in favor of dismissal. Republic of Panama, 119 F.3d at 951. Relevant private factors include "the relative ease

of access to sources of proof, ability to obtain witnesses, and 'all other practical problems that make trial of a case easy, expeditious and inexpensive.'" Id. at 952 (citations omitted). The fact that there are proceedings which have been pending in England for over two and a half years in which plaintiff could seek redress for the wrongful conduct alleged in the complaint strongly supports a *forum non conveniens* dismissal. Id. at 953 ("it would be more efficient and less costly to resolve this dispute in one of the three jurisdictions where the BCCI court-appointed liquidators are already conducting proceedings..."). Similarly, public interest factors weigh in favor of a *forum non conveniens* dismissal. Relevant public factors include: "the sovereigns' interests in deciding the dispute, the administrative burdens posed by trial, and the need to apply foreign law." Id. at 953 (citing Gulf Oil Corp. 330 U.S. at 508). The English court has a strong interest in resolving all of the claims between the parties and the proceeding in England, all of which relate directly to acts alleged to have been undertaken and/or initiated in that jurisdiction. The validity of that assertion is demonstrated by the consolidation of claims already ordered by English court. Latton Aff. at ¶¶ 8-9. Furthermore, the claims raised by plaintiff in this action may well implicate English law, a fact which, although not dispositive, "is a key factor to be considered." See Carnival Cruise Lines, 159 B.R. at 996-97.

Thus, the United Kingdom is an adequate alternative forum and the public and private interest factors weigh in favor of that alternative forum. As a result, plaintiff's claims should be dismissed on *forum non conveniens* grounds.

## III.

### PLAINTIFF'S RICO CLAIMS ARE MERITLESS AND SHOULD BE DISMISSED

In Count One of the Complaint, plaintiff charges the defendants with violating 18 U.S.C. § 1962(c), which provides in pertinent part that "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or

indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . ." See Complaint at ¶¶ 63-78. Plaintiff furthermore claims that because of the harm to him that resulted from the Director Defendants' alleged violations of 18 U.S.C. § 1962(c) ("§ 1962"), he is entitled to collect damages pursuant to subsection (c) of 18 U.S.C. § 1964 ("§ 1964") (commonly referred to as "civil RICO"). Complaint at ¶ 78. In Count Two of the Complaint, plaintiff charges the defendants with violating 18 U.S.C. § 1962(d), which makes it unlawful to conspire to commit a RICO violation. Even accepting plaintiff's allegations as true, as the Court does in ruling on a motion to dismiss, Kingston Square Tenants Ass'n v. Tuskegee Gardens, Ltd., 792 F. Supp. 1566, 1571 (S.D. Fla. 1992), plaintiff's RICO claims against the Director Defendants should be dismissed.

### A.   **Plaintiff Lacks Standing To Assert A Civil RICO Claim**

"[I]n order to have standing to sue for damages under § 1964(c), [a plaintiff] must show: (1) a violation of § 1962; (2) injury to business or property; and (3) that the violation caused the injury." O'Malley, O.S.A. v. O'Neill, O.S.A., 887 F.2d 1557, 1561 (11th Cir. 1989). While plaintiff has not sufficiently alleged a violation of § 1962 and the requisite injury,[4] he also fails completely to allege that "the violation caused the injury" as mandated by the Eleventh Circuit and therefore, has no standing to proceed with his claims.

The Eleventh Circuit has held when predicate acts are alleged to be mail fraud or wire fraud a plaintiff only has standing to proceed with a § 1964(c) claim if that plaintiff was "a target of the scheme to defraud" and "relied to his detriment on misrepresentations made in furtherance of that scheme." Pelletier, 921 F.2d at 1499-1500 (citations omitted); see also O'Malley, 887 F.2d at 1563 ("plaintiffs lack standing

---

[4]   Plaintiff's failure to adequately plead a violation of § 1962 is discussed below at pp. 11-13. With regard to pleading injury, a civil RICO plaintiff basing his claim on the predicate acts of mail and/or wire fraud must show not only that the mail or wire fraud statutes have been violated, but also that he has suffered injury as a result of those particular violations. See Pelletier v. Zweifel, 921 F.2d 1465, 1499 (11th Cir. 1991). Plaintiff makes no such allegations. See Complaint at ¶¶ 62, 78.

because they are not the victims or targets of the mail fraud"); <u>Kingston Square Tenants Ass'n</u>, 792 F. Supp. at 1578 ("when alleged the predicate act is mail or wire fraud, the plaintiff must have been a target of the scheme to defraud and must have relied to his detriment on misrepresentations made in furtherance of that scheme").

According to plaintiff's own allegations, the target of the alleged mail and wire fraud schemes that purportedly constitute the predicate acts were parties other than the plaintiff, such as the Bermuda Telephone Company. [5]  Complaint at ¶¶ 69, 70-74. Indeed, nowhere in the Complaint does the plaintiff allege, nor could he allege, that he was the intended victim of any purported scheme to defraud or that he relied to his detriment on misrepresentations made in furtherance of any such scheme.  Furthermore, plaintiff fails to allege that any tangible property loss suffered by him was the result of his being the intended victim of a purported scheme to defraud and because he relied to his detriment on misrepresentations made in furtherance of the scheme.  As a result, plaintiff simply has no standing to bring his civil RICO claim and that claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff's relationship to any scheme to defraud is further attenuated by the fact that the telephone records that were allegedly obtained by the alleged mail and wire fraud on which plaintiff primarily relies were that of "a company called Drax Holdings Limited" with which plaintiff claims he is merely "affiliated."  Complaint at ¶ 52. Indeed, six months before plaintiff initiated this lawsuit, Drax Holding sued and obtained default judgments against James Rapp and Winter Information Network Corporation, two of the defendants in this case, based upon the same conduct that is the basis of plaintiff's Complaint in this action.

---

[5]    In addition to his lack of standing to bring a RICO claim based on the predicate acts of mail and wire fraud, plaintiff has failed to state a claim for mail or wire fraud in the numerous instances in which he fails to allege that any person was deprived of "something of value by trick, deceit, chicane or overreaching." <u>See</u> <u>McNally v. United States</u>, 483 U.S. 350, 358 (1987). <u>See, e.g.,</u> Complaint at ¶¶ 48, 60, 68.  Plaintiff's attempt to disguise the absence of the existence of facts demonstrating mail and wire fraud by including allegations which fail to support those claims as a matter of law should be disregarded.

Plaintiff's deficiency with regard to standing is not remedied by his allegations that "adverse information" about him was sought to be obtained from and disseminated to parties whose identities were revealed through a scheme to defraud. Complaint at ¶¶ 69(d), 72, 74. That purported relationship to the scheme to defraud is simply too attenuated to render plaintiff the target of the scheme to defraud as is required by the Eleventh Circuit. See Pelletier, 921 F.2d at 1499-1500; O'Malley, 887 F.2d at 1563.

**B.     The Complaint Fails To Allege A Pattern Of Racketeering
        Activity As To The Director Defendants**

   1.     The Complaint Fails To Allege The Commission Of
          Predicate Acts By The Director Defendants

Plaintiff's § 1964(c) claim against the Director Defendants, based on an alleged § 1962(c) claim, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for the further reason that plaintiff has failed to allege facts demonstrating that any of those Director Defendants have "conduct[ed] or participat[ed], directly or indirectly, in the conduct of an enterprise[6] . . . through a pattern of racketeering activity," by failing to allege that the Director Defendants committed, or aided or abetted in the commission of, two or more predicate acts. See Republic of Panama, 119 F.3d at 948-49 (citing 18 U.S.C. § 1961(5)).

In this case, plaintiff relies on the underlying predicate acts of mail and wire fraud. In order to claim that the Director Defendants committed those predicate acts, plaintiff must allege that the defendants "(1) intentionally participate[d] in a scheme to defraud another of money or property; and (2) use[d] the mails or wires in furtherance of that scheme." Pelletier, 921 F.2d at 1498 (citing United States v. Downs, 870 F.2d 613, 615 (11th Cir. 1989)). In addition, in order to prove violations of either the mail or wire fraud statute, the plaintiff must demonstrate that each Director Defendant had "the

---

[6]    Plaintiff has also failed to allege facts from which it may be concluded that the Director Defendants were or are "employed by or associated with any enterprise engaged in . . . interstate commerce or foreign commerce" as is required to state a claim for a violation of § 1962(c).

requisite *mens rea*" or intent to defraud the plaintiff. <u>Pelletier</u>, 921 F.2d at 1499, <u>see</u> <u>also</u> <u>Blu-J, Inc. v. Kemper C.P.A. Group</u>, 916 F.2d 637, 642 (11th Cir. 1990). Plaintiff has failed to make those allegations with regard to the Director Defendants.

In fact, none of plaintiff's allegations regarding the predicate acts include a reference to conduct by the Director Defendants. Instead, plaintiff merely alleges that, in the most general terms, the "<u>defendants</u> both participated directly in . . . and aided, abetted, counseled or induced the commission of" the predicate acts. Complaint at ¶ 67 (emphasis added). That is not an allegation that the Director Defendants committed mail or wire fraud, and certainly not an allegation that the Director Defendants had the requisite *mens rea* or intent to defraud necessary to state a claim for a violation of the mail and wire fraud statutes. In addition, having failed to allege any relationship between the Director Defendants and the parties who allegedly committed the predicate acts, plaintiff may not rely on any allegation that the Director Defendants committed the predicate acts through any such agent.

Plaintiff's failure to allege that the Director Defendants possessed the requisite *mens rea* or specific intent to defraud is also fatal to any claim on plaintiff's part that Director Defendants aided and abetted the commission of the predicate acts. In order to state a claim for such aiding and abetting, plaintiff must allege that the Director Defendants shared the committing defendant's intent to defraud. <u>See</u> <u>In re Sahlen &</u> <u>Assocs. Sec. Litig.</u>, 773 F. Supp. 342, 368 (S.D. Fla. 1991). Plaintiff must also allege that the Director Defendants were "associated with the wrongful conduct, participated in it with the intent to bring it about, and sought by [their] actions to make it succeed." <u>Id.</u> at 367. The plaintiff has made no such allegations.

As a result, plaintiff has failed to allege that the Director Defendants committed, or aided or abetted in the commission of, the predicate acts necessary to state a claim for a violation of § 1962 (c) and that claim should be dismissed. Without the § 1962(c) claim, plaintiff's claim pursuant to § 1964 necessarily fails and also should be dismissed.

2.   The Complaint Fails To Allege The Requisite Continuity
     Between Predicate Acts

Not only has plaintiff failed to allege that the Director Defendants committed even one of the at least two predicate acts required in order to allege a "pattern of racketeering activity," as is required for a § 1962(c) claim, plaintiff has also failed to allege the "continuity plus relationship" which courts have held must be shown as to those predicate acts in order to demonstrate a "pattern of racketeering activity." Aldridge v. Lily-Tulip, Inc. Salary Retirement Plan Benefits Comm., 953 F.2d 587, 593 (11th Cir. 1992). That failure is a further reason why plaintiff's § 1964(c) claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff fails to recognize that "it is not the number of predicates, but the relationship that they bear to each other or to some external organizing principal that renders them 'ordered' or 'arranged'" and thus, a pattern. See H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 238 (1989). Assuming that plaintiff has adequately alleged that the predicate acts were related (which he has not), he must also allege that the predicate acts demonstrate either a close-ended continuity, a closed period of repeated conduct which threatens future conduct, or open-ended continuity, past conduct that by its nature projects into the future with a threat of repetition. Aldridge, 953 F.2d at 593.

Plaintiff makes no allegations regarding future criminal conduct, apparently simply relying on his mere assertion that the defendants' alleged commission of, or alleged aiding and abetting in the commission of predicate acts extended over a period of one year. Complaint at ¶ 76. Plaintiff's reliance is misplaced. His lack of allegations relating specifically to the threat of future misconduct renders plaintiff's allegations regarding a pattern of racketeering activity meaningless. See id. Without such pattern, plaintiff's RICO claim fails and should be dismissed.

## C.   Plaintiff Has Failed To State A Claim For A RICO Conspiracy

In attempting to state a claim for conspiracy in violation of RICO, 18 U.S.C. § 1962(d) ("§ 1962(d)"), plaintiff alleges that "defendants entered into

agreements and conspired to commit the predicate acts and other wrongful conduct described herein." Complaint at ¶¶ 80.  Those conclusory allegations fail to state a claim for a RICO conspiracy as to the Director Defendants.  In order to state such a claim, the plaintiff must allege facts demonstrating that either (1) the Director Defendants agreed to the overall objective of the conspiracy; or (2) the Director Defendants agreed to commit two or more predicate acts.  See Republic of Panama, 119 F.3d at 950.  Plaintiff has done neither.  Indeed, despite plaintiff's conclusory allegations of a purported "agreement" (Complaint at ¶¶ 80, 88), the Complaint is utterly devoid of facts demonstrating the existence thereof.  Moreover, the Complaint is wholly devoid of any reference to or facts indicating that any of the Director Defendants entered into any agreement whatever.  Plaintiff's conclusory and meaningless assertions cannot remedy that deficiency.  His claim that the Director Defendants violated § 1962(d) should be dismissed.

### D.    The RICO Pleading Fails To Satisfy The Pleading Requirements Of Fed. R. Civ. P. 9(b)

Plaintiff's reliance on the predicate acts of mail and wire fraud for his RICO[7] claim triggers the application of Fed. R. Civ. P. 9(b), which provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Plaintiff's allegations regarding his RICO claim fall far short of the level of specificity required by Fed. R. Civ. P. 9(b) in at least two regards and thus, that claim should be dismissed.

First, the plaintiff fails to plead fraud as to each of the individual defendants with the requisite specificity.  Instead, the Complaint is characterized by sweeping allegations made against all fifteen defendants with almost no effort made to identify which specific defendant is alleged to have committed which specific fraudulent acts.  See, e.g., Complaint at ¶¶ 70-72, 75-77.  As a result, plaintiff has not complied with Fed. R. Civ. P. 9(b).  See Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d

---

[7]    The requirements of Fed. R. Civ. P. 9(b) apply to plaintiff's federal and Florida RICO claims.

1364, 1381 (11th Cir. 1997) (citation omitted) (the practice of "lumping together" a group of defendants in a general allegation of fraud without laying out the "specific allegations with respect to the separate defendants" amounts to a violation of Fed. R. Civ. P. 9(b)).

Second, plaintiff fails to plead specifically the predicate acts that serve as the basis for his RICO claim. Plaintiff does not allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud," as is required by Fed. R. Civ. P. 9(b). See Brooks 116 F.3d at 1380-81. Nor does plaintiff make allegations which "describ[e] the alleged scheme in considerable detail," as required to plead fraud through "alternative means" and satisfy Fed. R. Civ. P. 9(b). See Colonial Penn Ins. v. Value Rent-A-Car Inc., 814 F. Supp. 1084, 1093 (S.D. Fla. 1992).

Instead, plaintiff resorts to blanket allegations of "fraudulent misrepresentation" made by the "defendants" for the purposes of obtaining "confidential information." Complaint at ¶ 52, 62. Allegations of that type with regard to the predicate acts of mail and wire fraud are not of sufficient particularity to survive a motion to dismiss pursuant to Fed. R. Civ. P. 9(b). See In re Cascade Int'l Sec. Litig., 840 F. Supp. 1558, 1582 (S.D. Fla. 1993) ("To maintain a RICO action, at a minimum, the plaintiffs must allege sufficient facts with enough specificity to show probable cause that the predicate acts were committed.").

Plaintiff's failure to plead with the requisite specificity leads to the conclusion that his civil RICO claim should be dismissed or that a more definite statement should be required.

### IV.

### THE REMAINING CAUSES OF
### ACTION SHOULD BE DISMISSED

**A.     The Florida RICO Claim Fails For The Same Reasons As
         The Federal RICO Claim**

The Florida RICO statute (Florida Civil Remedies for Criminal Practices

Act, Fla. Stat. ch. 772)[8] is "patterned after the federal RICO statute, and the same

standards apply under both statutes." Hibiscus Assocs. Ltd. v. Bd. of Trustees of the

Policemen and Firemen Retirement Sys. of the City of Detroit, 50 F.3d 908, 920 n.13

(11th Cir. 1995) (citation omitted); see also Davis v. S. Bell Tel. & Tel. Co., 1994 WL

912242 at *18 (S.D. Fla. 1994).  Recognizing the similarity of the two statutes, it has

been held that the Eleventh Circuit's strict view with regard to standing for federal civil

RICO claims that are based upon allegations of mail and/or wire fraud, see discussion

above at pp. 11-13, also applies to claims brought pursuant to the Florida statute.

O'Malley v. St. Thomas Univ., Inc., 599 So. 2d 999, 1000 (Fla. 3d DCA 1992).

In addition, as is the case with the federal RICO statute pursuant to which

plaintiff has brought his claims, the corresponding Florida RICO statute requires that a

plaintiff allege that the defendants conducted or participated in an enterprise through "a

pattern of criminal activity," as demonstrated by the commission of at least two predicate

acts with the requisite continuity.[9]  Ginsberg v. Lennar Fla. Holdings, Inc., 645 So. 2d

490, 501 (Fla. 3d DCA 1994) (citing Fla. Stat. § 772.103(3)).  Furthermore, the Florida

RICO conspiracy statute (Fla. Stat. § 772.103(4)) shares the same requirements as the

---

[8]    Plaintiff fails to specify the section of the Florida RICO statute pursuant to which he is seeking
recovery.  It is assumed, based upon plaintiff's allegation with regard to the federal RICO statute, that
plaintiff is claiming a violation of Fla. Stat. § 772.103(3).

[9]    Indeed, at least one Florida court has held that "'two incidents' of racketeering conduct" required by the
Florida RICO statute, as opposed to the "two predicate acts" required by the federal RICO statute,
serves to narrow the application of the Florida RICO statute.  State v. Russo, 493 So. 2d 504, 505 (Fla.
4th DCA 1986).

federal RICO conspiracy statute.  See Colonial Penn Ins. Co. v. Value Rent-a-Car Inc., 814 F. Supp. 1084, 1096 (S.D. Fla. 1992).

As a result, for the same reasons that plaintiff has failed to state a claim upon which relief can be granted with regard to a federal civil RICO claim, plaintiff has also failed to state a claim upon which relief can be granted with regard to his Florida RICO claim set forth in Counts Three and Four of the Complaint.  Those claims should be dismissed.

**B.      Plaintiff Fails To State A Claim For Invasion Of Privacy And Conversion With Regard To The Director Defendants**

Plaintiff fails to specify the type of invasion of privacy claim that he alleges the Director Defendants committed.  In Florida, the tort of invasion of privacy encompasses four smaller categories: Intrusion, Public Disclosure of Private Facts, False Light, and Appropriation.  Agency for Health Care Admin. v. Associated Ind. of Fla., 678 So. 2d 1239, 1252 n.20 (Fla. 1996); Loft v. Fuller, 408 So. 2d 619, 621 (Fla. 4th DCA 1982).

The torts of Public Disclosure of Private Facts and False Light both require publication as an element of a valid claim.  Plaintiff has not pleaded any facts relating to any publication of information about himself in any respect by the Director Defendants or their agents[10] and thus, has failed to state claims for invasion of privacy against those defendants under either of those two theories.  See Williams v. City of Minneola, 575 So. 2d 683, 689 (Fla. 5th DCA 1991) ("the publicity given to private facts must be to the public at large or to so many persons that the matter must be regarded as substantially certain to become public knowledge."); Agency for Health Care Admin., 678 So. 2d at 1252 n.20 (false light requires "publication of facts which place a person in a false light.").  Similarly, plaintiff has failed to state a claim of Appropriation against the Director Defendants because he has not alleged that the Director Defendants or their

---

[10]    As discussed above at pp. 2-4, plaintiff has failed to allege an agency relationship between the Director Defendants and any one of the parties who allegedly engaged in tortious and/or unlawful acts.

agents attempted a commercial exploitation of the property value of his name or personality, as required under Florida law. See Loft, 408 So. 2d at 621. Plaintiff has likewise failed to make allegations sufficient to state a claim for Intrusion against the Director Defendants by failing to allege that the Director Defendants or their agents invaded a private place seeking information that was of a confidential nature and that such conduct was unreasonably intrusive. Restatement (Second) Torts § 652B.

Plaintiffs claim for Invasion of Privacy should be dismissed for the additional reason that plaintiff has failed to allege that the Director Defendants committed any such tort intentionally. See Purrelli v. State Farm Fire and Cas. Co., 1997 WL 529709 at *2 (Fla. 2$^d$ DCA 1997) (noting that Florida courts recognize Invasion of Privacy to be an intentional tort and specifically holding that "[i]ntrusion upon seclusion must always be intentional to be tortious and cannot arise from a mere lack of due care.").

Plaintiff has similarly failed to plead the essential elements of a claim for conversion against the Director Defendants. Plaintiff fails to allege that the Director Defendants "exercise[d] wrongful dominion or control over property to the detriment of the rights of the actual owner," as is required by law. See Seymour v. Adams, 638 So. 2d 1044, 1046 (Fla. 5th DCA 1994). Moreover, plaintiff fails to allege that he has a "present possessory right" to the property alleged to have been converted. See Ginsberg v. Lennar Fla. Holdings, Inc., 645 So. 2d 490, 499 (Fla. 3d. DCA 1994) (quoting Scherer v. Labors Int'l Union of North America, 746 F.Supp. 73, 84 (N.D. Fla. 1988)). For those reasons, the claim of conversion against the Director Defendants should be dismissed.

## C.  The Interference With Contractual Relationships Claim Fails To Allege The Contracts With Which The Defendants Are Alleged To Have Interfered

It is well established that to state a claim for tortious interference, a plaintiff must show a "business relationship with an identifiable person." Ferguson Transp., Inc. v. North American Van Lines, Inc., 687 So. 2d 821, 822 (Fla. 1996); see also Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So. 2d 812, 815 (Fla. 1994) (denying a plaintiff's claim for tortious interference with a business relationship where

there was "'no identifiable agreement with [plaintiff's] past customers that they would return' for future business".); Thunderwave, Inc. v. Carnival Corp., 954 F.Supp. 1562, 1566 (S.D. Fla. 1997). The plaintiff makes no allegations regarding the identity of the contracts, the business or business opportunities with which he claims that the defendants tortiously interfered. As a result, plaintiff fails to state a claim for tortious interference and that claim should be dismissed.

## V.

## A MORE DEFINITE STATEMENT SHOULD BE REQUIRED

Plaintiff's Complaint is replete with factual allegations that are not material to any cause of action alleged (see, e.g., Complaint at ¶¶ 59-60), counts which inappropriately incorporate all such factual allegations (see, e.g., Complaint at ¶¶ 79, 84, 87, 92, 96, 102), allegations regarding unspecified "defendants" (see, e.g., Complaint at ¶¶ 70-72, 75-77, 93, 97) and other instances of vague and imprecise allegations (see Complaint at ¶¶ 61-62). Thus, plaintiff's complaint incorporates impermissible "shotgun pleadings." See Pelletier, 921 F.2d at 1518. As a result, if this Court determines that plaintiff's claims should not be dismissed, plaintiff should be required to file a more a definite statement pursuant to Fed. R. Civ. P. 12(e). See Anderson v. Dist. Bd. of Trustees of Cent. Fla. Community College, 77 F.3d 364, 366-67 (11th Cir. 1996).

## CONCLUSION

For the foregoing reasons, Defendants Lady Grantchester, James Gunnar Suenson-Taylor, John Moores, John D. Nettleton and Leonard Wailing Van Geest respectfully request that this Court grant their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of jurisdiction over the person(s); pursuant to *forum non conveniens*; pursuant Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted; and, with regard to Counts One through Four, pursuant to Fed. R. Civ. P. 9(b) for failure to plead with particularity. Alternatively, if this Court determines that

plaintiff's claims should not be dismissed, a more definite statement should be required

pursuant to Fed. R. Civ. P. 12(e).

Dated: New York, New York
      September 30, 1997

                          Respectfully submitted,

                          DONOVAN LEISURE NEWTON & IRVINE
                          30 Rockefeller Plaza
                          New York, New York  10112-3800
                          Telephone:  (212) 632-3000
                          Facsimile:  (212) 632-3321

                          By: CHARLES W. GERDTS, III

                          BIENSTOCK & CLARK
                          First Union Financial Center
                          200 South Biscayne Boulevard
                          Suite 3160
                          Miami, Florida  33131-2367
                          Telephone:  (305) 373-1100
                          Facsimile:  (305) 358-1226

                          By:  TERRY S. BIENSTOCK, P.A.
                              Florida Bar No. 259160
                              GEORGE R. HINCKLEY, JR.
                              Florida Bar No. 083097

                        Attorneys for Defendants Lady Grantchester,
                          James Gunnar Suenson-Taylor, John Moores,
                          John D. Nettleton and Leonard Wailing
                        Van Geest

Case No. 97-1910-CIV-LENARD
MAGISTRATE JUDGE DUBE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was hand-delivered to David Jaroslawicz, Esq., 150 William Street, 19th Floor, New York, NY 10038 and mailed to Isaac M. Jaroslawicz, Esq., Jaroslawicz & Jaros, Esqs., 9540 Collins Avenue, Surfside, Florida 33154, **Attorneys for Douglas Leese;** Ronald P. Ponzoli, Esq., Ponzoli, Wassenberg & Sperkacz, 302 Roland/Continental Plaza, 3250 Mary Street, Suite 302, Miami, Florida 33133 and Roger B. Butcher, Esq., Benitez & Butcher, P.A., 1223 East Concord Street, Orlando, Florida 32803, **Attorneys for Robert Brown and Associates, Inc. and Robert Brown;** Peter Prieto, Esq., Holland & Knight, LLP, 701 Brickell Avenue, Suite 3000, Miami, Florida 33131, **Attorneys for Network Security Management Limited;** William G. Salim, Jr., Moskowitz, Mandell & Salim, P.A., 800 Corporate Drive, Suite 510, Fort Lauderdale, Florida 33334, **Attorneys for Action Autoline, Inc. d/b/a Action Research Group** this 30th day of September, 1997.