UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

------------------------------------------------------------------ x

DOUGLAS LEESE,                                  :

                Plaintiff,               :

         v.                              :    Case No.
                                                        97-1910 CIV-LENARD

LADY GRANCHESTER, JAMES SUENSON-      :
TAYLOR, JOHN MOORES, JOHN D.                        Magistrate Judge Dubé
NETTLETON, LEONARD WAILING VAN         :
GEEST, NETWORK SECURITY                                 **MOTION OF DEFENDANTS**
MANAGEMENT LIMITED, JAMES J. RAPP    :    **LADY GRANTCHESTER, JAMES**
a/k/a DANIEL PEEL, CHRISTOPHER MORE,          **GUNNAR SUENSON-TAYLOR,**
COMMERCIAL DATA SERVICES LIMITED,  :    **JOHN MOORES, JOHN D.**
WINTER INFORMATION NETWORK CORP.,       **NETTLETON AND LEONARD**
ACTION AUTOLINE, INC. d/b/a ACTION        :    **WAILING VAN GEEST TO**
RESEARCH GROUP, BROWN AND                          **DISMISS OR ALTERNATIVELY,**
ASSOCIATES, INC., ROBERT BROWN,           :    **FOR A MORE DEFINITE**
ALISTAIR BROWN, and BERMUDA                       **STATEMENT**
RESEARCH SERVICES LIMITED,                    :

                Defendants.              :

------------------------------------------------------------------ x

Plaintiff Douglas Leese ("plaintiff) has filed this complaint (the "Complaint") asserting claims of violations of federal and Florida RICO statutes as well as common law torts against, among other defendants, Defendants Lady Grantchester, James Gunnar Suenson-Taylor, John Moores, John D. Nettleton, and Leonard Wailing Van Geest (collectively, the "Director Defendants"). For the reasons set forth below, and in more detail the Director Defendants'

Memorandum of Law in Support of Motion to Dismiss and supporting affidavits of Robert John Latton, Lady Grantchester, James Suenson-Taylor, John Moores, John D. Nettleton and Leonard Wailing Van Geest, the claims against the Director Defendants should be dismissed.

Plaintiff's claims against the Director Defendants should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) for lack of jurisdiction over the person because:

1. The reach of the "tortious act" provision of Florida's long-arm statute (Fla. Stat. § 48.193), plaintiff's purported basis for personal jurisdiction, does not reach to the Director Defendants because they did not commit a tortious act in Florida;

2. The assertion of personal jurisdiction would contravene the Due Process Clause of the Fourteenth Amendment because the Director Defendants lack the requisite "minimum contacts" with Florida and the exercise of personal jurisdiction would be inconsistent with "traditional notions of fair play and substantial justice."

Plaintiff's claims against the Director Defendants should be dismissed on grounds of *forum non conveniens* because an adequate alternative forum for his claims is available and the private and public interest factors favor such dismissal.

Plaintiff's claims against the Director Defendants should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim because:

1. Plaintiff has no standing to bring federal or Florida RICO claims based on the predicate acts of mail and wire fraud because he did not, and could not, allege facts demonstrating that he was the intended victim of any scheme to defraud nor does he ever allege that he relied to his detriment on misrepresentations made in furtherance of any scheme;

2. Plaintiff did not, nor could not, allege, a "pattern of racketeering activity" as to the Director Defendants, necessary to allege a § 1962(c) RICO violation, because he has not alleged, nor could he allege, that they

committed, or aided and abetted in the commission of, at least two predicate acts; much less the requisite "continuity;"

3. Plaintiff fails to allege, nor could he allege, facts demonstrating that the Director Defendants either agreed to the overall objective of any RICO conspiracy or the Director Defendants agreed to commit two or more predicate acts;

4. Plaintiff has failed to plead essential elements of claims for invasion of privacy, conversion and tortious interference against the Director Defendants.

In addition, plaintiff's RICO claims should be dismissed because he has not plead the predicate act fraud claims with the particularity required by Fed. R. Civ. P. 9(b).

WHEREFORE, Defendants Lady Grantchester, James Gunnar Suenson-Taylor, John Moores, John D. Nettleton and Leonard Wailing Van Geest respectfully request that this Court grant their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of jurisdiction over the person; pursuant to *forum non conveniens*; pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon relief can be granted; and, with regard to Counts One through Four, pursuant to Fed. R. Civ. P. 9(b) for failure to plead with

particularity. Alternatively, if this Court determines that plaintiff's claims should not be dismissed, a more definite statement should be required pursuant to Fed. R. Civ. P. 12(e).

Dated: New York, New York
       September 30, 1997

Respectfully submitted,

DONOVAN LEISURE NEWTON & IRVINE
30 Rockefeller Plaza
New York, New York 10112-3800
Telephone: (212) 632-3000
Facsimile: (212) 632-3321

By: CHARLES W. GERDTS, III

_____

BIENSTOCK & CLARK
First Union Financial Center
200 South Biscayne Boulevard
Suite 3160
Miami, Florida 33131-2367
Telephone: (305) 373-1100
Facsimile: (305) 358-1226

By:   TERRY S. BIENSTOCK, P.A.
       Florida Bar No. 259160
       GEORGE R. HINCKLEY, JR.
       Florida Bar No. 083097

_____

Attorneys for Defendants Lady Grantchester,
   James Gunnar Suenson-Taylor, John Moores,
   John D. Nettleton and Leonard Wailing Van Geest

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Filing was hand-delivered to David Jaroslawicz, Esq., Jaroslawicz & Jaros, Esqs., 150 William Street, 19th Floor, New York, NY 10038 and mailed to Isaac M. Jaroslawicz, Esq., Jaroslawicz & Jaros, Esqs., 9540 Collins Avenue, Surfside, Florida 33154, **Attorneys for Douglas Leese;** Ronald P. Ponzoli, Esq., Ponzoli, Wassenberg & Sperkacz, 302 Roland/Continental Plaza, 3250 Mary Street, Suite 302, Miami, Florida 33133 and Roger B. Butcher, Esq., Benitez & Butcher, P.A., 1223 East Concord Street, Orlando, Florida 32803, **Attorneys for Robert Brown and Associates, Inc. and Robert Brown;** Peter Prieto, Esq., Holland & Knight, LLP, 701 Brickell Avenue, Suite 3000, Miami, Florida 33131, **Attorneys for Network Security Management Limited;** William G. Salim, Jr., Moskowitz, Mandell & Salim, P.A., 800 Corporate Drive, Suite 510, Fort Lauderdale, Florida 33334, **Attorneys for Action Autoline, Inc. d/b/a Action Research Group** this ___1st___ day of October, 1997.

_____John A Hadley_____