UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DOUGLAS LEESE,

    Plaintiff,

v.

LADY GRANCHESTER, JAMES
SUENSON-TAYLOR, JOHN MOORES,
JOHN D. NETTLETON, LEONARD
WAILING VAN GEEST, NETWORK
SECURITY MANAGEMENT LIMITED,
JAMES J. RAPP a/k/a DANIEL
PEEL, CHRISTOPHER MORE,
COMMERCIAL DATA SERVICES
LIMITED, WINTER INFORMATION
NETWORK CORP., ACTION
AUTOLINE, INC., d/b/a
ACTION RESEARCH GROUP,
BROWN AND ASSOCIATES, INC.,
ROBERT BROWN, ALISTAIR BROWN,
and BERMUDA RESEARCH SERVICES
LIMITED,

    Defendants.

CASE NO.: 97-1910-CIV LENARD
Magistrate Judge Dube

NIGHT BOX
FILED
NOV 10 1997
CARLOS JUENKE
CLERK, USDC / SDFL / MIA

### REPLY TO THE PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANTS, ROBERT BROWN'S and BROWN & ASSOCIATES' MOTIONS TO DISMISS

COME NOW the Defendants, ROBERT BROWN and BROWN & ASSOCIATES, by and through undersigned counsel and pursuant to Local Rule 7.1 file this Reply Memorandum to the Plaintiff's Memorandum of Law in Opposition to the Defendants' Motion to Dismiss.

1. Plaintiff in his Memorandum in opposition does nothing to address the concerns raised in the Motions to Dismiss as to Defendant, ROBERT BROWN, individually.



1

CASE NO.: 97-1910-CIV LENARD

## I. PLAINTIFFS HAVE NOT ALLEGED THAT DEFENDANTS PARTICIPATED IN THE OPERATION OR MANAGEMENT OF THE ENTERPRISE ITSELF SUFFICIENT TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER RICO

2. RICO (18 USCS Sec.1962(c)) prescribes:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

3. "Enterprise" has been defined as an entity of some sort, such as a corporation or a group of persons associated together for a common purpose. United States v. Turkette, 452 U.S. 576, 583 (1981).

4. The Plaintiff's Complaint and Memorandum in Response to the Motions to Dismiss, do nothing to allege, as is required, that Brown or Brown & Associates participated in the management or conduct of the affairs of the Enterprise which was scheming to gain an advantage in the English litigation.

5. It is not enough that Brown or Brown & Associates are alleged to have carried on or participated in the Enterprise's affairs. Reves v. Ernst & Young, 507 U.S. 170 (1993). Instead they must have had some part in directing the enterprise's affairs. Id at 179 (emphasis in original)

6. Plaintiff's Memorandum in Opposition to the Motions to Dismiss (The Response) serves to strengthen the Defendants' position. The Response at the bottom of page three states that the Littlewoods Defendants utilized their substantial economic

2

CASE NO.: 97-1910-CIV LENARD

resources in "hiring private investigators in, among other places, the United States...." The Response through page four goes on to flesh out the allegations in the Complaint with facts which are alleged to demonstrate that the Littlewoods Defendants hired these various investigative entities including Brown & Associates in order to gain some advantage "as part of a major dispute and control contest among members of the Littlewoods Board of Directors..." (Response Memorandum of the Plaintiff at p.3.)

7. Moreover, buried in footnote 8 at the bottom of page thirteen of the memorandum, the Plaintiff confirms his intention that it will be his assertion that the Littlewoods Defendants were the principals <u>for whose benefit and at whose request</u> the investigative activities were being carried out. (emphasis supplied)

8. These assertions are set forth by the Plaintiff in order to firm up his assertion that all of the entities were acting in furtherance of a larger scheme to gain an advantage in the English litigation (see paragraph 66 of the Complaint).

9. While the Plaintiff has alleged (which the Defendants deny) that the acts complained of were illegal and that the acts may have benefitted the alleged RICO enterprise, the Complaint does not state a claim for which relief can be granted for treble damages and attorney's fees under the RICO Act because the Plaintiff has adduced no facts to suggest that Brown or Brown & Associates actual or projected role in the organization was to

CASE NO.: 97-1910-CIV LENARD

"lead, run, manage, or direct" any part of the "enterprise". Thus, they did not participate in the "conduct" of an enterprise and did not violate USCS §1962(c) even though they may have allegedly intentionally assisted a scheme to defraud. <u>Biofeedtrac v. Kolinor Optical Enterprises</u>, 832 F.Supp. 585 (E.D.N.Y. 1993), citing <u>Reves v. Ernst & Young</u>, supra

10. As revealed by the affidavits filed in support of the Response Memorandum, and according to the allegations of the Complaint, Brown's and Brown & Associates' roles were confined at all times to obtaining telephone records on a company (which is not a party) in which the Plaintiff is alleged to have had some interest. None of the allegations nor facts contained in the affidavit suggest that Brown or Brown & Associates participated in the operation or management of the enterprise on any decision as to how to use the information obtained in any manner much less in furtherance of an enterprise scheme as required under RICO. <u>Reves v. Ernst and Young</u>, supra.

11. The allegations in the Complaint beginning at paragraph sixty-five allege the "Enterprise" which forms the basis for the RICO action. Paragraph sixty-six defines the Enterprise as allegedly including the "Littlewoods Defendants, TLO and all persons and entities who shared the common purpose of seeking to achieve results in their internal corporate battle with Sir Desmond Pitcher and others and/or their litigation with Barry Dale, Prodip Guha and Leese which litigation is still taking place in the Courts

CASE NO.: 97-1910-CIV LENARD

of Great Britian, and to obtain and disseminate information illegally in order to obtain an unfair advantage for TLO as against Dale Guha and Leese."(Complaint at p.14)

12. Even a cursory reading of that paragraph begs the question how are Brown and Brown & Associates (who are not part of the litigation in England) involved in a common purpose of seeking to achieve results in the English litigation?

13. It is not enough to allege some illegal act which benefits an enterprise. Reves v. Ernst & Young, supra. The key is that the Defendant be alleged to have conducted--which is further defined to mean "to lead, run, manage, or direct"-- the Enterprise's affairs. *Id* In the absence of that allegation, the Complaint fails to state a claim for which relief can be granted against Brown and Brown & Associates. See Nolte v. Pearson, 994 F.2nd 1311 (8th Cir. 1993) (attorneys who prepared allegedly false opinion letters and informational memoranda regarding a music recording leasing program did not participate in the "operation or management." ; Gilmore v. Berg, 820 F.Supp. 179 (D.N.J. 1993), Attorney who prepared false private placement memoranda regarding limited partnerships determined to have played no role in initiating or formulating the process of syndication and was not "directing the legal entities he represented to engage in particular transactions." ; Fidelity Fed. Sav. & Loan Ass'n v. Felicetti, 830 F.Supp. 257 (E.D.Pa. 1993) (retained real estate appraisers which knowingly prepared misleading property appraisals,

CASE NO.: 97-1910-CIV LENARD

were not part of the operation or management of the enterprise).

14. Brown's and Brown & Associates' role in this entire matter is alleged to have been confined, at all times, to providing information requested specifically by Defendant More, who in turn was hired and directed by Network Security, who, in turn, is alleged to have been working under the auspices of the Enterprise and the remaining Littlewoods defendants. In such a circumstance the allegations fall short of what is required to establish a claim for RICO as to Brown and Brown & Associates. <u>Reves v. Ernst and Young</u>, <u>supra</u>. These are not "picayune and technical objections in the manner in which the RICO claim is plead in the Complaint" as suggested by the Plaintiff at p.11 of his Opposition Memorandum, but rather the crux of a RICO claim against the individual Defendants Brown and Brown & Associates.

15. The issue with respect to the Motion to Dismiss as to Brown and Brown & Associates is not whether there is a RICO claim that can be established against any Defendant, but rather are there sufficient allegations of RICO as discussed above to state a claim upon which relief can be granted against Brown and Brown & Associates. It is respectfully suggested that the allegations in the Complaint fall far short of what is required under 18 USCS §1962 (c) to establish that the Defendants conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity.

CASE NO.: 97-1910-CIV LENARD

## II. BROWN'S AND BROWN AND ASSOCIATES' CONDUCT HAS NOT BEEN SUFFICIENTLY ALLEGED TO SATISFY THE CONTINUITY PLUS RELATIONSHIP TEST IN ORDER TO ESTABLISH A PATTERN OF RACKETEERING ACTIVITY

16. The allegations of the Complaint contained in paragraphs forty-five through sixty provide the only acts to have been participated in any manner by Brown or Brown & Associates. They were to allegedly obtain copies of the Plaintiff's personal and company telephone bills in Bermuda (Complaint at p.11). The complaint and the affidavits attached to the plaintiff's Memorandum in Opposition weave a web of international intrigue covering three continents, and while they attempt in broad and general terms (which is one of the primary bases for the motion to dismiss or for more definite statement) to lump Brown and Brown & Associates among all other Defendants there are no specific acts alleged to have been committed by Brown or Brown & Associates other than the participation in obtaining telephone records in Bermuda.

17. In order to establish a RICO pattern, it must be shown that the predicates themselves amount to, or that they otherwise constitute a threat of, <u>continuing</u> racketeering activity. <u>H.J., Inc. v. Northwestern Bell Telephone Company</u>, 492 US 229, 240 (1988)(emphasis in original). Far from showing a continuing threat of racketeering activity on behalf of Brown & Associates, the Complaint alleges that Brown & Associates only acted for the benefit of the alleged Enterprise and at its direction, with respect to allegations of the Bermuda telephone records. Paragraph fifty-eight of the Complaint alleges other defendants received

7

CASE NO.: 97-1910-CIV LENARD

payment for services for obtaining the Drax holdings' telephone record in the amount of $2,114.00. Brown and Brown and Associates are alleged to have been hired to provide information. When the information was provided, payment allegedly was rendered.

18. There are absolutely no other factual allegations concerning Brown or Brown & Associates' continuing involvement with the remaining Defendants nor a threat of continuing involvement with the Enterprise. Therefore the allegations of the complaint do not satisfy the relationship plus continuity concept espoused by the Supreme Court in <u>H.J., Inc. v. Northwestern Bell Telephone Company</u>, 492 US 229 (1988) for:

> Predicate Acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement; Congress was concerned in RICO with long term criminal conduct. Often a RICO action will be brought before continuity can be established in this way. In such cases, liability depends on whether the threat of continuity is demonstrated. (*id* at 242)

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to: David Jaroslawicz, Esquire, 150 William Street, 19th Floor, New York, New York 10038 and to Isaac Jaroslawicz, Esquire, 9540 Collins Avenue, Surfside, Florida 33154, Roger B. Butcher, Esquire, Benitez & Butcher, P.A., 1223 East Concord Street, Orlando, Florida 32803, Charles W. Gerdts III,

8

CASE NO.: 97-1910-CIV LENARD

Esquire, Donovan, Leisure, Newton & Irvine, 30 Rockefeller Plaza, New York, New York  10112-3800, Terry S. Bienstock, Esquire & George Hinckley, Jr., Esquire, Bienstock & Clark, 200 South Biscayne Boulevard, Suite 3160, Miami, Florida  33131-2367, Peter Prieto, Esquire, Holland & Knight LLP, 701 Brickell Avenue, Suite 3000, Miami, Florida  33131, and William G. Salim, Jr., Esquire, Moskowitz, Mandell & Salim, P.A., 800 Corporate Drive, Suite 510, Fort Lauderdale, Florida  33334 on this  /0  day of  November, 1997.

> PONZOLI, WASSENBERG & SPERKACZ
> 3250 Mary Street
> Suite 302
> Roland/Continental Plaza
> Miami, Florida  33133
> (305) 442-1654 (Phone)
> (305) 567-0334 (Fax)
>
> By: _____
> JOHN P. KELLER, ESQUIRE
> Fla. Bar No.: 956619