UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

------------------------------------------------------------------- x

DOUGLAS LEESE,                                       :

            Plaintiff,                  :

            v.                               :    Case No.
                                                          97-1910 CIV-LENARD
LADY GRANCHESTER, JAMES SUENSON-      :
TAYLOR, JOHN MOORES, JOHN D.                    Magistrate Judge Dubé
NETTLETON, LEONARD WAILING VAN        :
GEEST, NETWORK SECURITY
MANAGEMENT LIMITED, JAMES J. RAPP     :
a/k/a DANIEL PEEL, CHRISTOPHER MORE,
COMMERCIAL DATA SERVICES LIMITED,     :
WINTER INFORMATION NETWORK CORP.,
ACTION AUTOLINE, INC. d/b/a ACTION          :
RESEARCH GROUP, BROWN AND
ASSOCIATES, INC., ROBERT BROWN,           :
ALISTAIR BROWN, and BERMUDA
RESEARCH SERVICES LIMITED,                   :

            Defendants.                :

------------------------------------------------------------------- x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION TO DISMISS OF DEFENDANTS LADY GRANTCHESTER,
JAMES GUNNAR SUENSON-TAYLOR, JOHN MOORES,
JOHN D. NETTLETON AND LEONARD WAILING VAN GEEST**

## TABLE OF CONTENTS

|  | Page |
|---|---|
| Table of Authorities | ii |
| Preliminary Statement | 1 |
| ARGUMENT | 1 |
| I. THE COMPLAINT SHOULD BE DISMISSED ON GROUNDS OF PERSONAL JURISDICTION AND *FORUM NON CONVENIENS* | 1 |
|    A. Plaintiff's Opposition Papers Demonstrate The Absence Of Personal Jurisdiction By Failing To Establish The Commission Of A Tortious Act Or Damage In Florida | 1 |
|    B. Plaintiff's Claims Should Be Dismissed On Grounds Of *Forum Non Conveniens* And Sent To England | 3 |
|    C. Plaintiff Is Not Entitled To Discovery Relating To Jurisdictional Issues Because The Relevant Facts Are Not Disputed | 4 |
| II. PLAINTIFF'S RICO CLAIMS SHOULD BE DISMISSED | 6 |
|    A. Plaintiff Concedes That He Cannot Satisfy The Eleventh Circuit Standing Requirements | 6 |
|    B. Plaintiff Is Not Entitled To Discovery To Cure Deficiencies In His RICO Pleading | 8 |
| III. PLAINTIFF'S ADDITIONAL CLAIMS SHOULD BE DISMISSED | 8 |
| CONCLUSION | 9 |

# TABLE OF AUTHORITIES

## CASES

Banco de Desarrollo Agropecuario, S.A. v. Gibbs, 640 F.Supp. 1168 (S.D. Fla. 1986) ................ 8

Camper & Nicholsons International, Ltd. v. Blonder Marine & Charter, Inc., 793 F. Supp. 318 (S.D. Fla. 1992) ................ 7

Chisolm v. Transsouth Fin. Corp., 95 F.3d 331 (4th Cir. 1996) ................ 6

Drax Holdings Limited v. James J. Rapp, et al., No. 95 Civ. 5821 (JGK) (S.D.N.Y.) ................ 5

Eaton v. Dorchester Development, Inc., 692 F.2d 727 (11th Cir. 1982) ................ 4

Jet Charter Service, Inc. v. W. Koeck, 907 F.2d 1110 (11th Cir. 1990) ................ 1,2

New England Data Services, Inc. v. Becher, 829 F.2d 286 (1st Cir. 1987) ................ 8

OMalley, O.S.A. v. O'Neill, O.S.A., 887 F.2d 1557 (11th Cir. 1989) ................ 6

Pelletier v. Zweifel, 921 F.2d 1465 (11th Cir. 1991) ................ 6,7

Rush v. Savchuk, 444 U.S. 320 (1980) ................ 2

Sigvartsen v. Smith, Barney, Harris, Upham & Co., 1984 WL 3237 (M.D. Fla. 1984) ................ 8

## STATUTES

The Private Securities Litigation Reform Act of 1995 ................ 8

28 U.S.C. §1782 ................ 3

Fed. R. Civ. P. 9(b) ................ 1,8,9

Fed. R. Civ. P. 12(b)(2) ................ 9

Fed. R. Civ. P. 12(b)(6) ................ 9

Fed. R. Civ. P. 12(c) ................ 10

Fla. Stat. § 48.193(1)(b) ................ 1

S. Rep. No. 104-98 (1995) ................ 8

**Preliminary Statement**

The Defendants Lady Grantchester, James Gunnar Suenson-Taylor, John Moores, John D. Nettleton and Leonard Wailing Van Geest (collectively, the "Director Defendants") submit this Reply Memorandum of Law in Further Support of their Motion to Dismiss. That motion should be granted for several reasons, including the following points on which no serious issue is raised:

1. Plaintiff Douglas Leese (the "Plaintiff") fails to identify a single tortious act committed in Florida or any factual basis whatsoever for alleging damage in Florida. Under these circumstances, Plaintiff has failed to carry his burden of establishing personal jurisdiction;

2. Plaintiff offers no support for contesting the *forum non conveniens* dismissal of this action in favor of bringing his claims in the prior pending English action; and

3. Plaintiff's RICO claims fail to satisfy Eleventh Circuit standing and Rule 9(b) pleading requirements.

**ARGUMENT**

**I.**

**THE COMPLAINT SHOULD BE DISMISSED ON GROUNDS OF PERSONAL JURISDICTION AND *FORUM NON CONVENIENS***

A.   **Plaintiff's Opposition Papers Demonstrate The Absence Of Personal Jurisdiction By Failing To Establish The Commission Of A Tortious Act Or Damage In Florida**

In their opening papers (cited herein as "D.D. Br."), the Director Defendants demonstrated the absence in the complaint filed by the Plaintiff in this action (the "Complaint") of allegations that a tortious act had been committed in Florida, thereby rendering meaningless Plaintiff's reliance on the "tortious act" provision (Fla. Stat. § 48.193(1)(b)) of the Florida long-arm statute. D.D. Br. at 3. In response to that jurisdictional challenge[1], Plaintiff does not attempt

---

[1] Plaintiff characterizes the affidavits of the Director Defendants submitted in support of their arguments regarding lack of personal jurisdiction as "improperly-interjected statements -- which, at best, should be asserted in an Answer and not on a motion to dismiss . . . ." Pl. Br. at 7. In making that characterization, Plaintiff ignores the fact that it is proper and appropriate for a defendant to rely on "affidavits, documents
[Continues on following page]

to meet his burden "to prove jurisdiction by affidavits, testimony or documents," as the law requires. See Jet Charter Service, 907 F.2d at 1112. Instead, Plaintiff chooses to repeat his empty conclusions as to conduct made in the Complaint and to add a similarly content-free assertion that he has been damaged in Florida.

Plaintiff's continued failure to identify a specific tortious act alleged to have occurred in Florida leads to the inescapable conclusion that no such personal jurisdiction-generating event has taken place and, as a result, Plaintiff's claims against the Director Defendants must be dismissed. That conclusion is supported by Plaintiff's erroneous contention that "other facts alleged in the complaint that provide a basis for Florida long-arm jurisdiction are voluminous and compelling . . ." Plaintiff's Memorandum of Law Opposing Motions to Dismiss by Defendants Robert Brown, Brown & Associates, Network Security Management Limited, and the "Littlewoods Defendants" (cited herein as "Pl. Br.") at 7. In reality, those "facts" add nothing. For example, Plaintiff's lease on a condominium in Florida has no relevance to the analysis of whether a tortious act was committed in Florida or whether Plaintiff has business interests in Florida that were supposedly damaged.[2] Plaintiff's desperate attempt to rely on unrelated alleged connections as a purported basis for jurisdiction only confirms the absence of a tortious act on which jurisdiction could legitimately be based.[3]

---

[Continued from previous page]
or testimony" to challenge the jurisdiction of the court. See Jet Charter Service, Inc. v. W. Koeck, 907 F.2d. 1110, 1112 (11th Cir. 1990).

[2] Plaintiff's Complaint and his affidavit submitted in opposition to the Director Defendants' Motion to Dismiss are oddly silent on the issue of business or property damage. Indeed, as pointed out below, Plaintiff even shies away from disclosing to the Court the nature of his legal relationship with Drax Holdings Limited, apparently a Bermuda based business as to which Leese will only admit to be "affiliated." Complaint at ¶52. A search of the Florida Secretary of State's database accessed through its web site confirms that Leese is neither an officer nor a director of any corporation incorporated in or authorized to do business in Florida. See Florida Division of Corporations Public Access Database, November 14, 1997, (search for "Leese" in OFFICER/REGISTERED AGENT field.), <http://ccfcorp.dos.state.fl.us/cgi-bin/corpweb.exe>, annexed as Exhibit A to the Affidavit of Charles W. Gerdts, III, sworn to on November 14, 1997 and submitted herewith ("Gerdts Aff.").

[3] Plaintiff has similarly failed to rebut the Director Defendants' assertion that this Court's exercise of personal jurisdiction over them is not consistent with Due Process. D.D. Brief at 5-6. Plaintiff's argument
[Continues on following page]

## B. Plaintiff's Claims Should Be Dismissed On Grounds Of *Forum Non Conveniens* And Sent To England

In response to the Director Defendants' position that Plaintiff's claims should be dismissed on grounds of *forum non conveniens*, Plaintiff starts by misstating English and American law and ends by slurring the English judiciary.

First, Plaintiff claims that "the courts of England would have no jurisdiction whatsoever over any of the defendants Action, Brown & Associates, Brown or Winter . . . ." Pl. Br. at 9. As set forth in the Director Defendants' opening brief (D.D. Br. at 7) and confirmed in the accompanying affidavit of English barrister Murray Rosen Q.C. (Exhibit B to Gerdts Aff.) that contention ignores the operation of English Order 11, which allows, for example, any "necessary and proper parties" to be joined in an English action. The operation of Order 11 is not limited by the American concept of personal jurisdiction, and plainly permits the addition of parties without consideration of "minimum contacts."[4]

Second, while Plaintiff states that "proof of any case in England would require evidence that only the Florida defendants can offer," (Pl. Br. at 9) he ignores the availability of well-recognized procedures to obtain evidence in the United States for use in foreign jurisdictions. Section 1782 of Title 28 of the United States Code provides that a federal district court may order a person found in the district to give testimony or produce documents for use in a foreign proceeding. That procedure would alleviate any concerns about obtaining evidence in the United States for use in the English action.

---

[Continued from previous page]
   that the requirements of the "minimum contacts" test have been met (Pl. Br. at 7-8) does not account for the fact that, while "parties' relationships with each other may be significant in evaluating their ties to the forum," minimum contacts must be demonstrated "as to each defendant over whom a state court exercises jurisdiction." See Rush v. Savchuk, 444 U.S. 320, 331-32 (1980). In addition, Plaintiff's argument as to the "fair play and substantial justice" prong of the Due Process inquiry is predicated on the erroneous assumption that "Florida is the only forum" in which an action against all the named parties may proceed. See discussion supra at 3. As a result, Plaintiff's arguments regarding Due Process should be disregarded.

[4]   While Plaintiff claims that "the English litigation already pending has absolutely nothing to do with the claims asserted here," more than half of his opposition submission consists of material taken from that case.

Plaintiff's final attempt to avoid having these claims asserted in England demonstrates only his desperation. Having brought baseless RICO charges against the Director Defendants, Plaintiff now smears the entire English judiciary by wildly accusing the Director Defendants of seeking dismissal on *forum non conveniens* to "obtain a home court advantage" by proceeding in England where "the defendant Lady Grantchester's late father was an influential appellate judge." Pl. Br. at 9. Nothing need be said in response.

### C.   Plaintiff Is Not Entitled To Discovery Relating To Jurisdictional Issues Because The Relevant Facts Are Not Disputed

Plaintiff claims that he is entitled to discovery regarding "the jurisdictional questions of which defendants were acting on behalf of whom and to trace and thoroughly document all the connections to Florida." Pl. Br. at 7, 10-11. Plaintiff, however, has not carried his burden of establishing a legitimate need for discovery at this juncture.

A party is entitled to discovery on jurisdiction only when a dispute as to a jurisdictional fact exists. See Eaton v. Dorchester Development, Inc., 692 F.2d 727, 729 (11th Cir. 1982). In this case, given Plaintiff's reliance on the "tortious act" provision of the Florida long-arm statute as the basis for asserting personal jurisdiction over the Director Defendants, the only relevant jurisdictional fact is the commission of a tortious act in Florida within the meaning of that statute.

The jurisdictional point turns on whether the tortious conduct alleged by Plaintiff occurred in Florida, despite his assertion to the contrary. Plaintiff's problem is not an absence of information; rather, it is that the information that he has gathered rebuts his own contention. This is confirmed by the Complaint itself. See, e.g., Complaint at ¶¶ 60, 69(c) (alleged removal of private property, including typewriter ribbons, in Bermuda by defendants located therein), ¶ 52 (phone records allegedly obtained from Bermuda Telephone Company by defendants located in Utah), ¶¶ 54, 74 (telephone calls that allegedly occurred in Utah).

In addition, Plaintiff's submission of the thirty-two page Affidavit of George Wyllie McKillop, Deputy Managing Director of Network Security Limited, submitted originally in

connection with the English proceedings described previously ("McKillop Aff.") (see D.D. Br. at 7), indicates further the degree of knowledge that Plaintiff has obtained regarding the location of the alleged tortious acts that purportedly provide this Court with personal jurisdiction over the Director Defendants. Consistent with the Director Defendants' position regarding the absence of the occurrence of an alleged tortious act in Florida, the McKillop Affidavit contains no reference to Florida. See, e.g., McKillop Aff. at ¶ 12 (alleged physical surveillance of premises in Singapore), ¶ 14 (alleged full company searches at premises in Singapore); ¶ 45 (typewriter ribbon allegedly obtained via a full company search in Bermuda).

Finally, the complaint filed in Drax Holdings Limited v. James J. Rapp, et al., No. 95 Civ. 5821 (JGK) (S.D.N.Y.) (Exhibit C to Gerdts Aff.[5]), the docket sheet of which case Plaintiff has attached as an Exhibit to his opposition papers, contains very specific information concerning the alleged release of the Plaintiff's phone records by the Bermuda Telephone Company. Absent from the Drax complaint, which was based on the identical claim now pursued by Plaintiff in this Court, is any reference to any alleged tortious act that occurred in Florida. Instead, it not surprisingly references telephone calls and fax transmissions between Utah and Bermuda. See Exhibit C to Gerdts Aff. at ¶¶ 6-9.

In short, Plaintiff's information confirms the Director Defendants' assertion that this is not a Florida case and he is not entitled to jurisdictional discovery in the hopes of self-contradiction. Moreover, discovery from defendants cannot be expected to remedy the flaw in Plaintiff's case created by the absence of Florida damage. The only reasonable inference to be drawn from Plaintiff's complete silence on damages is that he has suffered none, especially in Florida.

---

[5]  As indicated in the Director Defendants' opening brief, Drax Holdings Limited is a company with which Plaintiff has alleged only that he is "affiliated." D.D. Br. at 10 (citing Complaint at ¶ 52).

Thus, there is no dispute regarding the only relevant jurisdictional fact -- the absence of a tortious act or damage in Florida within the meaning of the state's long-arm statute. The Complaint should therefore be dismissed without discovery.

## II.

## PLAINTIFF'S RICO CLAIMS SHOULD BE DISMISSED

### A. Plaintiff Concedes That He Cannot Satisfy The Eleventh Circuit Standing Requirements

The Director Defendants have demonstrated that Plaintiff's civil RICO claims fail to meet established the Eleventh Circuit standing requirements of: "(1) a violation of § 1962; (2) injury to business or property; and (3) that the violation caused the injury." See D.D. Br. at 9 (quoting O'Malley, O.S.A. v. O'Neill, O.S.A, 887 F.2d 1557, 1561 (11th Cir. 1989)). More specifically, with regard to the requirement "that the violation caused the injury," Plaintiff has not alleged that he was "a target of the scheme to defraud" and "relied to his detriment on misrepresentation made in furtherance of that scheme." D.D. Br. at 9 (citing Pelletier v. Zweifel, 921 F.2d 1465, 1499 (11th Cir. 1991)). In addition, he has not alleged that his "injury flowed directly from the commission of the predicate acts," as is required by the Eleventh Circuit. Pelletier, 921 F.2d at 1499 (holding that the Eleventh Circuit has adopted a standing requirement that is "more restrictive" than other circuits).

In response, Plaintiff flatly ignores the Eleventh Circuit standard and argues that he has not and need not allege that he was the target of any alleged scheme to defraud or that the alleged mail and/or wire fraud proximately caused his damages, let alone directly caused those damages. Pl. Br. at 15 ("the target of the fraud . . . was the telephone company"); Pl. Br. at 16 ("Plaintiff here is not necessarily alleging that the defendants' fraud proximately caused the plaintiff's injury. . . Thus, the fraud is certainly a legal cause of the plaintiff's injury, even if it was not a direct proximate cause."). In offering such an argument, Plaintiff cites no Eleventh Circuit authority, including the case law cited above. Instead, he relies on an apparent misreading of a Fourth Circuit case, Chisolm v. Transsouth Fin. Corp., 95 F.3d 331, 336 (4th Cir. 1996), which

-6-

held, contrary to Plaintiff's assertion, that a RICO plaintiff must "show that the violation proximately caused the harm" and that "proximate, or 'legal' cause" are the same thing.

Plaintiff contends that he is "the person with an interest in the confidential information contained in the telephone bills" and that "the [telephone] records are clearly alleged to have been purloined in order to obtain information about the plaintiff." Pl. Br. at 15-16. As a result, Plaintiff asserts, he has standing to bring his RICO claims. That argument in flawed in at least two regards. First, Plaintiff has not asserted that he was a target of the alleged scheme to defraud and his allegations are clearly insufficient to confer standing upon him under Pelletier. Second, the telephone records which are alleged to have been obtained through the mail and wire fraud scheme (Complaint at ¶56) are those of Drax Holding Limited, not those of Plaintiff. Plaintiff simply cannot assert that he had an interest in the "confidential information" contained within the telephone bills while continuing to refuse to disclose his legal relationship with that company.

Plaintiff's response to the Director Defendants' contention that he has failed to plead facts demonstrating the "injury to business or property" element of standing is similarly unavailing. Plaintiff does nothing more than allege in a conclusory fashion, mirroring the Complaint, that the mail and wire fraud "caused him harm" (Pl. Br. at 16), an allegation that rings particularly hollow in light of his refusal to disclose his relationship with Drax Holding Limited or any other business or property purportedly injured.

In short, Plaintiff has failed to meet the Eleventh Circuit standing requirements implicated by his decision to allege civil RICO claims based on the predicate acts of mail and wire fraud. The RICO claims should be dismissed.[6]

---

[6] The Director Defendants have asserted that Plaintiff's federal and Florida RICO claims should be dismissed. D.D. Br. at 8-17. If the federal claims are dismissed, however, this Court would then lack jurisdiction over Plaintiffs' action as diversity jurisdiction will not exist. See Camper & Nicholsons International, Ltd. v. Blonder Marine & Charter, Inc., 793 F.Supp. 318, 321 (S.D. Fla. 1992)("a suit may not be maintained in a federal court by foreign citizens or subjects against a group of defendants which includes both citizens of American states and foreign citizens or subjects.")

## B. Plaintiff Is Not Entitled To Discovery To Cure Deficiencies In His RICO Pleading

In response to the Director Defendants' assertion that Plaintiff's RICO pleading fails to satisfy the pleading requirements of Fed. R. Civ. P. 9(b), Plaintiff does not seriously defend his pleading under Rule 9(b), but instead asks that he "be afforded an opportunity to conduct discovery on the issue of the particulars of the mail fraud and wire fraud." Pl. Br. at 13. That assertion merely confirms the deficient nature of Plaintiff's pleadings. See Sigvartsen v. Smith, Barney, Harris, Upham & Co., 1984 WL 3237 at *5 (M.D. Fla. 1984). As pointed out in the very case relied upon by Plaintiff, federal courts in Florida have held "[a] complaint alleging RICO . . . should be filed only after a wrong is reasonably believed to have occurred. It should be a vehicle to right a wrong, not to find one." See New England Data Services, Inc. v. Becher, 829 F.2d 286, 290 (1st Cir. 1987) (citing Banco de Desarrollo Agropecuario, S.A. v. Gibbs, 640 F. Supp. 1168, 1176 (S.D. Fla. 1986)). Indeed, as Congress recognized in enacting the Private Securities Litigation Reform Act of 1995, the very purpose of Rule 9(b) would be undermined if Plaintiff were permitted to use an obviously deficient pleading as a platform from which to engage in expensive and burdensome discovery. See S. Rep. No. 104-98, at ¶402 (1995), reprinted in Fed. Sec. Law Reports, 1696 (documenting that "plaintiffs sometimes file frivolous lawsuits in order to conduct discovery in the hopes of finding a sustainable claim not alleged in the complaint" . . . and that the [Securities Subcommittee] has determined that "discovery should be permitted . . . only after the court has sustained the legal sufficiency of the complaint.") In like fashion, Plaintiff is not entitled to discovery, simply in the vain hope that he will locate a claim.

## III.

## PLAINTIFF'S ADDITIONAL CLAIMS SHOULD BE DISMISSED

As discussed in detail in their opening brief, Plaintiff's Florida RICO claims and common law claims should be dismissed (D.D. Br. at 16-20) for failure to state a claim. Plaintiff has chosen only to respond to arguments raised by the Director Defendants regarding the common law claim of invasion of privacy, and presents no defense for the claims of violations of Florida RICO, conversion and interference with contractual relations.

With respect to the invasion of privacy claim, Plaintiff's argument that Florida recognizes a cause of action for invasion of privacy misses the point. The question is not whether Florida recognizes the claim; rather, it is whether Plaintiff has alleged a cognizable claim. Plaintiff has not pleaded the elements of any of the invasion of privacy torts. See D.D. Br. at 17-18. Indeed, Plaintiff has failed entirely to give the Director Defendants notice of which type of invasion of privacy tort he is alleging that they committed.

For these reasons, Plaintiff's Florida RICO and common law claims are facially insufficient and should be dismissed.

## CONCLUSION

For the foregoing reasons and those set forth in the Director Defendants' opening brief, Defendants Lady Grantchester, James Gunnar Suenson-Taylor, John Moores, John D. Nettleton and Leonard Wailing Van Geest respectfully request that this Court grant their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of jurisdiction over the person(s); pursuant to *forum non conveniens*, pursuant Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted; and, with regard to Counts One through Four, pursuant to Fed. R. Civ. P. 9(b) for failure to plead with requisite specificity. Alternatively, if this Court

determines that Plaintiff's claims should not be dismissed, a more definite statement should be required pursuant to Fed. R. Civ. P. 12(e).

Dated: New York, New York
November 17, 1997

Respectfully submitted,

DONOVAN LEISURE NEWTON & IRVINE
30 Rockefeller Plaza
New York, New York 10112-3800
Telephone: (212) 632-3000
Facsimile: (212) 632-3321

By: CHARLES W. GERDTS, III

*[signature]*

BIENSTOCK & CLARK
First Union Financial Center
200 South Biscayne Boulevard
Suite 3160
Miami, Florida 33131-2367
Telephone: (305) 373-1100
Facsimile: (305) 358-1226

By: TERRY S. BIENSTOCK, P.A.
    Florida Bar No. 259160
    GEORGE R. HINCKLEY, JR.
    Florida Bar No. 083097

*[signature]*

Attorneys for Defendants

-10-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to David Jaroslawicz, Esq., 150 William Street, 19th Floor, New York, NY 10038 and Isaac M. Jaroslawicz, Esq., Jaroslawicz & Jaros, Esqs., 9540 Collins Avenue, Surfside, Florida 33154, **Attorneys for Douglas Leese;** Ronald P. Ponzoli, Esq., Ponzoli, Wassenberg & Sperkacz, 302 Roland/Continental Plaza, 3250 Mary Street, Suite 302, Miami, Florida 33133 and Roger B. Butcher, Esq., Benitez & Butcher, P.A., 1223 East Concord Street, Orlando, Florida 32803, **Attorneys for Robert Brown and Associates, Inc. and Robert Brown;** Peter Prieto, Esq., Holland & Knight, LLP, 701 Brickell Avenue, Suite 3000, Miami, Florida 33131, **Attorneys for Network Security Management Limited;** William G. Salim, Jr., Moskowitz, Mandell & Salim, P.A., 800 Corporate Drive, Suite 510, Fort Lauderdale, Florida 33334, **Attorneys for Action Autoline, Inc. d/b/a Action Research Group** this 17th day of November, 1997.

_____

# ADDITIONAL ATTACHMENTS NOT SCANNED

PLEASE REFER TO COURT FILE