UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION



| | |
|---|---|
| DOUGLAS LEESE, | Case No. 97-1910-CIV-LENARD |
| Plaintiff, | Magistrate Judge Dube |
| v. | |
| LADY GRANCHESTER, JAMES SUENSON-TAYLOR, JOHN MOORES, JOHN D. NETTLETON, LEONARD WAILING VAN GEEST, NETWORK SECURITY MANAGEMENT LIMITED, JAMES J. RAPP a/k/a DANIEL PEEL, CHRISTOPHER MORE, COMMERCIAL DATA SERVICES LIMITED, WINTER INFORMATION NETWORK CORP., ACTION AUTOLINE, INC. d/b/a ACTION RESEARCH GROUP, BROWN AND ASSOCIATES, INC., ROBERT BROWN, ALISTAIR BROWN, and BERMUDA RESEARCH SERVICES LIMITED, | **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF RULE 37 MOTION TO COMPEL DEFENDANT MORE TO APPEAR FOR A DEPOSITION** |
| Defendants. | |

**Preliminary Statement**

Plaintiff respectfully submits this memorandum of law in support of his motion for the entry of an Order compelling the defendant Christopher More to appear for a deposition.



Mr. More is a sophisticated private investigator who has appeared in this action *pro se*. Unlike some of the other defendants, he has not moved to dismiss.

Mr. More has been served with a notice of deposition. He initially indicated that he would endeavor to schedule a convenient date for his deposition, and then later indicated that he would be hiring an attorney and would not appear until after his attorney was retained. Over a month has now passed and no attorney has appeared for him in this action and he has not appeared for a deposition.

At this point, it appears clear that Mr. More will not appear for a deposition without a court order. Moreover, the plaintiff suspects that Mr. More is simply seeking to delay this case by refusing to cooperate and requiring the plaintiff to seek court intervention merely to secure his attendance at a deposition.

Accordingly, the plaintiff respectfully requests an order compelling Mr. More to appear for a deposition and granting an award of attorneys fees to the plaintiff who has been required by Mr. More's conduct to bring on a motion of this nature.

## *STATEMENT OF FACTS*

The facts of this case are set forth in great detail by the plaintiff in the papers submitted in opposition to the various motions to dismiss brought on by several of the defendants, which are currently *sub judice*. Accordingly, the plaintiff will not burden the Court here with an additional lengthy recitation of the overall facts of this case facts, most of which are not directly germane to this simple discovery motion.

It is sufficient for the purposes of this motion to note that the basic claim being made in this case is that the defendants violated the law and damaged the plaintiff by engaging in improper investigations into the plaintiff, including hiring investigators to trespass onto his property and look through his garbage and engaging in wire fraud and mail fraud to defraud the Bermuda telephone company into sending the plaintiff's confidential telephone records to the defendants.

The defendant Christopher More was one of the investigators hired by the

other defendants to investigate the plaintiff. This is confirmed by Mr. More's own affidavit submitted to the courts in England in connection with other litigation (Jaroslawicz declaration, exhibit 'A').

Mr. More appeared in this action *pro se*. A copy of his answer, which is mistakenly denominated as a "complaint" is annexed to the accompanying declaration of David Jaroslawicz as exhibit 'B.'

Plaintiff served Mr. More with a notice of deposition (Jaroslawicz declaration, exhibit 'C').

As is set forth in the accompanying declaration of David Jaroslawicz, Mr. More failed to appear for a deposition, even after being offered an opportunity to reschedule the deposition for a time and place convenient to him and even after being given the written assurance that he had requested that no adverse actions would be taken against him while he was in the United States for his deposition (Mr. More resides in England).

Since it is clear at this point that Mr. More has no intention of appearing for a deposition absent a court order compelling him to appear, it is respectfully requested that this Court enter an order compelling him to appear.

### POINT I

### THE DEFENDANT CHRISTOPHER MORE SHOULD BE COMPELLED TO APPEAR FOR A DEPOSITION.

There is no question that after a defendant has appeared in an action the plaintiff is entitled to serve a notice of deposition and to obtain the attendance of the appearing defendant at a deposition. *See* Federal Rule of Civil Procedure 30.

Federal Rule of Civil Procedure 37(a)(2) provides that where a party fails to comply with a proper discovery request, such as a notice of deposition, the party seeking the discovery may apply for an order compelling such discovery.

In this case, the plaintiff has served a notice of deposition on Mr. More, who has appeared in this action. Mr. More at first sought to delay the date of his deposition and

then flatly refused to attend on the flimsy excuse that he was seeking counsel. Over a month has passed and no attorney has appeared for Mr. More. It is thus apparent that Mr. More is simply seeking to create delay and to put off his deposition.

Mr. More's testimony is critical to this case since he was one of the investigators hired to investigate the plaintiff and the crux of this case is the propriety of the investigative tactics used to investigate the plaintiff.

Accordingly, it is respectfully requested that this Court enter an order compelling Mr. More to appear for a deposition.

### POINT II
### ATTORNEYS FEES SHOULD BE IMPOSED ON MR. MORE.

Rule 37 also provides that the Court may impose attorneys fees upon a party who fails to honor his discovery obligations and whose conduct requires a motion to compel to be made.

In this case, Mr. More has engaged in dilatory conduct by first feigning cooperation and seeking to delay his deposition, and then by flatly refusing to attend his deposition. Clearly, Mr. More is toying with the plaintiff and seeking to avoid being deposed.

Under the circumstances, this Court should impose attorneys fees in the amount of $5,000 upon Mr. More for requiring this motion to be made.

### CONCLUSION

For the reasons set forth herein, this Court should enter an order compelling the defendant Christopher More to appear for a deposition at a date certain, and

-5-

this Court should impose attorneys fees in the amount of $5,000 upon Mr. More for engaging in conduct requiring this motion to be made.

Dated: New York, New York
       December 22, 1997

                              Respectfully submitted,

                              JAROSLAWICZ & JAROS, ESQS.
                              *Attorneys for the plaintiff*

                              _____
                              David Jaroslawicz

                              150 William Street, 19th floor
                              New York, New York 10038
                              (212) 227-2780
                              Facsimile: (212) 732-6746

                              ISAAC M. JAROSLAWICZ, ESQ.
                              *Local counsel for the plaintiff*

                              _____
                              Isaac M. Jaroslawicz

                              9540 Collins Avenue
                              Surfside, Florida 33154
                              (305) 864-5553
                              Facsimile: (305) 864-5675
                              FBN 979510

No. 97-1910-CIV-LENARD

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF RULE 37 MOTION TO COMPEL DEFENDANT MORE TO APPEAR FOR A DEPOSITION was served by U.S. Mail this 29th day of December, 1997, to:

Christopher G. More, Esq., Burford Lane Farm, 82 Burford Lane, Lymm, Cheshire, WA13 0SG, United Kingdom, Defendant *pro se*;

Roger B. Butcher, Esq., Benitez & Butcher, P.A., 1223 East Concord Street, Orlando, Florida 32803, and Ronald P. Ponzoli, Esq., Ponzoli, Wassenberg & Sperkacz, P.A., 3250 Mary Street, Suite 302, Miami, Florida 33133, co-counsel for defendants Robert Brown and Brown & Associates;

Charles W. Gerdts III, Esq., Donovan Leisure Newton & Irvine, 30 Rockefeller Plaza, New York, New York 10112-3800, and Terry S. Beinstock, Esq., and George R. Hinckley, Jr., Esq., Bienstock & Clark, 200 South Biscayne Boulevard, Suite 3160, Miami, Florida 33131-2367, co-counsel for defendants Lady Granchester, James Suenson-Taylor, John Moores, John D. Nettleton and Leonard Wailing Van Geest;

Peter Prieto, Esq., Holland & Knight LLP, 701 Brickell Avenue, Suite 3000, Miami, Florida 33131, counsel for defendant Network Security Management Limited; and

William G. Salim, Jr., Esq., Moskowitz, Mandell & Salim, P.A., 800 Corporate Drive, Suite 510, Fort Lauderdale, Florida 33334, counsel for defendant Action Autoline, Inc. d/b/a Action Research Group.

_____
Isaac M. Jaroslawicz