UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 97-1910-CIV-LENARD

DOUGLAS LEESE,

    Plaintiff,

FILED by _____ D.C.
APR 2 0 1998
CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

ORDER GRANTING IN PART AND
vs.      DENYING IN PART DEFENDANT MORE'S
MOTION FOR JUDGMENT ON THE PLEADINGS

LADY GRANCHESTER, JAMES
SUENSON-TAYLOR, JOHN MOORES,
JOHN D. NETTLETON, LEONARD
WAILING VAN GEEST, NETWORK
SECURITY MANAGEMENT LIMITED,
JAMES J. RAPP a/k/a DANIEL PEEL,
CHRISTOPHER MORE, COMMERCIAL
DATA SERVICES LIMITED, WINTER
INFORMATION NETWORK CORP., ACTION
AUTOLINE, INC. D/b/a ACTION RESEARCH
GROUP, ROBERT BROWN, ALISTAIR
BROWN, and BERMUDA RESEARCH
SERVICES LIMITED,

    Defendants.
_____/

THIS CAUSE comes before this Court upon Defendant Christopher More's

motion for judgment on the pleadings (D.E. 80), and Defendant Christopher

1



More's motion for oral argument (D.E. 83).

The Littlewoods Organization, PLC (TLO) is a large privately held British company, owned and operated by the Moores family, including Lady Granchester (Granchester), James Suenson-Taylor (Suenson-Taylor), John Moores (Moores), John D. Nettleton (Nettleton) and Leonard Waling Van Geest (Van Geest). In 1995, a battle for control over TLO developed between various members of its board of directors. In the course of that battle, TLO hired a British private investigation firm, Network Security Management Limited (Network), to investigate TLO's business dealings in the Far East. To help with the investigation, Network allegedly retained Commercial Data Services Limited (Commercial Data), an Isle of Jersey corporation, Christopher More (More), president of Commercial Data and a Florida resident, Winter Information Network Corp. (Winter Information), a Utah corporation, James J. Rapp (Rapp), operator of Winter Information and a Utah resident, Action Research Group (Action Research), a Florida corporation, Brown and Associates, Inc. (B & A), a Florida corporation, Robert Brown (Brown), a principal of B & A, Bermuda Research Services Limited (Bermuda Research), a Bermuda corporation, and Alistair Brown (Alistair), operator of Bermuda Research. TLO's investigation, allegedly conducted through these entities, ultimately focused on Douglas Leese (Leese), an

international businessman who is a citizen of St. Vincent and a resident of Miami Beach.

Leese came to believe that the entities through which TLO conducted its investigation unlawfully obtained his typewriter ribbon, copies of his personal and corporate telephone bills from Bermuda Telephone Company, and other personal documents. Consequently, on June 19, 1997, Plaintiff Leese filed in this Court an action against Defendants Granchester, Suenson-Taylor, Moores, Nettleton and Van Geest (hereinafter "Moores Family"), in addition to TLO and its investigators, asserting claims for violation of federal and Florida state RICO statutes (counts I, II, III, IV), invasion of privacy (count V), conversion (count VI) and tortious interference with business (count VII). On January 8, 1998, this Court dismissed Defendants Granchester, Suenson-Taylor, Moores, Nettleton, and Van Geest from this lawsuit. On February 2, 1998, Defendant More filed a motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c). As discovery has not yet closed and More has not supplemented his motion with any supporting evidence, the Court will construe the motion as one to dismiss for failure to state a claim for relief, pursuant to Fed. R. Civ. P. 12(b)(6).

In evaluating a motion to dismiss, a district court must view the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232

(1974). A complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Bank v. Pitt, 928 F.2d 1108, 1111-12 (11th Cir. 1991) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

In counts I and II of his complaint, Plaintiff alleges that Defendants violated subsections (c) and (d) of 18 U.S.C. §1962. In order to establish a violation of §1962(c), a plaintiff must demonstrate: (1) the existence of an enterprise; (2) that the enterprise affected interstate commerce: (3) that the defendant was employed by or associated with the enterprise; (4) that he participated, either directly or indirectly, in the conduct of the affairs of the enterprise; and (5) that he participated through a pattern of racketeering activity. United States v. Kotvas, Jr., 941 F.2d 1141, 1143 (11th Cir. 1991). More seems to concede that the enterprise exists, that it affected interstate commerce, and that he was associated with the enterprise. He submits, however, that he did not participate in the affairs of the enterprise, and that he did not participate through a pattern of racketeering activity.

In Reves v. Ernst & Young, 113 S. Ct. 1163, 1170 (1993), the Supreme Court explained:

In order to "participate, directly or indirectly, in the conduct of such

4

> enterprise's affairs," one must have some part in directing those affairs. Of course, the word "participates" makes clear that RICO liability is not limited to those with primary responsibility for the enterprise's affairs, just as the phrase "directly or indirectly" makes clear that RICO liability is not limited to those with a formal position in the enterprise, but *some* part in directing the enterprise's affairs is required.

(footnotes omitted). In his complaint, Plaintiff alleges that More hired Brown and B & A to obtain copies of Plaintiff's telephone bills and confidential papers. Complaint, ¶49-50. Through this alleged action, More directed the activities of the enterprise within the meaning of the fourth element of the test for liability under §1962(c).

The Eleventh Circuit explained the contours of the fifth element in United States v. Starrett, 55 F.3d 1525 (11th Cir. 1995).

> The Supreme Court has held that in order to prove this pattern, the [plaintiff] must prove that the predicate acts are related to each other and have continuity. Predicate acts are related to each other if they have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events. Predicate acts demonstrate continuity if they are either a closed period of repeated conduct, or past conduct that by its nature projects into the future with a threat of repetition. The Supreme Court has explained:
>> A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time. Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement . . . . Often a RICO action will be brought before continuity can be established in this way. In such cases, liability depends on whether the *threat* of continuity is demonstrated.

5

Starrett, 55 F.3d at 1543 (citations and footnotes omitted).

Plaintiff in his complaint alleges that Defendants engaged in the following predicate acts: (1) in June 1995, they fraudulently induced Bermuda Telephone Company to give them Plaintiff's telephone records; and (2) at some unknown time, they stole typewriter ribbons and other confidential documents from Plaintiff's garbage.[1] Complaint, ¶49-60. These acts are related to each other in that Plaintiff was the target of both of them, and that their purpose arguably was to obtain confidential information about Plaintiff. They do not, however, demonstrate continuity. The alleged predicate acts number only two, the first of which occurred in June 1995, and the second of which occurred at some unkown time. This Court cannot conclude that these purported predicate acts occurred over a substantial period of time. Furthermore, there is nothing in Plaintiff's complaint to indicate that such inscrutable activity might continue.[2] Plaintiff has therefore failed to establish the fifth element necessary to demonstrate a violation

---

[1] Plaintiff alleges that he has attached to his response to More's motion the 'affidavit' of George Wyllie McKillop (McKillop), the Managing Director of Network Security, who describes in detail the search of Plaintiff's garbage which he conducted. This 'affidavit' is not signed by McKillop. Even it were not defective, however, it could not be considered by the Court upon a motion to dismiss.

[2] Defendants allegedly fraudulent procurement of Plaintiff's telephone records occurred almost three years ago.

6

of 18 U.S.C. §1962(c).[3] Consequently, he cannot bring a federal RICO claim against any defendant in this action.[4]

In the event that this Court dismisses Plaintiff's federal RICO claims, More urges the Court to decline to exercise supplemental jurisdiction over the remaining state law claims, pursuant to 28 U.S.C. §1367(c)(3). Under §1367(c) "[t]he the district courts may decline to exercise supplemental jurisdcition over a claim under subsection (a) if -- (3) the district court has dismissed all claims over which it has original jurisdiction, . . . " This Court, however, has not dismissed all claims over which it has original jurisdiction. The Court maintains diversity jurisdiction, pursuant to 28 U.S.C. §1332, over the state law claims of Defendants Action Research, B & A and Brown, as Plaintiff's complaint alleges: (1) that each of these defndants is a citizen of Florida and that Plaintiff is a citizen of St. Vincent; and (2) that Plaintiff has incurred damages in excess of $20,000,000.

Accordingly, it is hereby ORDERED AND ADJUDGED that:

---

[3] In the absence of a claim under subsection (c) of §1962, no claim is available under subsection (d), as that provision states that: "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."

[4] "Florida's RICO statutes have consistently been interpreted using federal RICO claim cases." All Care Nursing Service, Inc. v. High Tech Staffing Services, Inc., 135 F.3d 740, 745 (11th Cir. 1998). Plaintiff's Florida state RICO claims must therefore suffer the same fate as his federal RICO claims.

(1) Defendant More's motion to dismiss, styled a motion for judgment on the pleadings, be GRANTED as to Plaintiff's federal and state RICO claims.[5] Counts I, II, III and IV of Plaintiff's complaint are therefore DISMISSED without prejudice, as to all defendants.

(2) Defendant More's motion for judgment on the pleadings, styled a motion to dismiss, be DENIED as to Plaintiff's state law claims for invasion of privacy (count V), conversion (count VI), and tortious interference with business (count VII).

(3) Defendant More's motion for oral argument on his motion for judgment on the pleadings, be DENIED.

DONE AND ORDERED in Chambers, at Miami, Florida on this _20_ day of April, 1998.

Joan A. Lenard
United States District Judge

cc: Robert J. Quinn, Esq.
David Jaroslawicz, Esq.
Roger B. Butcher, Esq.
Ronald P. Ponzoli, Esq.
William G. Salim, Esq.

---

[5]More also contends that Plaintiff lacks standing to bring an action against him under 18 U.S.C. §1964(c). The Court need not address this argument in light of its conclusion that Plaintiff has no claim under §1962(c).