FILED BY_____ D.C

**98 APR 21 PM 3: 47**

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA.-MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DOUGLAS LEESE,                          )
                                        )
                Plaintiff,              )
                                        )      Case No. 97-1910-CIV-LENARD
        v.                              )      Magistrate Judge Dube
                                        )
LADY GRANCHESTER, JAMES                 )
SUENSON-TAYLOR, JOHN MOORES,            )
JOHN D. NETTLETON, LEONARD              )
WAILING VAN GEEST, NETWORK              )      **AMENDED ANSWER OF**
SECURITY MANAGEMENT LIMITED             )      **DEFENDANT CHRISTOPHER MORE**
JAMES J. RAPP a/k/a DANIEL              )
PEEL, CHRISTOPHER MORE,                 )
COMMERCIAL DATA SERVICES                )
LIMITED, WINTER INFORMATION             )
NETWORK CORP., ACTION                   )
AUTOLINE, INC., d/b/a ACTION            )
RESEARCH GROUP, BROWN AND               )
ASSOCIATES, INC., ROBERT                )
BROWN, ALISTAIR BROWN, and              )
BERMUDA RESEARCH SERVICES,              )
LIMITED,                                )
                                        )
                Defendants.             )
                                        )

        Defendant, Christopher More, by his attorneys Lankler

Siffert & Wohl LLP, answers the complaint herein as follows:

1.   Denies knowledge or information sufficient to form
a response to paragraph 1 of the complaint, as said paragraph
contains multiple general, indistinct and indefinite statements,
in contravention of F.R.C.P. 10(b), which fail to allege conduct
as to particular defendants, and specifically fail to allege any
conduct by him; denies as to him any allegations of wrongful
activity contained in paragraph 1 of the complaint, and denies
knowledge or information sufficient to form a belief as to the
truth of all other allegations contained in paragraph 1 of the
complaint, except that he admits that plaintiff purports to state
claims for conversion, invasion of privacy, tortious
interference, violation of the Racketeer Influenced and Corrupt
Organizations Act, and violation of the Florida Civil Remedies
for Criminal Practices Act.

2.   Admits that plaintiff alleges jurisdiction based on
the statutes referred to in paragraph 2 of the complaint, and
avers that this is a legal conclusion to which no responsive
pleading is required.

3.   Admits that plaintiff alleges jurisdiction based on
the statute referred to in paragraph 3 of the complaint, and
avers that this is a legal conclusion to which no responsive
pleading is required, except that he denies as to him any
allegation of tortious activity in the State of Florida, either
directly or through an agent, and denies knowledge or information

- 2 -

sufficient to form a belief as to the truth of all other allegations contained in paragraph 3 of the complaint.

    4.  Denies that he is or ever was a resident of the State of Florida, denies that this district is the most convenient place for trial of this action, denies as to him any allegation of wrongful activity contained in paragraph 4 of the complaint, and denies knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 4 of the complaint, except that he admits that plaintiff alleges venue based on the statutes referred to in paragraph 4 of the complaint and avers that this is a legal conclusion to which no responsive pleading is required.

    5.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint.

    6.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint.

    7.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint, except that he admits upon information and belief that the Littlewoods Organisation, PLC ("TLO") is privately owned and operates retail sales businesses, mail order businesses, and the Littlewoods Football Pools.

8.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint.

9.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint.

10.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint.

11.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the complaint.

12.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the complaint.

13.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the complaint, except that he admits that James Suenson-Taylor is currently a member of the Board of Directors of TLO.

14.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the complaint, except that he admits that there was a period when Leonard Waling Van Geest was the Chairman of TLO.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the complaint.

21. Denies the allegations contained in paragraph 21 of the complaint, except that he admits that he is a private investigator and at one time he owned a vacation house in the State of Florida.

22.   In response to paragraph 22 of the complaint, admits that he was the proprietor of defendant Commercial Data Services Limited ("Commercial Data").

23.   Denies the allegations contained in paragraph 23 of the complaint, except that he admits that Commercial Data was a foreign corporation located on the Isle of Jersey.

24.   Denies the allegations contained in paragraph 24 of the complaint, except that he admits that he and Commercial Data performed investigatory services as independent contractors engaged by TLO.

25.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the complaint.

26.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the complaint.

27.   Denies as to him the allegations contained in paragraph 27 of the complaint, and denies knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 27 of the complaint.

28.   Denies as to him the allegations contained in paragraph 28 of the complaint, and denies knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 28 of the complaint.

29.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the complaint.

30.  Denies as to him the allegations contained in paragraph 30 of the complaint, and denies knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 30 of the complaint.

31.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the complaint, except that he believes that Brown & Associates is located in Orlando, Florida.

32.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the complaint.

33.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the complaint, except that he admits that as an independent contractor he engaged as independent contractors Robert Brown and Brown & Associates alone to perform investigatory services.

34.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the complaint.

36. Denies as to him the allegations contained in paragraph 36 of the complaint, and denies knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 36 of the complaint.

37. Denies as to him the allegations contained in paragraph 37 of the complaint, and denies knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 37 of the complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the complaint.

39. With respect to paragraph 39 of the complaint, he believes that Barry Dale was an executive, at one time on TLO's Board, whom TLO dismissed at or about the time alleged in paragraph 39 of the complaint.

40. With respect to paragraph 40 of the complaint, he believes that Prodip Guha was an executive of TLO whom TLO dismissed at or about the time alleged in paragraph 40 of the complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the complaint.

42.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the complaint.

43.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the complaint.

44.   With respect paragraph 44 of the complaint, he does not understand the allegations sufficient to form a response because they fail to include sufficient subjects, objects, context and description, including description of the improprieties and arrangements referenced in the paragraph.

45.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the complaint.

46.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the complaint.

47.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the complaint.

48.   Denies the allegations contained in paragraph 48 of the complaint.

49.   Denies the allegations contained in paragraph 49 of the complaint, except that he admits that as an independent

contractor he engaged as independent contractors Robert Brown and Brown & Associates alone to perform investigating services.

50. Denies the allegations contained in paragraph 50 of the complaint, except that he admits that on August 10, 1995 he swore an affidavit and avers that the affidavit speaks for itself.

51. Denies as to him the allegations contained in paragraph 51 of the complaint, and denies knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 51 of the complaint.

52. Denies as to him the allegations contained in paragraph 52 of the complaint, and denies knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 52 of the complaint.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the complaint.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the complaint.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the complaint.

56. Denies the allegations contained in paragraph 56 of the complaint, except that he admits that as an independent

contractor he engaged as independent contractors Robert Brown and Brown & Associates alone to perform investigating services including provision of telephone toll-call numbers called from non-party Drax Holdings Limited in Bermuda.

57.   Denies as to him the allegations contained in paragraph 57 of the complaint, and denies knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 57 of the complaint.

58.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the complaint.

59.   Denies as to him the allegations contained in paragraph 59 of the complaint, and denies knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 59 of the complaint, except that he admits that TLO engaged him as an independent contractor to perform certain tasks in furtherance of a confidential investigation into possible dishonest and irregular conduct involving TLO employees, including illegal payments from various entities including non-parties Drax Holdings Limited in Bermuda and Lorad Far East Limited, and possibly related entities, to TLO employees, including Barry Dale and Prodip Guha.

60.   Denies as to him the allegations contained in paragraph 60 of the complaint, and denies knowledge or information sufficient to form a belief as to the truth of all

- 11 -

other allegations contained in paragraph 60 of the complaint,
except that he admits that TLO engaged him as an independent
contractor to perform certain tasks in furtherance of a
confidential investigation into possible dishonest and irregular
conduct involving TLO employees, including illegal payments from
various entities including non-parties Drax Holdings Limited in
Bermuda and Lorad Far East Limited, and possibly related
entities, including deciphering information from a document which
was given to him by TLO and which may or may not have come from a
typewriter ribbon.

61.  Denies knowledge or information sufficient to form
a belief as to the truth of the allegations contained in
paragraph 61 of the complaint.

62.  Denies as to him the allegations contained in
paragraph 62 of the complaint, and denies knowledge or
information sufficient to form a belief as to the truth of all
other allegations contained in paragraph 62 of the complaint.

### COUNT ONE

63.  In response to paragraph 63 of the complaint,
repeats his responses to paragraphs 1-62 of the complaint as if
fully set forth at length herein.

64.  Denies knowledge or information sufficient to form
a belief as to the truth of the allegations contained in
paragraph 64 of the complaint, except that he admits that
plaintiff alleges that More is a person within the meaning of the

- 12 -

statutes referred to in paragraph 64 of the complaint, avers that this is a legal conclusion to which no responsive pleading is required, and further admits that More is a natural person.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the complaint, except that he admits that plaintiff purports to allege the existence of an enterprise within the meaning of the statute referred to in paragraph 65 of the complaint, and avers that this is a legal conclusion to which no responsive pleading is required.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the complaint, except that he admits that plaintiff purports to allege the purpose of an enterprise within the meaning of the statute referred to in paragraph 65 of the complaint, and avers that this is a legal conclusion to which no responsive pleading is required.

67. Denies as to him the allegations contained in paragraph 67 of the complaint, and denies knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 67 of the complaint, except that he admits that plaintiff purports to allege racketeering activity in violation of the statutes referred to in paragraph 67 of the complaint, avers that this is a legal conclusion to which no responsive pleading is required, and

- 13 -

further avers that plaintiff's allegation of aiding, abetting,
counseling or inducing the commission of such activity is
insufficient as a matter of law.

     68.  Denies as to him the allegations contained in
paragraph 68 of the complaint, and denies knowledge or
information sufficient to form a belief as to the truth of all
other allegations contained in paragraph 68 of the complaint,
except that he admits that plaintiff purports to allege a pattern
of racketeering activity, avers that this is a legal conclusion
to which no responsive pleading is required, and further avers
that plaintiff's allegation that said pattern is "probably
continuing" is insufficient as a matter of law.

     69.  Denies as to him the allegations contained in
paragraph 69 of the complaint, and denies knowledge or
information sufficient to form a belief as to the truth of all
other allegations contained in paragraph 69 of the complaint,
except insofar as, and including,

     (a)  denies as to him the allegations contained in
paragraph 69(a) of the complaint, and denies knowledge
or information sufficient to form a belief as to the
truth of all other allegations contained in paragraph
69(a) of the complaint, except that he admits that TLO
engaged Commercial Data as an independent contractor;

     (b)  denies as to him the allegations contained in
paragraph 69(b) of the complaint, and denies knowledge

or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 69(b) of the complaint;

(c) denies as to him the allegations contained in paragraph 69(c) of the complaint, and denies knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 69(c) of the complaint;

(d) denies as to him the allegations contained in paragraph 69(d) of the complaint, except that he admits that he performed certain tasks in furtherance of a confidential investigation into possible dishonest and irregular conduct involving TLO employees, and denies knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 69(d) of the complaint;

(e) denies as to him the allegations contained in paragraph 69(e) of the complaint, and denies knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 69(e) of the complaint; and

(f) denies as to him the allegations contained in paragraph 69(f) of the complaint, and denies knowledge or information sufficient to form a belief as to the

truth of all other allegations contained in paragraph 69(f) of the complaint.

70.   Denies as to him the allegations contained in paragraph 70 of the complaint, and denies knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 70 of the complaint.

71.   Denies as to him the allegations contained in paragraph 71 of the complaint, and denies knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 71 of the complaint, except that he admits that plaintiff purports to allege predicate acts of mail fraud, avers that this is a legal conclusion to which no responsive pleading is required, and further avers that plaintiff's failure to allege his reliance on a fraudulent scheme of which he was the target renders his pleading of predicate acts of mail fraud insufficient as a matter of law.

72.   Denies as to him the allegations contained in paragraph 72 of the complaint, and denies knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 72 of the complaint, except that he admits that plaintiff purports to allege predicate acts of wire fraud, avers that this is a legal conclusion to which no responsive pleading is required, and further avers that plaintiff's failure to allege his reliance on a fraudulent scheme

of which he was the target renders his pleading of predicate acts of wire fraud insufficient as a matter of law.

73.   Denies as to him the allegations contained in paragraph 73 of the complaint, and denies knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 73 of the complaint.

74.   Denies as to him the allegations contained in paragraph 74 of the complaint, and denies knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 74 of the complaint.

75.   Denies as to him the allegations contained in paragraph 75 of the complaint, and denies knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 75 of the complaint, except that he admits that plaintiff purports to allege a pattern of racketeering activity, avers that this is a legal conclusion to which no responsive pleading is required, and further avers that plaintiff's allegation that said pattern is "apparently continuing" is insufficient as a matter of law.

76.   In response to paragraph 76 of the complaint, admits that plaintiff purports to allege a pattern of racketeering activity and avers that this is a legal conclusion to which no responsive pleading is required.

77.   In response to paragraph 77 of the complaint, admits that plaintiff purports to allege a pattern of

- 17 -

racketeering activity and avers that this is a legal conclusion to which no responsive pleading is required.

78.   Admits that plaintiff alleges damages resulting from violations of the statutes referred to in paragraph 78 of the complaint, avers that this is a legal conclusion to which no responsive pleading is required, and further avers that plaintiff's failure to allege the nature of his business activities, to allege the nature of any interference with those activities, and to allege the nature of any injury occurring as a result of that interference each renders plaintiff's pleading insufficient as a matter of law.

**COUNT TWO**

79.   In response to paragraph 79 of the complaint, repeats his responses to paragraphs 1-62 and 64-78 of the complaint as if fully set forth at length herein.

80.   Denies as to him the allegations contained in paragraph 80 of the complaint, and denies knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 80 of the complaint.

81.   Denies as to him the allegations contained in paragraph 81 of the complaint, and denies knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 81 of the complaint.

82.   Admits that plaintiff purports to allege a conspiracy based on the statutes referred to in paragraph 82 of

the complaint, and avers that this is a legal conclusion to which
no responsive pleading is required.

83.   Admits that plaintiff alleges damages resulting
from a conspiracy in violation of the statutes referred to in
paragraph 83 of the complaint, avers that this is a legal
conclusion to which no responsive pleading is required, and
further avers that plaintiff's failure to allege the nature of
his business activities, to allege the nature of any interference
with those activities, and to allege the nature of any injury
occurring as a result of that interference each renders
plaintiff's pleading insufficient as a matter of law.

## COUNT THREE

84.   In response to paragraph 84 of the complaint,
repeats his responses to paragraphs 1-62 and 64-78 of the
complaint as if fully set forth at length herein.

85.   Admits that plaintiff purports to allege
violations of the statutes referred to in paragraph 85 of the
complaint, and avers that this is a legal conclusion to which no
responsive pleading is required.

86.   Admits that plaintiff alleges damages resulting
from violations of the statutes referred to in paragraph 86 of
the complaint, avers that this is a legal conclusion to which no
responsive pleading is required, and further avers that
plaintiff's failure to allege the nature of his business
activities, to allege the nature of any interference with those

- 19 -

activities, and to allege the nature of any injury occurring as a result of that interference each renders plaintiff's pleading insufficient as a matter of law.

### COUNT FOUR

87.  In response to paragraph 87 of the complaint, repeats his responses to paragraphs 1-62 and 64-78 of the complaint as if fully set forth at length herein.

88.  Denies as to him the allegations contained in paragraph 88 of the complaint, and denies knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 88 of the complaint.

89.  Denies as to him the allegations contained in paragraph 89 of the complaint, and denies knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 89 of the complaint.

90.  Admits that plaintiff purports to allege violations of the statutes referred to in paragraph 90 of the complaint, and avers that this is a legal conclusion to which no responsive pleading is required.

91.  Admits that plaintiff alleges damages resulting from violations of the statutes referred to in paragraph 91 of the complaint, avers that this is a legal conclusion to which no responsive pleading is required, and further avers that plaintiff's failure to allege the nature of his business activities, to allege the nature of any interference with those

- 20 -

activities, and to allege the nature of any injury occurring as a result of that interference each renders plaintiff's pleading insufficient as a matter of law.

## COUNT FIVE

92.   In response to paragraph 92 of the complaint, repeats his responses to paragraphs 1-62 and 64-78 of the complaint as if fully set forth at length herein.

93.   Denies as to him the allegations contained in paragraph 93 of the complaint, and denies knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 93 of the complaint.

94.   Admits that plaintiff alleges damages resulting from alleged invasions of privacy referred to in paragraph 94 of the complaint, avers that this is a legal conclusion to which no responsive pleading is required, and further avers that plaintiff's failure to allege the specific nature of any injury to his business and reputation and to allege any injury occurring within the State of Florida each renders plaintiff's pleading insufficient as a matter of law.

95.   In response to paragraph 95 of the complaint, admits that plaintiff purports to reserve a right to amend the complaint to seek punitive damages, avers that this is a legal conclusion to which no responsive pleading is required, and further denies any conduct which could sustain a claim for punitive damages.

- 21 -

## COUNT SIX

96.    In response to paragraph 96 of the complaint, repeats his responses to paragraphs 1-62 and 64-78 of the complaint as if fully set forth at length herein.

97.    Denies as to him the allegations contained in paragraph 97 of the complaint, and denies knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 97 of the complaint.

98.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the complaint.

99.    Denies as to him the allegations contained in paragraph 99 of the complaint, and denies knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 99 of the complaint, except that he admits that plaintiff purports to allege conversion of property and avers that this is a legal conclusion to which no responsive pleading is required.

100.    In response to paragraph 100 of the complaint, admits that plaintiff alleges damages resulting from the alleged conversion, avers that this is a legal conclusion to which no responsive pleading is required, and further avers that plaintiff's failure to identify specifically the allegedly converted property, to allege the value of said property, and to allege any connection between the property or the alleged injury

- 22 -

and the State of Florida each renders plaintiff's pleading
insufficient as a matter of law.

101.   In response to paragraph 101 of the complaint,
admits that plaintiff purports to reserve a right to amend the
complaint to seek punitive damages, avers that this is a legal
conclusion to which no responsive pleading is required, and
further denies any conduct which could sustain a claim for
punitive damages.

**COUNT SEVEN**

102.   In response to paragraph 102 of the complaint,
repeats his responses to paragraphs 1-62 and 64-78 of the
complaint as if fully set forth at length herein.

103.   Denies as to him the allegations contained in
paragraph 103 of the complaint, and denies knowledge or
information sufficient to form a belief as to the truth of all
other allegations contained in paragraph 103 of the complaint.

104.   In response to paragraph 104 of the complaint,
admits that plaintiff purports to allege tortious interference
with plaintiff's contracts, business and business opportunities,
avers that this is a legal conclusion to which no responsive
pleading is required, and further avers that plaintiff's failure
to identify specific contracts and business opportunities,
failure to identify the parties to any such specific contracts
and business opportunities, and failure to allege breach of any
such specific contracts or elimination of any such specific

- 23 -

business opportunities renders plaintiff's pleading insufficient as a matter of law.

105.   Denies as to him the allegations contained in paragraph 105 of the complaint, and denies knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 105 of the complaint.

106.   In response to paragraph 106 of the complaint, admits that plaintiff alleges damages resulting from the alleged tortious interference, avers that this is a legal conclusion to which no responsive pleading is required, and further avers that plaintiff's failure to identify specific contracts and business opportunities, failure to identify the parties to any such specific contracts and business opportunities, failure to allege breach of any such specific contracts or elimination of any such specific business opportunities, failure to allege the value of such specific contracts and specific business opportunities, and failure to allege any connection between the alleged interference, the specific contracts and specific business opportunities, or the injury and the State of Florida, each renders plaintiff's pleading insufficient as a matter of law.

107.   In response to paragraph 107 of the complaint, admits that plaintiff purports to reserve a right to amend the complaint to seek punitive damages, avers that this is a legal conclusion to which no responsive pleading is required, and

further denies any conduct which could sustain a claim for punitive damages.

### JURY DEMAND

108.  Admits that plaintiff demands a trial by jury of all issues so triable.

### FIRST AFFIRMATIVE DEFENSE

109.  Paragraphs 1 through 108 are hereby incorporated as though fully set forth at length herein.

110.  The complaint and each and all of the counts therein should be dismissed for failing to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

111.  Paragraphs 1 through 110 are hereby incorporated as though fully set forth at length herein.

112.  Defendant More does not reside or otherwise maintain a presence in the State of Florida.

113.  Defendant More owns no real property in the State of Florida.

114.  Although defendant More engaged defendants Robert Brown and Brown & Associates alone to perform investigating services, defendants' Robert Brown and Brown & Associates acted at all times as independent contractors.

115.  Defendant More has no other contacts with the State of Florida.

116.   The State of Florida is not a convenient place for the trial of this action.

117.   The complaint and each and all of the counts therein should be dismissed under the doctrine of forum non conveniens.

### THIRD AFFIRMATIVE DEFENSE

118.   Paragraphs 1 through 117 are hereby incorporated as though fully set forth at length herein.

119.   Some or all of the counts in the complaint should be dismissed because plaintiff fails to allege specific damages and fails to allege damage occurring within the State of Florida.

### FOURTH AFFIRMATIVE DEFENSE

120.   Paragraphs 1 through 119 are hereby incorporated as though fully set forth at length herein.

121.   The complaint and each and all of the counts therein should be dismissed because plaintiff fails to allege his reliance on any fraudulent or misleading conduct alleged in the complaint.

### FIFTH AFFIRMATIVE DEFENSE

122.   Paragraphs 1 through 121 are hereby incorporated as though fully set forth at length herein.

123.   Plaintiff's claims of injury to his reputation should be dismissed because plaintiff fails to allege special damages.

- 26 -

## SIXTH AFFIRMATIVE DEFENSE

124.   Paragraphs 1 through 123 are hereby incorporated as though fully set forth at length herein.

125.   Plaintiff's claims of injury to his reputation are barred and should be dismissed by virtue of the fact that the alleged injurious information was true.

## SEVENTH AFFIRMATIVE DEFENSE

126.   Paragraphs 1 through 125 are hereby incorporated as though fully set forth at length herein.

127.   Plaintiff's claims of injury to privacy are barred and should be dismissed by virtue of the fact that the plaintiff lacks standing, insofar as the information obtained belonged and related to a third party, who is not a party to this lawsuit.

## EIGHTH AFFIRMATIVE DEFENSE

128.   Paragraphs 1 through 127 are hereby incorporated as though fully set forth at length herein.

129.   Plaintiff's claims of tortious interference are barred and should be dismissed by virtue of plaintiff's failure to identify specific contracts or business opportunities and failure to identify the parties to any such specific contracts or business opportunities.

130.   Plaintiff's claims of tortious interference are barred and should be dismissed by virtue of plaintiff's failure

to allege breach or termination of any such specific contracts or elimination of any such specific business opportunities.

131.   Plaintiff's claims of tortious interference are barred and should be dismissed by virtue of plaintiff's failure to allege specific conduct of defendant More which caused the breach or termination of any such specific contracts or the elimination of any such specific business opportunities.

## NINTH AFFIRMATIVE DEFENSE

132.   Paragraphs 1 through 131 are hereby incorporated as though fully set forth at length herein.

133.   Plaintiff's claims are barred and should be dismissed by virtue of plaintiff's failure to plead the wrongs alleged in the complaint in sufficient detail and with sufficient particularity.

## TENTH AFFIRMATIVE DEFENSE

134.   Paragraphs 1 through 133 are hereby incorporated as though fully set forth at length herein.

135.   Some or all of the counts in the complaint should be dismissed as untimely and barred by the applicable statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

136.   Paragraphs 1 through 135 are hereby incorporated as though fully set forth at length herein.

- 28 -

137.   The complaint and each and all of the counts therein should be dismissed by virtue of the fact that other actions are pending.

### TWELFTH AFFIRMATIVE DEFENSE

138.   Paragraphs 1 through 137 are hereby incorporated as though fully set forth at length herein.

139.   The complaint and each and all of the counts therein should be dismissed under the doctrine of unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

140.   Paragraphs 1 through 139 are hereby incorporated as though fully set forth at length herein.

141.   Plaintiff is not entitled to compensatory and punitive damages on some or all of his claims, nor is he entitled to a trial by jury on said claims.

### FOURTEENTH AFFIRMATIVE DEFENSE

142.   Paragraphs 1 through 141 are hereby incorporated as though fully set forth at length herein.

143.   Some or all of the counts in the complaint should be dismissed because defendant More lacked any intent to defraud.

### FIFTEENTH AFFIRMATIVE DEFENSE

144.   Paragraphs 1 through 143 are hereby incorporated as though fully set forth at length herein.

145.   Some or all of the counts in the complaint should be dismissed because defendant More at all times acted in good faith, faithfully and diligently performing certain tasks in

- 29 -

furtherance of a confidential investigation into possible dishonest and irregular conduct involving TLO employees, including illegal payments to TLO employees from various entities including non-parties Drax Holdings Limited in Bermuda and Lorad Far East Limited, and possibly related entities.

**WHEREFORE**, defendant Christopher More demands judgment

(1)   dismissing the complaint and each and every claim for relief therein as to defendant More,

(2)   awarding defendant More's costs and disbursements of this action, including reasonable attorney's fees, and

(3)   granting such other and further relief as the Court deems just and proper.

Dated:   April 17, 1998
         New York, New York

Respectfully submitted,

LANKLER SIFFERT & WOHL LLP
500 Fifth Avenue--33rd Floor
New York, New York 10110-3398
Telephone:  212-921-8399
Facsimile:  212-764-3701

Counsel for
defendant Christopher More

By:   John S. Siffert

_____

and

- 30 -

BIENSTOCK & CLARK
First Union Financial Center
200 South Biscayne Boulevard
Suite 3160
Miami, Florida 33131-2367
Telephone: 305-373-1100
Facsimile: 305-358-1226

Local counsel for
defendant Christopher More

By:   Jaime A. Bianchi, Esq.
      Florida Bar No. 908533

_Jaime Bianchi_

Certificate of Service

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing
Amended Answer of Defendant Christopher More to be served this _21st_ day of April 1998 by
**U.S. Mail to**:

David Jaroslawicz, Esq., Jaroslawicz & Jaros, Esqs., 150 William Street, 19th Floor, New
York, New York 10038, counsel for plaintiff Douglas Leese;

Isaac M. Jaroslawicz, Esq., 9540 Collins Avenue, Surfside, Florida 33154, co-counsel for
plaintiff Douglas Leese;

Roger B. Butcher, Esq., Benitez & Butcher, P.A., 1223 East Concord Street, Orlando,
Florida 32803, counsel for defendants Robert Brown and Associates, Inc. and Robert Brown

Ronald P. Ponzoli, Esq., Ponzoli, Wassenberg & Sperkacz, P.A., Roland/Continental Plaza,
3250 Mary Street, Suite 302, Miami, Florida 33133, co-counsel for defendants Robert Brown
and Associates, Inc. and Robert Brown; and

William G. Salim, Jr., Esq., Moskowitz, Mandell & Salim, P.A., 800 Corporate Drive,
Suite 510, Fort Lauderdale, Florida 33334, counsel for defendant Action Autoline, Inc. d/b/a
Action Research Group.


_Jaime Bianchi_
Jaime A. Bianchi, Esq.