NIGHT BOX
FILED
MAY 22 1998

CARLOS JUENKE
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

-----------------------------------------------------------------X
DOUGLAS LEESE,

           Plaintiff,

           -against-

LADY GRANTCHESTER, JAMES SUENSON-TAYLOR, JOHN MOORES, JOHN D. NETTLETON, LEONARD WAILING VAN GEEST, NETWORK SECURITY MANAGEMENT LIMITED, JAMES J. RAPP a/k/a/ DANIEL PEEL, CHRISTOPHER MORE, COMMERCIAL DATA SERVICES LIMITED, WINTER INFORMATION NETWORK CORP., ACTION AUTOLINE, INC. d/b/a ACTION RESEARCH GROUP, BROWN AND ASSOCIATES, INC., ROBERT BROWN, ALISTAIR BROWN, and BERMUDA RESEARCH SERVICES LIMITED,

           Defendant
-----------------------------------------------------------------X

97 Civ. 1910-CIV-LENARD
Magistrate Judge Dube

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANT MORE'S MOTION TO DISMISS OR FOR RECONSIDERATION

### PRELIMINARY STATEMENT

The plaintiff respectfully submits this memorandum of law in opposition to the frivolous motion to dismiss or for reconsideration brought on by the defendant More. This motion appears to have been made solely for the purpose of delay to seek to justify once again Mr. More not appearing for a properly noticed deposition. What makes it

perfectly clear that this motion was intended to create delay is that only one motion to dismiss is permitted under Rule 12(h), precisely to avoid this type of piecemeal motion practice where a defendant brings on successive motions to dismiss.

This memorandum of law is being submitted after the usual time for submitting opposition papers because the motion was routed by a legal assistant to an attorney, Robert Tolchin, who was at the time away for three weeks on his honeymoon and who only returned after the time for submitting opposition papers had expired. Plaintiff had no reason to expect that any additional motion to dismiss would be made as Rule 12(h) only permits one such motion. It is thus respectfully requested that the plaintiff be permitted to submit this short memorandum of law in opposition to the defendant's motion..

We have contacted defense counsel for Mr. More to request consent for an extension of time to submit opposition papers. Defense counsel Robert Quinn, Esq. advised that he would have to discuss the matter with other attorneys and would only be able to give a response late in the day on Tuesday May 26, 1998. Rather than wait that long, we have decided to immediately submit this memorandum and ask the Court to consider it.

### ARGUMENT

### THE DEFENDANT MORE'S MOTION IS FRIVOLOUS AND SHOULD BE DENIED AS THIS COURT CONTINUES TO HAVE JURISDICTION OVER THESE DEFENDANTS PURSUANT TO 28 U.S.C. § 1367(a)

The defendant More's motion essentially argues that because the plaintiff's RICO claims were dismissed as against Mr. More, and because there is no diversity jurisdiction with respect to Mr. More, this Court allegedly has no subject matter jurisdiction over this case.

Defense counsel completely ignores 28 U.S.C. § 1367(a), which provides for continued subject matter jurisdiction in this case even though the RICO claims were dismissed as against this defendant.

28 U.S.C. § 1367(a) provides in relevant part as follows:

> the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

There is thus no question that this Court has jurisdiction over the plaintiff's pendant state law claims. The state law claims indisputably arise out of the same factual allegations and the same transactions and occurrences as the federal RICO claim.

Because there was initially federal question jurisdiction, this Court continues under § 1367(a) to have jurisdiction over the pendant state law claims even though the federal claims as against this defendant have been dismissed. Clearly, defense counsel's argument that there is allegedly no basis for this Court to have jurisdiction is wrong.

It is true, though, that this Court does have discretion not to exercise jurisdiction under certain circumstances. "Whether actually to decide the pendant claims is a matter left to the sound discretion of the district court, guided by the factors enumerated in 28 U.S.C. § 1367(c)," *Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1265-66 (D.C. Cir. 1995).

In deciding the defendant More's earlier motion to dismiss, this Court implicitly decided to exercise supplemental jurisdiction over the plaintiff's state law claims. Defense counsel had made the same arguments that the state law claims ought to be dismissed, yet this Court dismissed only the RICO claims and allowed the plaintiff to proceed on the state law claims. This court ought not disturb its decision, which was a sound application of this Court's discretion.

In this case, this court has already expended substantial time on this case and there are other parties involved against whom this case will proceed even if the claims against More were dismissed. Additionally, there is every reason to believe that it would be exceedingly difficult to serve the defendant More with process issued by a state court if this court were to dismiss the state court claims against More.

Under these circumstances, this Court properly exercised its discretion not to dismiss the plaintiff's state law claims and to allow the plaintiff's state law claims to proceed.

## CONCLUSION

For the reasons set forth herein, More's motion should be denied in all respects, and the Court should direct discovery to proceed immediately.

The Court should either schedule a discovery conference or direct a firm date by which Mr. More must appear for a deposition or have his answer stricken.

Dated: New York, New York
May 22, 1998

Respectfully submitted,

JAROSLAWICZ & JAROS, ESQS.
*Attorneys for the plaintiff*

David Jaroslawicz

150 William Street, 19th floor
New York, New York 10038
(212) 227-2780

ISAAC M. JAROSLAWICZ, ESQ.
*Local counsel for the plaintiff*

Isaac M. Jaroslawicz

9540 Collins Avenue
Surfside, Florida 33154
(305) 864-5553

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK )

DAVID JAROSLAWICZ, being duly sworn, deposes and says:

That she is over the age of eighteen years of age; is not a party to this action; and is employed by the attorney for the defendant(s) herein. That on the 22nd day of May, 1998 she served the within:

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION

upon the following, at the address(es) designated by said attorney(s) for that purpose by depositing a true copy of same eclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of United States Postal Service within the State of New York:

(by fax at 212 764-3701 and mail)
Lankler Siffert & Wohl LLP
500 Fifth Avenue, 33rd Floor
New York, New York 10110

Benitez & Butcher, P.A.
1223 East Concord Street
Orlando, Florida 32803

Ponzoli, Wassanberg, & Sperkacz
302 Roland/Continental Plaza
3250 Mary Street, Suite 302
Miami, Florida 33133

Moskowitz, Mandell & Salim, P.A.
800 Corporate Drive, Suite 510
Fort Lauderdale, Florida 33334

Bienstock & Clark
First Union Financial Center
200 South Biscayne Bouilvard
Suite 3160
Miami, Florida 33131

_____
DAVID JAROSLAWICZ

Sworn to me before this
22nd day of May, 1998

_____
Notary Public

ROBERT J. TOLCHIN
Notary Public, State of New York
No. 02TO5019706
Qualified in Westchester County
Commission Expires Nov. 1, 19__