## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| DOUGLAS LEESE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 97-1910-CIV-LENARD |
| v. | ) Magistrate Judge Dube |
| | ) |
| LADY GRANCHESTER, JAMES | ) |
| SUENSON-TAYLOR, JOHN MOORES, | ) |
| JOHN D. NETTLETON, LEONARD | ) |
| WAILING VAN GEEST, NETWORK | ) |
| SECURITY MANAGEMENT LIMITED | ) |
| JAMES J. RAPP a/k/a DANIEL | ) |
| PEEL, CHRISTOPHER MORE, | ) |
| COMMERCIAL DATA SERVICES | ) |
| LIMITED, WINTER INFORMATION | ) |
| NETWORK CORP., ACTION | ) |
| AUTOLINE, INC., d/b/a ACTION | ) |
| RESEARCH GROUP, BROWN AND | ) |
| ASSOCIATES, INC., ROBERT | ) |
| BROWN, ALISTAIR BROWN, and | ) |
| BERMUDA RESEARCH SERVICES, | ) |
| LIMITED, | ) |
| | ) |
| Defendants. | ) |
| | ) |

NIGHT BOX
FILED
JUN 0 1 1998
CARLOS JUENKE
CLERK, USDC / SDFL / MIA

### Defendant Christopher More's Reply Memorandum of Law in Support of his Motion to Dismiss for Lack of Subject Matter Jurisdiction and, in the alternative, for Reconsideration

## TABLE OF CONTENTS

|  | Page |
|---|---|
| Table of Cases | ii |
| Preliminary Statement | 1 |
| Argument | 2 |
|     1. There is no diversity jurisdiction. | 2 |
|     2. It would be an abuse of discretion for the Court to exercise its supplemental jurisdiction in this case. | 2 |
| Conclusion | 4 |

## TABLE OF CASES

                               Page

Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342 (11th Cir. 1997) .......... 3

Baker v. Heller, 571 F. Supp. 419 (S.D. Fla. 1983) ............................ 3

Carnegie-Mellon University v. Cohill, 484 U.S. 343, 108 S. Ct. 614 (1988) .......... 3

Edmondson & Gallagher v. Alban Towers Tenants Assn, 48 F.3d 1260
  (D.C. Cir. 1995) ................................................. 3-4

Eubanks v. Gerwen, 40 F.3d 1157, 1161-62 (11th Cir. 1994) .................... 3

Faucher v. Rodziewicz, 891 F.2d 864 (11th Cir. 1990) ......................... 3

Hardy v. Birmingham Board of Education, 954 F.2d 1546 (11th Cir. 1992) .......... 3

McKenzie v. Doctor's Hospital of Hollywood, Inc., 765 F. Supp. 1504
  (S.D. Fla. 1991), aff'd, 974 F.2d 1347 (11th Cir. 1992) ................. 3

Ray v. Tennessee Valley Authority, 677 F.2d 818 (11th Cir. 1982),
  cert. denied, 459 U.S. 1147, 103 S. Ct. 788 (1983) ..................... 3

Rice v. Branigar Organization, Inc., 922 F.2d 788 (11th Cir. 1991) ................ 3

Rios v. Navarro, 766 F. Supp. 1158 (S.D. Fla. 1991) ........................... 3

## PRELIMINARY STATEMENT

Mr. More filed the current motion to dismiss or for reconsideration on May 1, 1998. Plaintiff's opposition to the motion, if any, was due on or before May 15, 1998. Counsel for Mr. More did not receive any opposition papers and on May 22, 1998 filed with the Court a Notice of Unopposed Motion. Only after the Notice had been served and filed did counsel for plaintiff serve opposition papers. Plaintiff's opposition papers therefore are untimely. The Court could grant Mr. More's motion on that basis alone. See S.D. Fla. Local R. 7.1C.

Even if the Court accepts plaintiff's untimely papers, the Court should grant Mr. More's motion because (1) there is no diversity jurisdiction, and (2) it would be an abuse of discretion for the Court to exercise its supplemental jurisdiction in this case.[1]

---

[1] Plaintiff admits that his opposition papers are untimely. See Pl.'s Opp. Mem. at 2 (admitting that the memorandum was "submitted after the usual time for submitting opposition papers"). In requesting permission to file untimely papers, counsel for plaintiff explain to the Court that they "had no reason to expect that any additional motion to dismiss would be made," and that "the motion was routed by a legal assistant to an attorney, Robert Tolchin, who was at the time away for three weeks on his honeymoon and who only returned after the time for submitting opposition papers had expired." Pl.'s Opp. Mem. at 2. The exhibits attached to Mr. More's motion show that counsel's explanation makes no sense.

Exhibit 1 is an April 28, 1998 letter sent by fax and overnight mail to David Jaroslawicz, counsel for plaintiff, and by fax to Isaac Jaroslawicz, local counsel for plaintiff. The letter informed them that Mr. More would move for reconsideration and dismissal of all claims and that, given the constraints of Fed. R. Civ. P. 59(e), the motion would be filed promptly. Exhibit 2 is David Jaroslawicz's April 29, 1998 letter in response (which he also sent to Isaac Jaroslawicz), indicating that he received and read the April 28, 1998 letter. Therefore, contrary to their explanation to the Court, both David and Isaac Jaroslawicz had every reason to expect that Mr. More would file a motion on or about May 1, 1998.

## ARGUMENT

1. <u>There is no diversity jurisdiction.</u>

In his original moving papers, Mr. More asked the Court to reconsider its finding of diversity jurisdiction. See Def.'s Mem. at 1-3, 6-7. In his opposition papers, plaintiff does not dispute Mr. More's showing that there is no diversity jurisdiction. Mr. More therefore respectfully requests that the Court grant his motion for reconsideration and amend its Order to dismiss the state law claims against him.

2. <u>It would be an abuse of discretion for the Court to exercise its supplemental jurisdiction.</u>

In the alternative, Mr. More respectfully requests that the Court grant his motion to dismiss the complaint in its entirety for lack of subject matter jurisdiction.

Without the RICO claim and without complete diversity, there is no basis for original jurisdiction. Contrary to plaintiff's claim that Mr. More "completely ignores" the Court's supplemental jurisdiction, see Pl.'s Opp. Mem. at 3, Mr. More acknowledged in his moving papers that the exercise of supplemental jurisdiction is generally within the district

---

Exhibit 3 to Mr. More's motion is an April 30, 1998 letter from counsel for Mr. More which was faxed to David Jaroslawicz, together with a copy of Mr. More's moving papers. An additional copy of the moving papers was sent to David Jaroslawicz by overnight mail. A copy of the April 30, 1998 letter was also faxed to Isaac Jaroslawicz, who also was sent a copy of the motion papers by mail to his Florida office. Counsel for plaintiff therefore received three copies of the motion papers at two different offices: one by fax to their New York office; one by overnight mail to their New York office; and one by regular mail to their Florida office. Counsel for plaintiff fail to explain how they could be unaware of all three copies of the motion, or how all three copies could have been routed to Mr. Tolchin during his alleged absence.

Given the inconsistencies in counsel's explanation, it would be appropriate for the Court to reject plaintiff's papers. If the Court determines that counsel for plaintiff have attempted to mislead the Court, sanctions may be appropriate.

court's discretion, but argued that it would be an abuse of that discretion for the Court to retain plaintiff's state law claims in this case. Mr. More cited supporting authority from the United States Supreme Court, Eleventh Circuit, and Southern District of Florida. See Def.'s Mem. at 4-6.[2] Plaintiff's opposition papers do not rebut, or even discuss, any of the authority cited.

In fact, the only case cited in plaintiff's opposition papers squarely supports Mr. More's showing that it would be an abuse of discretion for the Court to exercise its supplemental jurisdiction. Plaintiff cites Edmondson & Gallagher v. Alban Towers Tenants Ass'n, 48 F.3d 1260 (D.C. Cir. 1995). As in this case, the district court in Edmondson dismissed a RICO claim that provided the only basis for original jurisdiction because the plaintiff had failed to satisfy the "pattern" pleading requirement. The district court in Edmondson then did what plaintiff Leese urges here and retained state law claims under its supplemental jurisdiction. On appeal, however, the District of Columbia Circuit--in the opinion cited by counsel for plaintiff Leese--explicitly stated that the district court had abused its discretion:

---

[2] Citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, 108 S.Ct. 614, 619 (1988); Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1353 (11th Cir. 1997); Eubanks v. Gerwen, 40 F.3d 1157, 1161-62 (11th Cir. 1994); Hardy v. Birmingham Bd. of Educ., 954 F.2d 1546, 1553 (11th Cir. 1992); Rice v. Branigar Organization, Inc., 922 F.2d 788, 792 (11th Cir. 1991); Faucher v. Rodziewicz, 891 F.2d 864, 872 (11th Cir. 1990); Ray v. Tennessee Valley Authority, 677 F.2d 818, 825 (11th Cir. 1982), cert. denied, 459 U.S. 1147, 103 S.Ct. 788 (1983); Baker v. Heller, 571 F. Supp. 419, 421 (S.D. Fla. 1983); Rios v. Navarro, 766 F. Supp. 1158, 1162 (S.D. Fla. 1991); McKenzie v. Doctor's Hospital of Hollywood, Inc., 765 F. Supp. 1504, 1508 (S.D. Fla. 1991), aff'd, 974 F.2d 1347 (11th Cir. 1992). Mr. More also cited cases from courts in the First, Second, Fourth, Sixth, and Tenth Circuits. See Def.'s Mem. at 5-6.

> We affirm the district court's dismissal of plaintiff's RICO claims, because we find that the single scheme alleged . . . fails to meet RICO's requirement of a "pattern of racketeering activity". <u>After the district court dismissed the federal claims, however, it abused its discretion by reaching the merits of the local-law claims</u>.

Edmondson, 48 F.3d at 1263 (emphasis added). Plaintiff therefore not only has failed to refute the authority cited by Mr. More, but has failed to cite even a single contrary authority.

Finally, plaintiff has failed to show that this case presents any unusual circumstances. <u>Cf.</u> Def.'s Mem. at 6. Instead plaintiff makes only vague assertions of judicial and procedural economy. <u>See</u> Pl.'s Opp. Mem. at 4. Contrary to those assertions, (i) the Court has not yet reached the merits of plaintiff's claims, and should not at this early stage devote its resources to purely state law issues; (ii) this case will not proceed against any parties if the Court grants Mr. More's motion to dismiss; and (iii) there is no evidence in the record to suggest that the normal avenues for service of process in a state court action are inadequate. Mr. More therefore respectfully suggests that under the current circumstances, dismissal is the only appropriate course.

## CONCLUSION

For the reasons set forth above and in his initial moving papers, defendant Christopher More respectfully requests that the Court (i) grant his motion for reconsideration pursuant to Rule 59(e) and dismiss the state law claims against him, or in the alternative, (ii)

grant his motion pursuant to Rule 12(h)(3) and dismiss the complaint in its entirety for lack of subject matter jurisdiction.

Dated:     May 28, 1998
               New York, New York

Respectfully submitted,

LANKLER SIFFERT & WOHL LLP
500 Fifth Avenue--33rd Floor
New York, New York 10110-3398
Telephone: 212-921-8399
Facsimile: 212-764-3701
Counsel for defendant Christopher More
By:   John S. Siffert, Esq.
       Robert J. Quinn, Esq.

BIENSTOCK & CLARK
First Union Financial Center
200 South Biscayne Blvd.--Suite 3160
Miami, Florida 33131-2367
Telephone: 305-373-1100
Facsimile: 305-358-1226
Local counsel for
  defendant Christopher More
By:   Jaime A. Bianchi, Esq.
       Florida Bar No. 908533

## Certificate of Service

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing <u>Defendant Christopher More's Reply Memorandum of Law in Support of his Motion to Dismiss for Lack of Subject Matter Jurisdiction and, in the alternative, for Reconsideration</u> to be served this 28th day of May 1998 **by facsimile and U.S. Mail to**:

David Jaroslawicz, Esq., Jaroslawicz & Jaros, Esqs., 150 William Street, 19th Floor, New York, New York 10038, counsel for plaintiff Douglas Leese;

Isaac M. Jaroslawicz, Esq., 9540 Collins Avenue, Surfside, Florida 33154, co-counsel for plaintiff Douglas Leese;

Roger B. Butcher, Esq., Benitez & Butcher, P.A., 1223 East Concord Street, Orlando, Florida 32803, counsel for defendants Robert Brown and Associates, Inc. and Robert Brown;

Ronald P. Ponzoli, Esq., Ponzoli, Wassenberg & Sperkacz, P.A., Roland/Continental Plaza, 3250 Mary Street, Suite 302, Miami, Florida 33133, co-counsel for defendants Robert Brown and Associates, Inc. and Robert Brown; and

William G. Salim, Jr., Esq., Moskowitz, Mandell & Salim, P.A., 800 Corporate Drive, Suite 510, Fort Lauderdale, Florida 33334, counsel for defendant Action Autoline, Inc. d/b/a Action Research Group.

Robert J. Quinn, Esq.