UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA


CASE NO. 97-1910-CIV-LENARD

FILED by _____ D.C.

JUN 0 1 1998

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

DOUGLAS LEESE,

            Plaintiff,


vs.                             ORDER GRANTING DEFENDANT'S
                                MOTION FOR RECONSIDERATION


LADY GRANCHESTER, JAMES
SUENSON-TAYLOR, JOHN MOORES,
JOHN D. NETTLETON, LEONARD
WAILING VAN GEEST, NETWORK
SECURITY MANAGEMENT LIMITED,
JAMES J. RAPP a/k/a DANIEL PEEL,
CHRISTOPHER MORE, COMMERCIAL
DATA SERVICES LIMITED, WINTER
INFORMATION NETWORK CORP., ACTION
AUTOLINE, INC. d/b/a ACTION RESEARCH
GROUP, ROBERT BROWN, ALISTAIR
BROWN, and BERMUDA RESEARCH
SERVICES LIMITED,

            Defendants.
_____/

1



THIS CAUSE comes before this Court upon Defendant Christopher More's motion for reconsideration (D.E. 99).

On June 19, 1997, Plaintiff Leese filed in this Court an action against Defendants Lady Granchester (Granchester), James Suenson-Taylor (Suenson-Taylor), John Moores (Moores), John Nettleton (Nettleton), Leonard Waling Van Geest (Van Geest), Network Security Management Limited (Network), Christopher More (More), Commercial Data Services Limited (Commercial Data), James Rapp (Rapp), Winter Information Network Corporation (Winter Information), Action Research Group (Action Research), Brown & Associates (B & A), Robert Brown (Brown), Alistair Brown (Alistair) and Bermuda Research Services Limited (Bermuda Research), asserting claims for violations of federal and Florida state RICO statutes (counts I, II, III, IV), invasion of privacy (count V), conversion (count VI) and tortious interference with business (count VII).  On January 8, 1998, this Court dismissed Defendants Granchester, Suenson-Taylor, Moores, Nettleton, and Van Geest from this lawsuit.  Subsequently, in an order dated April 20, 1998, the Court dismissed Plaintiff's RICO claims (counts I, II, III and IV), but indicated that it did not have the authority under 28 U.S.C. §1367(c)(3) to decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims for invasion of privacy (count V), conversion (count

2

VI), and tortious interference with business (count VII).

On May 1, 1998, More requested the Court to reconsider its decision regarding Plaintiff's state law claims. A successful motion for reconsideration must demonstrate one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice. McDonough v. American Intern. Corp., 905 F. Supp. 1016, 1023 (M.D. Fla. 1995) (citing Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986)).

Pursuant to 28 U.S.C. §1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if -- (3) the district court has dismissed all claims over which it has original jurisdiction." In its April 20, 1998 order, the Court concluded that it did not have authority under this statute to refuse to exercise supplemental jurisdiction over Plaintiff's state law claims, because the Court continues to have original jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1332.

Pursuant to 28 U.S.C. §1332(a):

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between --

. . . .

(3) citizens of different States and in which citizens or subjects of a

3

foreign state are additional parties.

More submits that, under this statute, there is no diversity of citizenship between the parties in the instant case. Courts have concluded that diversity of citizenship cannot exist under §1332(a)(3) if a foreign citizen sues a United States citizen along with other foreign citizens, because the rule of complete diversity requires each defendant to be a citizen of a state different from that which each plaintiff is a citizen. See Ed and Fred, Inc. v. Puritan Marine Insurance Underwriters Corp., 506 F.2d 757, 758 (5th Cir. 1975); Camper & Nicholsons International Ltd. v. Blonder Marine & Charter, Inc., 793 F. Supp. 318, 320-21 (S.D. Fla. 1992).

In the instant case, Plaintiff, a citizen of St. Vincent, is a foreign citizen, and remaining Defendants Commercial Data, an Isle of Jersey citizen, and Bermuda Research, a citizen of Bermuda, are both foreign citizens. Complaint, ¶ 23 & ¶ 34. The parties in this action are thus not sufficiently diverse under 28 U.S.C. §1332(a)(3).[1] Consequently, the Court does not have original jurisdiction over Plaintiff's remaining state law claims.[2] Pursuant to 28 U.S.C. §1367(c)(3), it

-----

[1]More alleges that he is a British citizen, despite the suggestion in Plaintiff's complaint that he is a citizen of Florida. Complaint, ¶21. Regardless, diversity of citizenship is destroyed by the existence of at least two other foreign citizens, Commercial Data and Bermuda Research.

[2]To the extent that it concluded the contrary in its April 20, 1998 order, the Court made a clear error of law.

4

therefore possesses the power to refuse to exercise supplemental jurisdiction over those claims. More invites the Court to exercise its power of refusal.

In <u>Mine Worker v. Gibbs</u>, 383 U.S. 715, 86 S.Ct. 1130 (1966), the Supreme Court explained that in deciding whether to exercise supplemental jurisdiction over pendent state law claims a district court should consider judicial economy, convenience, fairness and comity. The Supreme Court subsequently recognized "that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims." <u>Carnegie-Mellon v. Cohill</u>, 484 U.S. 343, 350, 108 S.Ct. 614, 619, n. 7 (1988) (citing <u>Rosado v. Wyman</u>, 397 U.S. 397, 403-5, 90 S.Ct. 1207, 1213-14 (170)).

In the instant case, the Court has dismissed all Plaintiff's federal claims on a motion to dismiss, and the lawsuit is still its early stages. Consequently, the Court will invoke its authority under 28 U.S.C. §1367(c)(3) to decline to exercise supplemental jurisdiction over Plaintiff's state law claims for invasion of privacy, conversion and tortious interference with business.[3] Accordingly, it is hereby

---

[3]Appellate review of such a decision of a district court is for abuse of discretion. <u>Engelhardt, M.D. v. Paul Revere Life Insurance Company</u>, 1998 WL

ORDERED AND ADJUDGED that Defendant More's motion for reconsideration be GRANTED.  Plaintiff's complaint is therefore DISMISSED without prejudice, and the Clerk of Court is directed to close this case.

DONE AND ORDERED in Chambers, at Miami, Florida on this ___/___ day of June, 1998.

 

 

Joan A. Lenard
United States District Judge

cc:    Robert J. Quinn, Esq.
       David Jaroslawicz, Esq.
       Roger B. Butcher, Esq.
       Ronald P. Ponzoli, Esq.
       William G. Salim, Esq.

---

201432, *3, n. 4 (11th Cir.).